FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AF-5977

(Inmate Number)

RICHARD WOJTCZAK

(Name of Plaintiff)

1100 PIKE STREET

(Address of Plaintiff)

HUNTINGDON, PA 16654-1112

vs.

PA DEPT. OF CORRECTIONS;
JEFFERY A. BEARD, Ph.D.;
KENNETH KYLER;
PATRICIA YARGER;
ROGER KIMBER, M.D.;
PATTY EVERHART;
SCOTT WALTERS.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**1: CV 01-1163**

(Case Number)

COPY

COMPLAINT

CLAIM UNDER:

AMERICANS WITH DISABILITIES
ACT of 1990 & REHABILITATION
ACT of 1973

TO BE FILED UNDER: __X__ 42 U.S.C. § 1983 - STATE OFFICIALS

_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  Previous Lawsuits

A.  If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

Wojtczak v. Cuyler, 480 F.Supp. 1288 (E.D.Pa. 1979)(J. Becker)

Civil Action against SCI Huntingdon (M.D.Pa. 1980)

Civil Action against Montgomery County Prison PA (1980)

Civil Action against Holmesburg Prison, Phila. PA (1980)

II.  Exhaustion of Administrative Remedies

A.  Is there a grievance procedure available at your institution?
    __X__ Yes  _____ No

B.  Have you filed a grievance concerning the facts relating to this complaint?
    _____ Yes  __X__ No

    If your answer is no, explain why not  do not have to exhaust administrative

    remedies for Americans With Disabilities Act - Rehabilitation Act

C.  Is the grievance process completed?  _____ Yes  _____ No  N/A

III.  Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use Item B for the names, positions and places of employment of any additional defendants.)

A.    Defendant —_____ See pages 5 to 7 _____ is employed

as _____ at _____

B.    Additional defendants_____ See pages 5 to 7 _____

_____

_____

_____

IV.  Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

1.    _____ See pages 7 to 14 _____

_____

_____

_____

2.    _____

_____

_____

_____

3.    _____

_____

_____

_____

V    Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. _____ See pages 19 - 20 _____
_____

2. _____
_____

3. _____
_____

Signed this ___11___ day of ___June___, __2001__.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

___6-11-01___
(Date)

_____
(Signature of Plaintiff)

## JURISDICTION OF THE COURT

Your Plaintiff, Richard Wojtczak, is properly before this Court with a claim under the Americans Disabilities Act of 1990, Title I, II, eff. Jan. 1992 and Rehabilitation Act with a 42 U.S.C.A. § 1983 Civil Action Complaint, 42 U.S.C. § 12101 et seq., and Plaintiff does not have to exhaust administrative remedies.  See Roe v. County Com'n of Monongalia County, 926 F.Supp. 74, 76-77 (N.D.W.Va. 1996); Bledsoe v. Palm Beach Cty. Soil & Water Conserv., 133 F.3d 816, 824-825 (11th Cir. 1998); Dertz v. City of Chicago, 912 F.Supp. 319, 323-325 (N.D.Ill. 1995); Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 118 S.Ct. 1952 (1998); Nolan v. Wheatley, 835 F.Supp. 476, 482 (N.D.Ind. 1993); Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990); Harris v. Thigpen, 941 F.2d 1495, 1521-1522 (11th Cir. 1991); Bonner v. Lewis, 857 F.2d at 561-564; Finley v. Giacoffe, 827 F.Supp. 215, 219 n.3 (S.D.N.Y. 1993).  28 U.S.C. §§ 1331, 1343; Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391(b); 42 U.S.C. § 12101 et seq..



## INTRODUCTION

Your Plaintiff, Richard Wojtczak, respectfully submits to this Honorable Court that he is a qualified individual with disabilities.

All defendants were at all times material to this action "employees" of the Penna. Dept. of Corrections (DOC), and/or "sub-contractors" employed by the Penna. Dept. of Corrections (DOC).

