IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,              )   CIVIL ACTION
            Plaintiff,         )
       v.                      )   No. 01-1163
                               )
PA. DEPT. OF CORRECTIONS, ET AL., )   JURY TRIAL DEMANDED
            Defendants.        )

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes Richard Wojtczak, Plaintiff, pursuant to Middle District Rule 7.1 and 28 U.S.C. §1915(e)(1), and requests this Honorable Court to appoint counsel in the above captioned matter. The reasons for the appointment of counsel are outlined in the accompanying memorandum of law.

Respectfully submitted,

*[signature]*

Richard Wojtczak, *pro se*
AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112

Dated 6-11-01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK,<br>   Plaintiff,<br>v.<br><br>PA. DEPT. OF CORRECTIONS, ET AL.,<br>   Defendants, | ) ) ) ) ) ) ) | CIVIL ACTION<br><br>No._____<br><br>JURY TRIAL DEMANDED |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF COUNSEL

### STATEMENT OF THE CASE

This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner asserting claims against state officials in violation of the Americans with Disabilities Act (ADA) of 1990 - the Rehabilitation Act of 1973, Titles I, II, 42 U.S.C. §12101 et seq. and the Eighth and Fourteenth Amendments of the United States Constitution.

### STATEMENT OF FACTS

The Plaintiff suffers from a chronic, degenerating bone disease in both knees, hips, and disc in spine, and had reached a point where he could no longer walk to the dining hall to eat. Plaintiff is also a diabetic requiring three injections of insulin per day <u>along with three meals</u> to achieve the correct insulin-food balance required to keep his diabetes under control. However, the

defendants in this case deliberately refused to feed the Plaintiff in his cell, knowing full well the adverse effects this would have on his health. The defendants also terminated the Plaintiff's medical showers, without any provisions whatsoever as required by the ADA, causing him to acquire a painful and serious cyst condition on his face, scalp and other areas of his body.

## ARGUMENT

The Court should appoint counsel for the Plaintiff for the following reasons:

### 1. INDIGENT INMATE

Plaintiff is an indigent inmate incarcerated at the State Correctional Institution, Huntingdon (SCIH), Pa. and unable to afford counsel for this civil action.

### 2. LAW LIBRARY

The law library at Huntingdon State Correctional Institution is located on the second floor thereby preventing Plaintiff access due to his inability to walk up stairs. See Tabron v. Grace, 6 F.3d 147, 156 (3rd Cir. 1993), citing Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir.) (reversing denial of request for counsel where indigent prisoner was severely hampered in pressing his claims by conditions of confinement making him unable to use typewriter, photocopying machine, telephone, or computer), cert. denied,

- 2 -

___U.S.___, 113 S.Ct. 658 (1992).

### 3. DISCOVERY

"[W]here the claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted."  See Tabron, 6 F.3d at 156, *quoting* Rayes, 969 F.2d at 703 (reversing district court's denial of request for appointment of counsel in part because conditions of indigent prisoner's confinement severely disadvantaged him in discovery). See also Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D.Wis. 1985) (need for discovery supported appointment of counsel).

### 4. CONFLICTING TESTIMONY

The Plaintiff's account of his civil rights violations will no doubt be in conflict with the statements of the defendants emanating into a credibility contest between the defendants and the Plaintiff.  "[W]hen a case is likely to turn on credibility determinations, appointment of counsel may be justified."  See Tabron, 6 F.3d at 156, *quoting* Maclin v. Freake, 650 F.2d 885, 888 (7th Cir. 1981) ("[C]ounsel may be warranted where the only evidence presented to the factfinder consists of conflicting testimony.").

### 5. LEGAL COMPLEXITY

Complexity of the issues and ability of indigent liticants to represent themselves are appropriate factors in reviewing requests for appointment of counsel.  Robbins v. Maggio, F.2d 405 (5th Cir.

- 3 -

1985). The court "should be more inclined to appoint counsel if the legal issues are complex." Tabron, 6 F.3d at 156, *quoting* Hodge v. Police Officers, 802 F.2d 58, 61 (2nd Cir. 1986). The fact that a case will be tried before a jury also supports the appointment of counsel. Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991), *cert. denied*, 112 S.Ct. 1995 (1992).

### 6. MERIT OF THE CASE

"If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel, *see, e.g.*, Gordon v. Leeke, 574 F.2d 1147, 1153 & n.3 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464 (1978), and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Tabron, 6 F.3d at 156.

### CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiff's motion and appoint counsel to this case.

Respectfully submitted,

*Richard Wojtczak*

Richard Wojtczak AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112

Dated 6-11-01

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,            )         CIVIL ACTION
         Plaintiff,          )
     v.                      )         No._____
                             )
PA. DEPT. OF CORRECTIONS, ET AL.,)     JURY TRIAL DEMANDED
         Defendants.         )

### CERTIFICATE OF SERVICE

I, Richard Wojtczak, hereby certify that on June 11, 2001 I served a true and correct copy of the foregoing **MOTION FOR APPOINTMENT OF COUNSEL** with accompanying **MEMORANDUM OF LAW** by handing it to the Block BA officer causing it to be deposited in the United States Mail, firstclass postage prepaid, to the U.S. District Court, 235 N. Washington Ave., P.O. Box 1148, Scranton, PA 18501 to be served by the U.S. Marshalls (along with the §1983 civil action) to the following:

PA Dept. of Corrections
P.O. Box 598
2520 Lisburn Rd.
Camphill, PA 17001-0598

Jeffery A. Beard, Ph.D.
Secretary PA Dept. of Corrections
P.O. Box 598
2520 Lisburn Rd.
Camp Hill, PA 17001-0598

Kenneth Kyler
Superintendent (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

Patricia Yarger
Health Care Administrator (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

Roger Kimber, M.D.
Medical Director (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

Patty Everhart
Nurse Supervisor (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

Scott Walters
Unit Manager (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

                                        Respectfully submitted,

By: *[signature]*

Richard Wojtczak, *pro se*
AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,
        Plaintiff,
   v.
PA. DEPT. OF CORRECTIONS, ET AL.,
        Defendants.

1:CV-01-1163
CIVIL ACTION No.

JURY TRIAL DEMANDED

## ORDER

AND NOW, this ___ day of _____, 2001, upon consideration of Plaintiff's motion for appointment of counsel, it is hereby GRANTED.

By the Court:

_____
                      J.