```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| RICHARD WOJTCZAK, | : CIVIL ACTION NO. 1:01-1163 |
| Plaintiff | : (RAMBO, J.) |
| v. | : (MANNION, M.J.) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : |
| Defendants | : |

FILED
WILKES BARRE
JUL - 9 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

## MEMORANDUM AND ORDER

Before the court is a motion filed by the plaintiff for the appointment of counsel. (Doc. No. 5).

In Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975), the court held that a federal court is authorized to **request**, in its discretion, an attorney to represent any person unable to employ counsel. However, in Mallard v. U.S. District Court, 490 U.S. 296 (1989), the court held that 28 U.S.C. § 1915(d) does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.

Moreover, the plaintiff has no constitutional or statutory right to appointment of counsel in a civil case. While the court does not have the power to appoint counsel under 28 U.S.C. § 1915(d), see Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981), the Third Circuit has stated that appointment of counsel should be made

> only. . .upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting. . .from (a) probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.

Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d. Cir. 1984).

In <u>Tabron v. Grace</u>, No. 92-7018 (3d Cir. Oct. 5, 1993), the United States Court of Appeals for the Third Circuit did not set aside its holding in <u>Smith-Bey</u>. Rather, the court elaborated by setting forth a number of factors the court should consider when deciding whether to appoint counsel under 28 U.S.C. § 1915(d). The court in <u>Tabron</u> discussed the following factors: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience and the restraints placed on the plaintiff by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony. <u>Tabron</u>, <u>supra</u>, No. 92-7018, slip. op. at 13-15.

The plaintiff's complaint indicates that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney. A review of the record of this case suggests that plaintiff can, given the leeway afforded to <u>pro se</u> litigants, adequately present his case and follow the applicable Rules. The plaintiff is literate and is able to communicate his thoughts to the court. His filings this far have been understood, and they indicate that plaintiff is capable of pursuing his complaint without the benefit of appointed counsel. The issues raised by plaintiff do not appear to be complex.

Thus, for the foregoing reasons, the plaintiff's request for court-appointed counsel will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT**

the plaintiff's motion for appointment of counsel (Doc. No. 5) is denied.

_____
MALACHY E. MANNION
United States Magistrate Judge

Dated:   July 9, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 9, 2001

Re:  1:01-cv-01163    Wojtczak v. PA Dept of Corr.

True and correct copies of the attached were mailed by the clerk
to the following:

    Richard Wojtczak
    SCI-Huntingdon
    AF5977
    1100 Pike Street
    Huntingdon, PA  16654-1112

cc:
| | | |
|---|---|---|
| Judge | ( ) | ( ) Pro Se Law Clerk |
| Magistrate Judge | ( ) | ( ) INS |
| U.S. Marshal | ( ) | ( ) Jury Clerk |
| Probation | ( ) | |
| U.S. Attorney | ( ) | |
| Atty. for Deft. | ( ) | |
| Defendant | ( ) | |
| Warden | ( ) | |
| Bureau of Prisons | ( ) | |
| Ct Reporter | ( ) | |
| Ctroom Deputy | ( ) | |
| Orig-Security | ( ) | |
| Federal Public Defender | ( ) | |
| Summons Issued | ( ) | with N/C attached to complt. and served by: U.S. Marshal ( )   Pltf's Attorney ( ) |
| Standard Order 93-5 | ( ) | |
| Order to Show Cause | ( ) | with Petition attached & mailed certified mail to:  US Atty Gen ( )   PA Atty Gen ( )   DA of County ( )   Respondents ( ) |
| Bankruptcy Court | ( ) | |
| Other_____ | ( ) | |

MARY E. D'ANDREA, Clerk

DATE:  7-9-01

BY: _____
Deputy Clerk