UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,                : CIVIL ACTION NO. 1:01-1163

    Plaintiff                : (RAMBO, J.)

    v.                       : (MANNION, M.J.)

PENNSYLVANIA DEPARTMENT OF       :
CORRECTIONS, et al.,             :

    Defendants               :

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the State Correctional Institution, Huntingdon, ("SCI-Huntingdon"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges that the defendants violated his rights with respect to Department of Corrections Policy Statement DC-ADM 006 relating to accommodations for inmates with disabilities. (Doc. No. 1). The filing fee having been paid, the complaint will now be given preliminary consideration.

Named as defendants to this action are the following employees and/or officials at SCI-Huntingdon: Jeffery A. Beard, Ph.D., Secretary of the Department of Corrections; Kenneth Kyler, Superintendent; P. Yarger, Health Administrator; Roger Kimber, M.D., Medical Director; P. Everhart, Nurse Supervisor; and Scott Walters, Unit Manager. In addition, the plaintiff has named the Pennsylvania Department of Corrections as a defendant to this action.

In sum, the plaintiff alleges in his complaint that on August 16, 1999, Policy Statement DC-ADM 006 was made effective, which establishes the policies and procedures to be used by prison

1

officials in providing reasonable accommodations for disabled inmates who qualify under the Americans with Disabilities Act, ("ADA"). The plaintiff alleges that he qualifies for special accommodations under the ADA in that he suffers from chronic degenerating bone disease, diabetes, a cyst condition and respiratory conditions, including shortness of breath and emphysema. The plaintiff alleges that, despite the provisions of DC-ADM 006, the named defendants failed to provide him with reasonable accommodations for eating and showering. As a result of the defendants' failure to provide him with reasonable accommodations, the plaintiff alleges that he did not receive any meals from October 5, 2000, through November 8, 2000, and was not able to shower from February 27, 2001, through April 4, 2001[1]. The plaintiff is seeking compensatory and punitive damages. (Doc. Nos. 1 & 2).

The Prison Litigation Reform Act of 1995, ("Act"), requires that prisoners must exhaust applicable administrative remedies prior to bringing an action in federal court. 42 U.S.C. § 1997(e)(a). Although the plaintiff is seeking only monetary relief in this case, he must still exhaust his administrative remedies, as the Act makes no distinction between claims for damages, injunctive

---

[1] Although the plaintiff alleges that he did not receive any meals for approximately one (1) month in late 2000, there is no indication from his complaint that he is currently being deprived of meals. Moreover, the plaintiff is apparently in good enough health to have prepared the instant complaint which is in excess of twenty (20) pages, along with a memorandum of law and supporting exhibits. Thus, there is no indication that the plaintiff is under any imminent danger or threat of harm which would require immediate consideration of the claims set forth in his complaint.

2

relief, or both. See Booth v. Churner, ___ U.S. ___, 121 S.Ct. 1819 (2001)(Prison Litigation Reform Act (PLRA) requires administrative exhaustion even where grievance process does not permit award of money damages and prisoner seeks only monetary damages, as long as grievance tribunal has authority to take some responsive action); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000)(§ 1997e(a) requires an inmate to exhaust administrative remedies prior to bringing a Bivens action regardless of the relief requested). In that connection, DC-ADM 804 was amended on May 1, 1998, to permit inmates to grieve issues that involve the seeking of compensatory damages. See Booth, supra.; Nyhuis, supra.

