In The United States District Court
Middle District of Pennsylvania

Richard Wojtczak,
  Plaintiff,

Vs.

Penna. Dept. of Corrections, et al
  Defendants

Civil Action
No: 1:01-1163

(Rambo, J.)
(Mannion, M.J.)

9 (7)
7/19/01

ORIGINAL

Plaintiff's Objections to the
Magistrate Judge
Report - Recommendations -
Findings
Denying Appointment of Counsel
Memorandum of Law

FILED
HARRISBURG
JUL 19 2001
MARY E. D'ANDREA, CL
Per _____
DEPUTY CLERK

Respectfully submitted,

Dated: 7-17-01

s/ Richard Wojtczak
Richard Wojtczak AF-5977
1100 Pike St.
Huntingdon, Pa. 16654-1112

# Table of Citations

Abdullah V. Gunter, 949 F2d 1032, 1036 (8 Cir. 1991) cert den. 112 S.Ct 1995 (1992)

Bounds V. Smith, 97 S.Ct 1491 (1977)

Catlin V. U.S., 65 S.Ct 631 (1945)

DeBardeleben V. Quinlin, 937 F2d 502, 504-06 (10 Cir. 1991)

Denton V. Hernandez, 112 S.Ct 1228, 1734 (1992)

Flowers V. Turbine Support, Div. 507 F2d 1242, 1244 (5 Cir. 1975)

Foley V. City of Lowell Mass., 948 F2d 10, 14 (1 Cir. 1991)

Gatson V. Coughlin, 679 F.Supp. at 273.

Hodge V. Police Officers, 802 F2d 58, 61 (2 Cir. 1986)

Jackson V. County of McLean, 953 F2d 1070, 1073 (7 Cir. 1992)

Jaxxeri V. McMickens, 660 F.Supp 325, 326 (SDNY 1987)

Knighton V. Watkins, 616 F2d 795, 799 (5 Cir. 1980)

Knop V. Johnson, 977 F2d at 1006-07.

Larimey V. U.S., 861 F2d 1267, 1269-70 (Fed.Cir. 1988) citing cases

Lauro Lines SRL V. Classer, 109 S.Ct 1976 (1989)

Maclin V. Freake, 650 F2d 885, 888 (7 Cir. 1981)

McCarthy V. Weinberg, 753 F2d 836, 839-40 (10 Cir. 1985)

McGuckin V. Smith, 974 F2d 1050, 1057-58 (9 Cir. 1992)

Moore V. Mabus, F2d 268, 272 (5 Cir. 1992)

Nilsson V. Coughlin, F.Supp 1186, 1189 (SDNY 1987)

Rayes V. Johnson, 969 F2d 700, 703-04 (8 Cir.) cert den. 113 S.Ct 658 (1992)

Robbins V. Maggio, 750 F2d 405 (5 Cir. 1985)

Sands V. Lewis, 886 F2d 1166, 1171 (9 Cir. 1988)

Swofford V. Mandrell, 969 F2d 547, 552 (7 Cir. 1992)

Tabron V. Grace, 6 F3d 147, 156 (3 Cir. 1993)

Touesaint V. McCarthy, 801 F2d 1080, 1108-10 (9 Cir. 1986) cert den 481 U.S. 1069 (1987).

Tucker V. Dickey, 631 F.Supp. 1124, 1133-34 (W.D.Wis. 1985)

Tucker V. Randall, 948 F2d at 392.

U.S. V. Taylor, 108 S.Ct 2413 (1988)

Whisenant V. Yuam, 739 F2d at 163.

The United States District Court, Middle District of Penna. has denied plaintiff's request for appointment of Competent Legal Counsel (Court's denial, attached; Plaintiff's request for appointment of Competent Legal counsel, attached).

For the facts and citations of law contained herein, your plaintiff, Richard Wojtczak, respectfully files this Appeal of the Court's denial of his Motion for appointment of Legal Counsel. In this particular case, this denial is appealable. Lariscey v. U.S., 861 F.2d 1267, 1269-70 (Fed. Cir. 1988) citing cases.