All defendants did, under color of State law and in consort with each other, violate Plaintiff's rights guaranteed by the 8th and 14th Amendments of the U.S. Constitution . . . and Plaintiff's rights as contained in the Americans with disabilities Act of 1990, the Rehabilitation Act . . . Titles I, II; 42 U.S.C. § 12101 et seq. . . . with deliberate indifference, and acted wantonly with gross disregard to the serious life threatening medical conditions of the Plaintiff as to cause unnecessary and wanton infliction of pain and suffering upon your disabled Plaintiff.

## PARTIES

1. Defendant Penna. Dept. of Corrections, official who supervised the defendants who mistreated Plaintiff, who was supposed to know what was going on and keep it from happening. P.O. Box 2520 Lisburn Rd., Camp Hill, Pa. 17001-0598.

2. Defendant Jeffery A. Beard, Ph.D., Secretary Penna. Dept. of Corrections, P.O. Box 598, 2520 Lisburn Rd., Camp Hill, Pa. 17001-0598, Official who supervised other defendants who mistreated Plaintiff, who was supposed to know what was going on and keep it

- 5 -

from happening.

3. Defendant <u>Kenneth Kyler</u>, Superintendent of the State
Correctional Institution at Huntingdon, Penna. (SCIH), 1100 Pike
Street, Huntingdon, PA 16652.  Official who supervised other
defendants who mistreated Plaintiff.

4. Defendant <u>P. Yargar</u>, Corrections Health Care Administrator,
State Correctional Institution at Huntingdon, Penna. (SCIH), 1100
Pike Street, Huntingdon, PA 16652.  Official who approves, or
denies, treatment to inmates, who also supervised other defendants
that mistreated Plaintiff.

5. Defendant <u>Roger Kimber, M.D.</u>, Medical Director, State
Correctional Institution at Huntingdon. Penna. (SCIH), 1100 Pike
Street, Huntingdon, PA 16652.  Official who prescribes and delivers
treatment to inmates who also participated with other defendants
that mistreated Plaintiff.

6. Defendant <u>P. Everhart</u>, Nurse Supervisor, State Correctional
Institution at Huntingdon, Penna. (SCIH), 1100 Pike Street,
Huntingdon, PA. 16652.  Official who supervises treatment delivered
to inmates, who also participated with other defendants that
mistreated Plaintiff.

7. Defendant <u>Scott Walters</u>, Unit Manager of BA Block, State

Correctional Institution at Huntingdon, Penna. (SCIH), 1100 Pike Street, Huntingdon, PA 16652.  Official who supervises and coordinates treatment delivered to inmates, who also participated with other defendants that mistreated Plaintiff.

## STATEMENT OF CLAIM

8.  Plaintiff, Richard Wojtczak, is an incarcerated inmate at the State Correctional Institution at Huntingdon, Penna., Penna. Department of Corrections System. (SCIH).

9.  Plaintiff is a qualified individual with disabilities. Plaintiff suffers from a chronic, degenerating bone disease in both knees, hips, and disc in spine.  This chronic disease is an incurable medical condition.

10.  Even with the use of a cane, it is extremely difficult and painful for Plaintiff to walk long distances, walk for any length of time, standing for any length of time.  It is extremely painful for Plaintiff to walk up and down stairs.

11.  Plaintiff is an insulin dependant diabetic, taking 3 injections of insulin per day, 260 units per day.  Plaintiff must eat at least 3 meals per day in order to achieve the insulin-food balance required to keep his diabetes under control.

- 7 -

12. <u>Food</u>, eating at least <u>3 meals per day</u> along with <u>taking insulin</u> is <u>part of the treatment of diabetes</u>.

13. Plaintiff also seffers from a <u>cyst condition</u>.  Plaintiff needs to <u>shower</u> regularly as part of the treatment for this <u>cyst</u> condition.  <u>Cysts</u> occur on <u>face and scalp</u> (and other areas), that get very large, are painful, and turn to open sores with a dischage. <u>Cysts</u> cause disfigurement with scarring.

14. Plaintiff also has <u>respiratory conditions</u>, "Chronic Obstructive Pulmonary Disease" (COPD), <u>shortness of breath</u>, <u>high blood pressure</u>, and some <u>emphysema</u>.

15. All of these medical conditions of the Plaintiff are well documented in Plaintiff's medical records at SCIH.  All of the defendants are well aware of Plaintiff's disabling medical conditions.