With respect to the instant action, DC-ADM 006 sets forth the administrative remedies which must be exhausted by an inmate claiming that he has not been given adequate accommodations pursuant to that Policy Statement. DC-ADM 006(VI)(A)(4) provides:

    4.  Request for Accommodation

        a. An inmate who has a disability that he or she believes is not being reasonably accommodated by the Department shall submit a written request for accommodation on **Form DC-135A, "Inmate's Request to Staff Member"** to the Facility ADA Coordinator or designee.

        b. The **DC-135A** must include the inmate's specific disability(s) and the specific accommodation or service the inmate seeks.

        c. The facility ADA Coordinator or designee shall evaluate the request, assess the claim for medical validity, evaluate the inmate's needs (if any), and recommend accommodations that may be necessary.

        d. The Facility ADA Coordinator

3

> will submit the recommendations to the Facility Manager and the Regional Deputy Secretary for final determination. The safety and security of the inmate and the security of the facility will always be the overriding concern.
>
> e. The Facility Manager will notify the inmate in writing of the final determination within 20 working days of the inmate making the initial request.
>
> f. An inmate who has a disability that he or she believes is not being reasonably accommodated by the Department may submit a grievance under Department policy **DC-ADM 804, "Consolidated Inmate Grievance Review System"**. Such grievance must state the inmate's specific disability or disabilities and the specific accommodation or service the inmate seeks. The Centralized ADA Coordinator will conduct final review of all ADA grievances pursuant to **DC-ADM 804**.

(See Doc. No. 2, Attached DC-ADM 006).

There is no indication that the plaintiff has followed the proper procedures for exhausting his administrative remedies. In fact, the plaintiff indicates in his complaint that he did not file a grievance with respect to the claims raised in his complaint because he "[does] not have to exhaust administrative remedies for Americans with Disabilities Act-Rehabilitation Act." (Doc. No. 1). However, it is clear from the Policy Statement itself that there are administrative remedies which must be exhausted prior to bringing a § 1983 action in this court.

On the basis of the foregoing,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED** for

4

the plaintiff's failure to exhaust administrative remedies.

                                                          _____
                                                          MALACHY E. MANNION
                                                          United States Magistrate Judge

Dated:   July 9. 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 9, 2001

Re: 1:01-cv-01163   Wojtczak v. PA Dept of Corr.

True and correct copies of the attached were mailed by the clerk to the following:

Richard Wojtczak
SCI-Huntingdon
AF5977
1100 Pike Street
Huntingdon, PA 16654-1112

| cc: | | | |
|---|---|---|---|
| Judge | ( ) | ( ) | Pro Se Law Clerk |
| Magistrate Judge | ( ) | ( ) | INS |
| U.S. Marshal | ( ) | ( ) | Jury Clerk |
| Probation | ( ) | | |
| U.S. Attorney | ( ) | | |
| Atty. for Deft. | ( ) | | |
| Defendant | ( ) | | |
| Warden | ( ) | | |
| Bureau of Prisons | ( ) | | |
| Ct Reporter | ( ) | | |
| Ctroom Deputy | ( ) | | |
| Orig-Security | ( ) | | |
| Federal Public Defender | ( ) | | |
| Summons Issued | ( ) | with N/C attached to complt. and served by: U.S. Marshal ( )   Pltf's Attorney ( ) | |
| Standard Order 93-5 | ( ) | | |
| Order to Show Cause | ( ) | with Petition attached & mailed certified mail to:  US Atty Gen ( )   PA Atty Gen ( )   DA of County ( )   Respondents ( ) | |
| Bankruptcy Court | ( ) | | |
| Other_____ | ( ) | | |

MARY E. D'ANDREA, Clerk

DATE: 7-9-01

BY: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,                   : CIVIL ACTION NO. 1:01-1163

    Plaintiff                       : (RAMBO, J.)

    v.                              : (MANNION, M.J.)

PENNSYLVANIA DEPARTMENT OF          :
CORRECTIONS, et al.,
                                    :
    Defendants
                                    :

N O T I C E

TO:  Richard Wojtczak, Reg. No. AF-5977
     SCI-HUNTINGDON
     1100 Pike Street
     Huntingdon, PA    16654-1112

FILED
WILKES BARRE
JUL - 9 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

NOTICE IS HEREBY GIVEN that the undersigned has entered the following:  **Report and Recommendation of Magistrate Judge Mannion dated 07/9/01.**

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule **72.3**, M.D.PA, which provides: **72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS**

    Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made

and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

MALACHY E. MANNION
United States Magistrate Judge

Dated:    July 9, 2001