Your plaintiff is not knowledgeable nor trained in the law, he cannot afford to pay for the services of an experienced competent attorney to represent him in this Civil Action.

Because of plaintiff's disabilities he does not have access to the "law library" AND there are no certified para legals at S.C.I. Huntingdon, Pa. to assist him.

This denial by the court, to appoint experienced legal counsel for plaintiff, effectively terminates this litigation because plaintiff cannot [illegible]. This effects the outcome of the case. Cattin v. [illegible] (1945); Flowers v. Turbine Support, Div. 507 F.2d 1242, 1244 (5 Cir. 1975). This denial by the court has denied this plaintiff a fair opportunity to be heard. McGuckin v. Smith, 974 F.2d 1050, 1057-58 (9 Cir. 1992); DeBardeleben v. Quinlan, 937 F.2d 502, 504-06 (10 Cir. 1991).

The denial conclusively determines a disputed question and resolves an important issue completely separate from the merits of this action, therefore is immediately appealable. Lauro Lines S.R.L. v. Classer, 109 S.[Ct.] 1976 (1989); Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).

The court erroneously determined that the restricting value of Not appointing counsel for the plaintiff far outweighs the Prejudice to plaintiff proceeding without legal counsel.

The court abused its discretion. Foley v. City of Lowell Mass., 948 F.2d 10, 14 (1 Cir. 1991);

①

U.S. v. Taylor, 108 S.Ct. 2413 (1988);
Denton v. Hernandez, supra.

No showing of prejudice is required by the plaintiff when he claims, as he does in this case, a substantial denial or interference with access to an adequate "law library" or to "legal assistance" — the "core requirements" of court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9 Cir. 1988).

Your plaintiff suffers from a chronic, incurable, extremely painful degenerating bone disease in his knees, hips, disc in spine. This condition has deteriorated to the point where plaintiff cannot move about the prison. Plaintiff cannot stand for any length of time, nor walk up or down steps. Tabron v. Grace, 6 F.3d 147, 156 (3 Cir. 1993); Rayes v. Johnson, 969 F.2d 700, 703-04 (8 Cir.) cert. den. 113 S.Ct. 658 (1992).

Because of plaintiff's disabilities, he does not have physical access to the "prison law library" (the "law library" at S.C.I. Huntingdon, Pa. is on the second floor). Toussaint v. McCarthy, 801 F.2d 1080, 1108-10 (9 Cir. 1986) cert. den. 481 U.S. 1069 (1987). There are no certified paralegals trained in the law at S.C.I. [illegible] the plaintiff. Bounds v. Smith, 97 S.Ct. 1491 (1977). Your plaintiff [illegible] strategist, is not knowledgable or trained in the law. A "cell delivery system"/"paging system" would be unproductive since plaintiff would not know what to ask for. Knop v. Johnson, 977 F.2d at 1006-07.

With the appointment of competent, experienced legal counsel in this case — counsel could explain the applicable legal principles in the complaint AND limit the litigation to potentially meritorious issues. In addition, competent counsel provides the unlettered inmate with an opportunity to representation at least as equally qualified with the professional counsel provided for the defendants. Knighton v. Watkins, 616 F.2d 795, 799 (5 Cir. 1980).

Legal counsel for the plaintiff can do a better job then the plaintiff in performing the difficult tasks of litigation, by virtue of experience and of not being locked up in the defendants' custody.

②

(a) A reading of plaintiff's complaint shows <u>his case does have merit</u>. The disabilities of the plaintiff are contained in his medical files at S.C.I. Huntingdon, Pa.. Plaintiff's Civil Action presents to the court, <u>Constitutional "issues of substance"</u> -- competent legal counsel should be appointed -- <u>Tabron V. Grace, supra.</u>; <u>Javeri V. McMickens</u>, 660 F.Supp. 325, 326 (S.D.N.Y. 1987).

(b) <u>Because of the conditions of the plaintiff's confinement severely disadvantages him in this litigation and also in discovery</u>, competent legal counsel should be appointed -- <u>Tucker V. Dickey</u>, 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985).