### INSTITUTIONAL MEALS

16. In the latter part of the <u>year 2000</u>, Plaintiff's degener-ating bone disease deteriorated to where he could no longer walk to and from the dining hall <u>to eat his meals</u>.

17. On or about <u>September 30, 2000</u>, Dr. Reiners approved an order for Plaintiff to <u>eat his meals in his cell</u>.  Approval was

only for one week, Plaintiff was told to see <u>Dr. Bardell</u>, acting

medical director, to extend this approval.

18. On <u>October 2, 2000</u>, Plaintiff saw <u>Dr. Bardell</u> and he

extended said order for Plaintiff <u>to be fed in his cell for 6</u>

<u>months</u>.

19. On <u>October 5, 2000</u>, Plaintiff was told by Sargt. Heckman

that "feed in cell order" had been cut/terminated.  Plaintiff

then spoke with Defendant Scott Walters, Unit Manager of Plaintiff's

cell block, and he (Walters) told Plaintiff that he (Walters) had

taken care of "feed in" order . . . "the order has come down,

everything is taken care of."  However, Plaintiff still had not

been fed!

20. On <u>October 6, 2000</u>, Defendant R. Kimber, M.D. (the new

Medical Director at SCIH) told Plaintiff that he (Kimber) was

instructed by the Deputy Superintendent to tell Plaintiff: (a)

that he (Plaintiff) would not be fed in his cell [because this

was an "inconvenience for the guards"] and; (b) that he (Plaintiff)

would have to walk to the dining hall like everyone else!  Plain-

tiff then asked Defendant Kimber the name of the Superintendent

of which there was no response!

21. On or about <u>October 5, 2000</u> to <u>November 8, 2000</u>, Plain-

tiff received <u>no</u> meals from SCIH: (a) because of Defendants

- 9 -

Walters' and Kimber's deliberate, willful and wanton refusal to
have meals delivered to Plaintiff's cell, and; (b) because of
Plaintiff's inability to walk to the dining hall due to his
chronic degenerating bone disease in both knees, hips and disc in
spine.

22. On or about <u>October 5, 2000</u> to <u>November 8, 2000</u>, Plaintiff
advised Defendants Kimber, Walters and Everhart, on numerous
occasions, that he (plaintiff) was not being fed by the institution.
The Defendants' answers ranged from no response at all to "I will
let you know", "we are having meetings on that", "I wll get back
to you", "I'll find out", "I'm waiting to hear from medical", t
"I'm waiting to hear from the unit manager", "we are having
meetings to see what is available for you."

23. <u>Richard Wojtczak</u>, your Plaintiff, is a qualified indivi-
dual with diabetes . . . insulin dependant diabetic, degenerating
bone disease in both knees, hips, disc in spine, respiratory
condition - COPD - shortness of breath - high blood pressure, and
some emphysema.  The deliberate indifference and wanton disregard
for Plaintiff's disabilities exhibited by the defendants inflicted
pain and suffering on Plaintiff, placed Plaintiff in a life
threatening condition.  Plaintiff experienced headaches, dizziness,
blurry vision, nausia, stomach pain, overall body pain, light
headiness, faintness, pain from the large cysts, and disfigurement
of face scalp by scarring from these cysts.

## PERSONAL HYGIENE - SHOWERS

24. The Defendants' wanton, capricious, reckless disregard
for Plaintiff's disabilities and basic human needs continues.


25. Your Plaintiff, Richard Wojtczak, also suffers disabling
respiratory conditions . . . COPD, shortness of breath, high
blood pressure, some emphysema.  These conditions are also well
documented in Plaintiff's medical file at SCI Huntingdon, Pa..
All of the defendants are well aware of these disabling conditions
of the Plaintiff.


26. Because of the aforementioned respiratory conditions,
for the last several years the Plaintiff was approved to <u>shower</u>
in the infirmary-medical dept..  Due to the heat and steam in the
general population cell block showers, the Plaintiff cannot
<u>shower</u> there because he gets dizzy, lightheaded, faint, and on
the verge of passing out.