(c) The facts, in this case, will undoubtably be <u>strongly contested by the defendants</u>, and there is <u>No doubt there will be conflict with the statements of the defendants</u> emanating into a <u>credibility contest between the plaintiff and the defendants</u>, competent, experienced legal counsel should be appointed to plaintiff -- <u>Tabron V. Grace, supra.</u> at 156; <u>Maclin V. Freake</u>, 650 F2d 885, 888 (7 Cir. 1981); <u>Gatson V. Coughlin</u>, 629 F.Supp. at 273.

(d) <u>Because</u> ████ <u>disabilities, as previously stated</u> -- <u>Not being knowledg</u>████ <u>the law</u>. -- <u>No access to "law library"</u> -- <u>No certified paralegals trained in the law to assist him</u>.

-- the court's <u>denial of appointment of legal counsel for plaintiff, effectively STOPS plaintiff in his litigation of this Civil action</u> -- and <u>his access to the courts</u> -- <u>Tabron V. Grace, supra.</u> at 156; <u>Rayes V. Johnson, supra.</u> at 703-04; <u>McCarthy V. Weinberg</u>, 753 F2d 836, 839-40 (10 Cir. 1985); <u>Whisenant V. Yuam</u>, 739 F2d at 163.

(e) The <u>complex factual and legal issues contained in plaintiff's complaint, require the use of expert witnesses to explain medical issues</u>, also the fact that <u>this case will be tried before a jury require the appointment of competent, experienced legal counsel</u>

(3)

for plaintiff --- Tabron v. Grace, supra. at 156; Jackson v. County of McLean, 953 F2d 1070, 1073 (7 Cir. 1992); Robbins v. Maggio, 750 F2d 405 (5 Cir. 1985); Hodge v. Police Officers, 802 F2d 58, 61 (2 Cir. 1986); Moore v. Mabus, 976 F2d 268, 272 (5 Cir. 1992); Tucker v. Randall, 948 F2d at 392; Abdullah v. Gunter, 949 F2d 1032, 1036 (8 Cir. 1991) cert den. 112 S Ct 1995 (1992).

See also --- Nilsson v. Coughlin, 670 F. Supp. 1186, 1189 (SDNY 1987) application of 8th amendment; Swofford v Mandrell, 969 F2d 547, 552 (7 Cir. 1992) state of mind - deliberate indifference -----

these complex issues are contained in plaintiff's Civil Action, this corroborates the appointment of competent, experienced legal counsel for the plaintiff.

For the facts and citations of law contained herein, it is imperative for this Honorable Court to appoint competent, experienced legal counsel for the plaintiff.

Dated: 7-17-01                    Respectfully Submitted,

                                  s/ Richard Wojtczak
                                  Richard Wojtczak AF5977
                                  1100 Pike St.
                                  Huntingdon, Pa. 16654-1112
                                  c/c

(4)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK, ) | | CIVIL ACTION |
|         Plaintiff, ) | | |
| v. ) | | No._____ |
| ) | | |
| PA. DEPT. OF CORRECTIONS, ET AL.,) | | JURY TRIAL DEMANDED |
|         Defendants. ) | | |

## ORDER

AND NOW, this     day of          , 2001, upon consideration of Plaintiff's motion for appointment of counsel, it is hereby **GRANTED**.

By the Court:

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | No._____ |
| | ) | |
| PA. DEPT. OF CORRECTIONS, ET AL., | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### MOTION FOR APPOINTMENT OF COUNSEL

Now comes Richard Wojtczak, Plaintiff, pursuant to Middle District Rule 7.1 and 28 U.S.C. §1915(e)(1), and requests this Honorable Court to appoint counsel in the above captioned matter. The reasons for the appointment of counsel are outlined in the accompanying memorandum of law.

Respectfully submitted,

*[signature]*

Richard Wojtczak, *pro se*
AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112

Dated 6-11-01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | No._____ |
| | ) | |
| PA. DEPT. OF CORRECTIONS, ET AL., | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF COUNSEL

STATEMENT OF THE CASE

This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner asserting claims against state officials in violation of the Americans with Disabilities Act (ADA) of 1990 - the Rehabilitation Act of 1973, Titles I, II, 42 U.S.C. §12101 et seq. and the Eighth and Fourteenth Amendments of the United States Constitution.