27. The latest approval for these <u>shower</u> arrangements in the
infirmary was granted by <u>Defendant Dr. R. Kimber</u> for one year,
until December 2001.  In addition to Plaintiff, there were several
other inmates <u>showering</u> in the infirmary-medical dept. for various
reasons.


28. On <u>February 27, 2001</u>, Plaintiff was told by medical

staff that he could no longer <u>shower</u> in the infirmary, these "<u>showers</u> were being closed down." Plaintiff was told to contact <u>Defendant Scott Walters</u> as to where Plaintiff was to <u>shower</u>.

29. On <u>February 27, 2001</u>, your Plaintiff wrote a request slip to <u>Defendant Scott Walters</u>, unit manager, as to where he should <u>shower</u>. <u>Defendant Scott Walters</u>' response was "I have asked medical to re-evaluate your ability to shower with the general population. When they respond to me <u>I will let you know</u>.

30. On <u>March 1, 2001</u>, Plaintiff spoke with <u>Defendant Dr. R. Kimber</u>, as to where he was to <u>shower</u>. Plaintiff and <u>Defendant Kimber</u> discussed again Plaintiff's respiratory conditions and his inability to <u>shower</u> in general population cell block <u>showers</u>. <u>Defendant Kimber</u> told Plaintiff that <u>he would let him know where he could shower</u>.

31. On <u>March 14, 2001</u>, Plaintiff spoke with <u>Defendant Patty Everhart</u>, Nurse Supervisor, about where he was to <u>shower</u>. Plaintiff again discussed his respiratory conditions and general population cell block showers. <u>Defendant Everhart</u> informed Plaintiff that she was <u>waiting to hear</u> from <u>Defendant Scott Walters</u> as to what was available for the Plaintiff.

32. On <u>March 14, 2001</u>, Plaintiff asked <u>Defendant Everhart</u> why he could <u>not shower</u> in the ATA room shower. <u>Defendant Everhart</u>

told Plaintiff "that the deputy superintendent said the ATA room
shower is off-limits, absolutely NO one is to shower in the ATA
room shower. Plaintiff then asked <u>Everhart</u> which "deputy superin-
tendent" told her that? However, there was no response! Plaintiff
then explained to <u>Everhart</u> that there were already three inmates
showering in the ATA room shower and, still, there was no response
from <u>Everhart</u>!

33. The <u>three inmates showering</u> in the <u>ATA room shower</u> . . .
<u>one</u> of these inmates has <u>respiratory conditions</u> . . . <u>one</u> of
these inmates has leg and back conditions . . . <u>third</u> inmate's
medical problems are unknown to Plaintiff.

34. At least two of the inmates showering in the ATA room
shower have almost identical medical conditions as Plaintiff,
however, Plaintiff still was not permitted to shower in the ATA
room shower.

35. From <u>February 27, 2001 to April 4, 2001</u>, the defendants
denied Plaintiff to <u>shower</u>. The defendants were well aware of
this situation.

36. Plaintiff suffers from a painful and serious <u>cyst condi-
tion</u>. This medical condition is well documented in Plaintiff's
medical file at SCI Huntingdon, Penna.. The defendants are well
aware of this medical condition.

37. When Plaintiff does not <u>shower</u> regularly he breaks out
in these <u>cysts</u>.  These <u>showers</u> are part of the treatment for
these <u>cysts</u>.  These <u>cysts</u> occur on face and scalp (and other
areas), they get very large, are painfull, and they turn into
open sores with discharge.  These <u>cysts</u> cause disfigurement with
scarring.

38. By not being permitted to <u>shower</u> for <u>over one month</u>,
Plaintiff did break out with these <u>cysts</u> on face, neck and chest.

<u>**CAUSE OF ACTION**</u>

This <u>Cause of Action</u> is to be incorporated against <u>each and
all defendants</u> herein as though fully set forth <u>to each and all
defendants</u>.  The allegations in paragraphs 1 to 38 herein are
also incorporated by reference herein as though fully set forth.