STATEMENT OF FACTS

The Plaintiff suffers from a chronic, degenerating bone disease in both knees, hips, and disc in spine, and had reached a point where he could no longer walk to the dining hall to eat. Plaintiff is also a diabetic requiring three injections of insulin per day along with three meals to achieve the correct insulin-food balance required to keep his diabetes under control. However, the

defendants in this case deliberately refused to feed the Plaintiff in his cell, knowing full well the adverse effects this would have on his health. The defendants also terminated the Plaintiff's medical showers, without any provisions whatsoever as required by the ADA, causing him to acquire a painful and serious cyst condition on his face, scalp and other areas of his body.

**ARGUMENT**

The Court should appoint counsel for the Plaintiff for the following reasons:

1. **INDIGENT INMATE**

Plaintiff is an indigent inmate incarcerated at the State Correctional Institution, Huntingdon (SCIH), Pa. and unable to afford counsel for this civil action.

2. **LAW LIBRARY**

The law library at Huntingdon State Correctional Institution is located on the second floor thereby preventing Plaintiff access due to his inability to walk up stairs. See <u>Tabron v. Grace</u>, 6 F.3d 147, 156 (3rd Cir. 1993), *citing* <u>Rayes v. Johnson</u>, 969 F.2d 700, 703-04 (8th Cir.) (reversing denial of request for counsel where indigent prisoner was severely hampered in pressing his claims by conditions of confinement making him unable to use typewriter, photocopying machine, telephone, or computer), *cert. denied*,

___U.S.___, 113 S.Ct. 658 (1992).

### 3. DISCOVERY

"[W]here the claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted." See Tabron, 6 F.3d at 156, *quoting* Rayes, 969 F.2d at 703 (reversing district court's denial of request for appointment of counsel in part because conditions of indigent prisoner's confinement severely disadvantaged him in discovery). See also Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D.Wis. 1985) (need for discovery supported appointment of counsel).

### 4. CONFLICTING TESTIMONY

The Plaintiff's account of his civil rights violations will no doubt be in conflict with the statements of the defendants emanating into a credibility contest between the defendants and the Plaintiff. "[W]hen a case is likely to turn on credibility determinations, appointment of counsel may be justified." See Tabron, 6 F.3d at 156, *quoting* Maclin v. Freake, 650 F.2d 885, 888 (7th Cir. 1981) ("[C]ounsel may be warranted where the only evidence presented to the factfinder consists of conflicting testimony.").

### 5. LEGAL COMPLEXITY

Complexity of the issues and ability of indigent liticants to represent themselves are appropriate factors in reviewing requests for appointment of counsel. Robbins v. Maggio, F.2d 405 (5th Cir.

- 3 -

1985). The court "should be more inclined to appoint counsel if the legal issues are complex." Tabron, 6 F.3d at 156, *quoting* Hodge v. Police Officers, 802 F.2d 58, 61 (2nd Cir. 1986). The fact that a case will be tried before a jury also supports the appointment of counsel. Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991), *cert. denied*, 112 S.Ct. 1995 (1992).

6. MERIT OF THE CASE

"If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel, *see, e.g.*, Gordon v. Leeke, 574 F.2d 1147, 1153 & n.3 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464 (1978), and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Tabron, 6 F.3d at 156.

### CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiff's motion and appoint counsel to this case.

Respectfully submitted,

*/s/ Richard Wojtczak*

Richard Wojtczak AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112

Dated 6-11-01

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK, ) | | CIVIL ACTION |
| Plaintiff, ) | | |
| v. ) | | No._____ |
| ) | | |
| PA. DEPT. OF CORRECTIONS, ET AL.,) | | JURY TRIAL DEMANDED |
| Defendants. ) | | |

### CERTIFICATE OF SERVICE

I, Richard Wojtczak, hereby certify that on June 11, 2001 I served a true and correct copy of the foregoing **MOTION FOR APPOINTMENT OF COUNSEL** with accompanying **MEMORANDUM OF LAW** by handing it to the Block BA officer causing it to be deposited in the United States Mail, firstclass postage prepaid, to the U.S. District Court, 235 N. Washington Ave., P.O. Box 1148, Scranton, PA 18501 to be served by the U.S. Marshalls (along with the §1983 civil action) to the following:


PA Dept. of Corrections
P.O. Box 598
2520 Lisburn Rd.
Camphill, PA 17001-0598

Jeffery A. Beard, Ph.D.
Secretary PA Dept. of Corrections
P.O. Box 598
2520 Lisburn Rd.
Camp Hill, PA 17001-0598

Kenneth Kyler
Superintendent (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

Patricia Yarger
Health Care Administrator (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

Roger Kimber, M.D.
Medical Director (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

Patty Everhart
Nurse Supervisor (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

Scott Walters
Unit Manager (SCIH)
1100 Pike Street
Huntingdon, PA 16654-1112

                                        Respectfully submitted,

By: _____

Richard Wojtczak, *pro se*
AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD WOJTCZAK, | : CIVIL ACTION NO. 1:01-1163 |
| Plaintiff | : (RAMBO, J.) |
| v. | : (MANNION, M.J.) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : |
| Defendants | : |

FILED
WILKES BARRE
JUL - 9 2001
MARY E. D'ANDREA, CLERK
Per ___ DEPUTY CLERK

## MEMORANDUM AND ORDER

Before the court is a motion filed by the plaintiff for the appointment of counsel. (Doc. No. 5).

In Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975), the court held that a federal court is authorized to **request**, in its discretion, an attorney to represent any person unable to employ counsel. However, in Mallard v. U.S. District Court, 490 U.S. 296 (1989), the court held that 28 U.S.C. § 1915(d) does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.

Moreover, the plaintiff has no constitutional or statutory right to appointment of counsel in a civil case. While the court does not have the power to appoint counsel under 28 U.S.C. § 1915(d), see Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981), the Third Circuit has stated that appointment of counsel should be made

> only. . .upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting. . .from (a) probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.

Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d. Cir. 1984).

In <u>Tabron v. Grace</u>, No. 92-7018 (3d Cir. Oct. 5, 1993), the United States Court of Appeals for the Third Circuit did not set aside its holding in <u>Smith-Bey</u>. Rather, the court elaborated by setting forth a number of factors the court should consider when deciding whether to appoint counsel under 28 U.S.C. § 1915(d). The court in <u>Tabron</u> discussed the following factors: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience and the restraints placed on the plaintiff by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony. <u>Tabron</u>, <u>supra</u>, No. 92-7018, slip. op. at 13-15.

The plaintiff's complaint indicates that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney. A review of the record of this case suggests that plaintiff can, given the leeway afforded to <u>pro se</u> litigants, adequately present his case and follow the applicable Rules. The plaintiff is literate and is able to communicate his thoughts to the court. His filings this far have been understood, and they indicate that plaintiff is capable of pursuing his complaint without the benefit of appointed counsel. The issues raised by plaintiff do not appear to be complex.

Thus, for the foregoing reasons, the plaintiff's request for court-appointed counsel will be denied.

2

**NOW, THEREFORE, IT IS ORDERED THAT**

the plaintiff's motion for appointment of counsel (Doc. No. 5) is denied.

_____
MALACHY E. MANNION
United States Magistrate Judge

Dated:    July 9, 2001

3

## Certificate of Service

I, Richard Wojtczak, hereby certify that I have mailed a true and correct copy of these — Objections to the Magistrate-Judge Report-Recommendations-Findings, Denying appointment of Legal counsel To:

| | |
|---|---|
| Clerk of Courts | Magistrate-Judge |
| Middle District of Penna. | Malachy E. Mannion |
| U.S. District Court | U.S. District Court |
| 228 Walnut St. | Middle District of Penna. |
| P.O. Box 983 | 235 N. Washington Ave. |
| Harrisburg, Pa. 17108 | P.O. Box 1148 |
| 4 copies | Scranton, Pa. 18501 |
| | 1 copy |

On this 17th day of July 2001.

Respectfully submitted,

s/ Richard Wojtczak
Richard Wojtczak AF5977
1100 Pike St.
Huntingdon, Pa. 16654-1112