<u>Your Plaintiff, Richard Wojtczak, is a qualified individual
with disabilities as previously discussed herein</u>.  All of the
defendants, in their entirety, in this cause of action, has shown
deliberate indifference and wanton disregard for the health,
safety, and life of this Plaintiff, by intentionally refusing to
provide to your disabled Plaintiff, the most basic human needs of
minimal civilized measures of life's necessities.  This offends
the evolving standards of decency and being repugnant to the
conscience of mankind . . . did with full knowledge, <u>discriminate
against Plaintiff because of his disabilities</u>, did violate Plain-

- 14 -

tiff's rights under the <u>8th</u> and <u>14th</u> Amendments of the U.S.
Constitution— and did violate Plaintiff's rights as contained in
the <u>Americans With Disabilities Act of 1990 - Rehabilitation Act
of 1973</u>.

Each defendant, at all times, did have full knowledge of
Plaintiff's disabilities <u>and</u> did have full knowledge of the
Penna. Dept. of Corrections policies - directives - customs.

The Penna. Dept. of Corrections issued a policy statement on
<u>June 28, 1999, effective August 16, 1999</u> . . . "Reasonable Accom-
modations for inmates with Disabilities", <u>DC-ADM oo6</u>.  This
policy explains the <u>Americans With Disabilities Act of 1990</u>.

With their usual arrogance, these defendants in their entirety,
completely ignored their own policies, specifically <u>DC-ADM 006</u> .
. . <u>did not feed</u> Plaintiff for one month . . . <u>did not allow</u>
Plaintiff to <u>shower</u> for one month . . . and <u>did not</u> make "Reason-
able Accommodations" for this disabled Plaintiff.  These "accommo-
dations" would <u>Not</u> have created an expense or hardship for the
defendants.  Plaintiff could have been <u>fed</u> in his cell.  (Other
inmates on the same cell block as Plaintiff were <u>fed</u> in their
cells).  Plaintiff could have <u>showered</u> in the ATA room <u>shower</u>.
(Other inmates were already <u>showering</u> in the ATA room <u>shower</u>).

Defendants failed to remedy violations against this disabled
Plaintiff, with deliberate indifference, and with malicious,
wanton state of mind.  The defendants, with deliberate indifference,
and malicious, wanton state of mind to Plaintiff's disabilities .
. . diabetes, degenerating bone disease, respiratory ailments,

cyst condition . . . did injure and cause Plaintiff unnecessary pain and suffering.

Penna. Dept. of Corrections, Defendant, et al is a government entity, which is responsible for the health and safety of the inmates incarcerated in the State Correctional Institutions in Penna..  Penna. Dept. of Corrections issues policies - directives to each state correctional institution in Penna., for the mainte- nance and overall operations of said institutions.  Defendant Jeffery A. Beard, Ph. D., the Secretary, Penna. Dept. of Correc- tions, is a decisionmaker and has the authority to establish "entity" policy, and the authority to enforce the policy statement- directives issued by the Penna. Dept. of Corrections.  This establishes the Penna. Dept. of Corrections liability.

Jeffery A. Beard, Ph.D., Defendant, et al, Secretary, Penna. Dept. of Corrections, is a decisionmaker and has the authority to establish "entity" policy and the authority to enforce "entity policy" and the authority to be certain policy is complied with, specifically DC-ADM 006.  Under his supervision any action, in the instant case non-action to enforce compliance with DC-ADM 006 reflects the official government entity policy.  In this instant case Defendant Beard failed to enforce compliance with policy DC- ADM 006, at SCI Huntingdon, Penna..

Kenneth K. Kyler, Defendant, et al, Superintendent, State

Correctional Institution at Huntingdon, Penna..  Defendant Kyler
has the supervisory authority to enforce compliance with DC-ADM
006, at SCI Huntingdon, Penna..  In this instant case, Defendant
Kyler failed to enforce compliance with DC-ADM 006 at SCI Hunting-
don, Penna..

P. Yarger, Defendant, et al, Corrections Health Care Adminis-
trator, State Correctional Institution at Huntingdon, Penna..
Approval Orders by doctors for inmates are recorded by Defendant
P. Yarger.  Defendant P. Yarger has the supervisory authority to
enforce compliance with DC-ADM 006 at SCI Huntingdon, Penna..  In
this instant case, Defendant P. Yarger failed to enforce compliance
with DC-ADM 006 at SCI Huntingdon, PEnna..

Roger Kimber, M.D., Defendant, et al, Medical Director,
State Correctional Institution at Huntingdon, Penna..  Defendant
Kimber knows of policy DC-ADM 006 because it addresses medical
issues.  If Defendant Kimber does not have the authority to
enforce compliance with policy DC-ADM 006, Defendant Kimber,
himself did not comply with policy DC-ADM.

P. Everhart, Defendant, et al, Nurse Supervisor, State
Correctional Institution at Huntingdon, Penna..  Defendant Everhart
knows of policy DC-ADM 006 because it addresses medical issues.
If Defendant Everhart does not have the authority to enforce
compliance with policy DC-ADM 006, Defendant Everhart, herself,

failed to comply with policy DC-ADM 006.

Scott Walters, Defendant, et al, Unit Manager, State Correc-
tional Institution at Huntingdon, Penna.. Defendant Walters had
full knowledge of Plaintiff's disabilities, and was involved in
Plaintiff "being fed", and "showers" for the Plaintiff. Defendant
Walters failed to act despite his knowledge of a substantial risk
of serious harm to Plaintiff. Defendant Walters knows of policy
DC-ADM 006 by way of his supervisory position as Unit Manager.
If Defendant Walters does not have the authority to enforce
compliance with DC-ADM 006, Defendant Walters, himself, failed to
comply with DC-ADM 006.

**DEFENDANTS**

Penna. Dept. of Corrections; Jeffery A. Beard, Ph.D.; Kenneth
Kyler all have the necessary authority to enforce compliance with
policy DC-ADM 006 . . . and were grossly negligent in the manage-
ment of subordinates, allowing the discrimination against the
Plaintiff because of his disabilities. They failed to act despite
their Knowledge of substantial risk of serious harm, pain and
suffering of disabled inmates - Plaintiff. This failure to act
caused Plaintiff unnecessary pain, suffering and injury.

Kenneth Kyler; P. Yarger; Roger Kimber, M.D.; P. Everhart;
Scott Walters all have the necessary authority to comply with

policy <u>DC-ADM 006</u>.  They were grossly negligent in management,
failing to terminate the <u>discrimination</u> against this Plaintiff
because of his disabilities.  They failed to act despite their
knowledge of substantial risk of serious harm, pain and suffering
to the disabled Plaintiff.  This failure to act caused Plaintiff
unnecessary pain, suffering and injury.

All of the defendants acted with a sufficiently culpable
state of mind.  A state of mind of deliberate indifference shown
by actions characterized by wantoness, a wanton infliction of
pain upon this Plaintiff, causing injury.  The defendants' acts
were a serious deprivation of basic human needs, of the minimal
civilized measure of life's necessities which a civilized society
can not tolerate, NO, must not tolerate.

## RELIEF

Your Plaintiff, Richard Wojtczak, brings this action against
the defendants in <u>BOTH</u> their individual <u>AND</u> official capacities.

Wherefore, Plaintiff respectfully prays that this Honorable
Court enter judgment granting Plaintiff:

1. <u>Punitive Damages</u> in the amount of $1,500,000.00 to Plain-
tiff from all defendants and each of them;

2. <u>Compensatory Damages</u> in the amount of $1,000,000.00 to Plaintiff from all defendants and each of them;

3. <u>Future Damages</u> in the amount of $500,000.00 to Plaintiff from all defendants and each of them for injuries, medical conditions not yet apparent at $50,000.00 a year for ten years;

4. Trial by Jury on all issues triable by jury;

5. The costs and disbursement of this action, including reasonable attorney fees and costs;

6. All federal monies being given to the PA Dept. of Corrections be terminated until such time as the PA Dept. of Corrections fully complies with the Americans with Disabilities Act of 1990, Rehabilitation Act of 1973;

7. Such other and further relief as the Court deems necessary, appropriate and equitable.

Respectfully submitted,

Richard Wojtczak, *pro se*
AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112