In The United States District Court

Middle District of Pennsylvania

2 To N

Richard Wojtczak,    ORIGINAL    Civil Action
                Plaintiff

Vs.

Penna. Dept of Corrections, et al.    No: 1: 01-1163
                Defendants
                                        ( Rambo, J. )
                                        (Mannion, M.J.)

(10 (?)
7/19/0
ASM

Plaintiff's Objections

To

Magistrate - Judge

Report - Recommendations - Findings

Dismissing Plaintiff's Civil Action

Memorandum of Law

**FILED**
HARRISBURG

JUL 1 9 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

Dated: 7-17-01                Respectfully Submitted

                             s/ Richard Wojtczak
                             Richard Wojtczak AF5977
                             1100 Pike St.
                             Huntingdon, Pa. 16654-111

# Table of Citations

Brown V. U.S., 742 F2d 1488 (DC Cir. 1984) cert. den. 105 S ct 2153 (1985)

Cardo V. Lakeland Cent. School Dist., 592 F Supp. 765 (SDNY 1984)

Felder V. Casey, 108 S ct 2302 (1988)

Finley V. Giacobbe, 827 F. Supp. 215 (SDNY 1993)

Nolan V. Wheatley, 835 F Supp. 476 (ND Ill. 1993)

Penna. Dept. of Corrections V. Yesky, 118 S ct 1952 (1995)

Smith V. Barton, 914 F2d 1330, 1338 (9 Cir. 1990) cert. den. 111 S ct 2825 (1991)

## Regulatory References

28 CFR 35.105

28 CFR 35.107

28 CFR 35.130

28 CFR 35.135

28 CFR 35.140

28 CFR 35.150

28 CFR 35.170

28 CFR 35.178

## Other Provisions

Americans With Disabilities Act of 1990 - Rehabilitation Act of 1973 (ADA)

ADA, Title II, II 3.4000

ADA, Title II, II 3.4100

ADA, Title II, II 4.1000

ADA, Title II, II 5.0000

ADA, Title II, II 6.3300

ADA, Title II, II 8.2000

Your plaintiff, Richard Wojtezak, herein Objects to the Magistrate-Judge, Report-Recommendation-Findings dismissing his American With Disabilities Act of 1990-Rehabilitation Act of 1973 (hereafter ADA) for failure to exhaust administrative remedies. (copy of same attached)

The Honorable Court has simply and plainly misread plaintiff's Complaint.

Plaintiff DOES NOT bring a claim before the Court ... that the Penna. Dept. of Corrections AND other defendants have "violated" their own 'administrative guidelines/procedures/customs/policy statements' DC-ADM 006.

Your plaintiff alludes to, makes mention of DC-ADM 006 SOLELY for the assistance and convenience, reference for the court. That the defendants cannot claim ignorance to the ADA, and that the ADA does not apply to them. Also to emphasize the fact, to the court, that the defendants HAVE NOT been in compliance with the ADA from its effective date JAN. 26, 1992 to present ... 9 YEARS! ... ADA, Title II, II 4.1000 General, regulatory reference 28 CFR 35.140; ADA, Title II, II 5.0000 Program accessibility, reg. reference 28 CFR 35.140; ADA, Title II, II 6.3300 Types of Facilities, reg. ref. 28 CFR 35.140, ADA, Title II, II 8.2000 Self Evaluation, reg. ref. 28 CFR 35.105-35.107, 35.150 (c) and (d)

The defendants have discriminated against the plaintiff because of his disabilities ... this DOES VIOLATE the Federal Law (ADA). ADA, Title II, II 3.4000 and ADA, Title II, II 3.4100, reg. ref. 28 CFR 35.130, 35.135

Your plaintiff, Richard Wojtezak, DOES bring a claim before this court ... that the defendants have discriminated against him because of his disabilities ... AND this discrimination DOES VIOLATE the ADA, Federal Law. Your plaintiff DOES state a claim and is properly before this Honorable Court with

①

his claim __ _Penna. Dept. of Corr. V. Yesky_, 118 SCt 1952 (1995).
A prudent reading of plaintiff's
claim — civil action definately presents
a claim under the _ADA_. (plaintiff's
complaint attached).

The magistrate-judge has arbitrarily and erroneously turned plaintiff's
complaint-claim under the ADA, discrimination by the defendants
against plaintiff because of his disablities, into some sort of
'violation' by the defendants of their own 'administrative guidelines/
procedures/ customs/policy statements __ _ _ _ _ _
_ _ _ _ and dismissed plaintiff's
complaint for the plaintiff's
Failure to exhaust administrative
Remedies'.

This inconsistant, inaccurate, deviation, by the magistrate-judge,
clearly ignores the United States Supreme Court's holding in _
(_Finley_ V. ~~Giacobbe~~, 827 F.Supp. 215 (S.D.N.Y 1993) citing The Supreme Court in
_Felder_ V. ~~~~, 108 SCt 2302 (1988) __ the notice-of-claim (exhaustion
of administrative remedies) requirement is inconsistent in both the purpose
and objective of federal civil rights law and that principles of federalism
as well as the supremacy clause dictate that such a requirement
must give way to vindication of a federal right. The court also
wrote that it fully agreed with the near unanimous conclusion
of the federal courts that notice-of-claim (exhaustion of administrative
remedies) provisions are inapplicable to §1983 actions brought
in federal court. see also _Brown_ v. U.S., 742 F2d 1488 (D.C.Cir. 1984)
cert den. 105 SCt 2153 (1985).

Under 'Felder' supra., it is clear that _Cardo_ V. _Lakeland Cent. School Dist._,
592 F.Supp. 765 (SDNY 1984) is a dead letter.

A careful reading of _Nolan_ V. _Wheatley_, 835 F.Supp. 476 (N.D.Ill. 1993)
the 'Nolan' court spoke in No uncertain, ambiguous, vague

②

language - - - that the _ADA_, _DOES NOT_ require complaintants to exhaust administrative remedies. - - - claims under Title ? of the _ADA_, _DO NOT_ require _exhaustion of administrative remedies_ _Smith V. Barton_, 914 F.2d 1330, 1338 (9 Cir. 1990) cert den 111 Sct 2825 (1991) - - see "Nolan" at 482 (6-7) and other citations.

- - the regulations specifically provide that although (federal) agencies are available to hear claims under the ADA, plaintiff's are _NOT_ required to file with the agencies _PRIOR_ to filing in federal court - - 28 CFR 35.170-178 (1993) - see "Nolan" at 483 (8) and other citations.

- - - the _ADA_ requires the establishment of administrative procedures for resolution of complaints, but _DOES NOT_ require complainants to exhaust administrative remedies. The Committee Reports make clear that Congress intended to provide a private right of action with the full panoply of remedies for individual victims of discrimination.

Because the _ADA_, _DOES NOT_ require exhaustion of administrative remedies, the complainant may elect to proceed with a private suit at ~~any time~~ - - Nolan V. Wheatley, supra. at 483 (8) and other citations ~~the~~ _ADA_; _Does NOT_ require complainants _to_ exhaust administrative remedies _PRIOR_ to instituting litigation. The enforcement of the ADA, is _NOT LIMITED_ to the available administrative remedies and procedures, rather, complainants have a private right of action and may elect to proceed with a civil suit at any time - - Nolan V. Wheatley, supra. at 484-485 (10-12-13-14) and other citations.

For these citations of law, this Honorable Court _must not_ dismiss plaintiff's claims - civil action.

Respectfully Submitted,

s/ Richard Hartzk̲e̲

Richard Hartzke AE5977

1100 Pike St.

Huntingdon, Pa. 16654-1112

(3)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,                   : CIVIL ACTION NO. 1:01-1163

    Plaintiff                       : (RAMBO, J.)

    v.                              : (MANNION, M.J.)

PENNSYLVANIA DEPARTMENT OF          :
CORRECTIONS, et al.,
                                    :

    Defendants                      :

                                    :

N O T I C E

**FILED
WILKES BARRE**

JUL - 9 2001

MARY E. D'ANDREA, CLERK
Per _____
    DEPUTY CLERK

TO:    Richard Wojtczak, Reg. No. AF-5977
        SCI-HUNTINGDON
        1100 Pike Street
        Huntingdon, PA     16654-1112

    NOTICE IS HEREBY GIVEN that the undersigned has entered
the following:    **Report and Recommendation of Magistrate
             Judge Mannion dated 07/9/01.**

Any party may obtain a review of the magistrate judge's above
proposed determination pursuant to Rule **72.3**, M.D.PA, which
provides: **72.3 REVIEW OF REPORTS AND
                RECOMMENDATIONS OF MAGISTRATE
                JUDGES ADDRESSING CASE DISPOSITIVE
                MOTIONS**

    Any party may object to a magistrate judge's proposed
findings, recommendations or report addressing a motion or matter
described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation
for the disposition of a prisoner case or a habeas corpus
petition within ten (10) days after being served with a copy
thereof.    Such party shall file with the clerk of court, and
serve on the magistrate judge and all parties, written objections
which shall specifically identify the portions of the proposed
findings, recommendations or report to which objection is made

and the basis for such objections.   The briefing requirements set forth in Local  Rule 72.2 shall apply.   A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:    July 9, 2001**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD WOJTCZAK, | : CIVIL ACTION NO. 1:01-1163 |
| Plaintiff | : (RAMBO, J.) |
| v. | : (MANNION, M.J.) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : |
| | : |
| Defendants | : |
| | : |

FILED
WILKES BARRE

JUL - 9 2001

MARY E. D'ANDREA, CLERK

Per_____
DEPUTY CLERK

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the State Correctional Institution, Huntingdon, ("SCI-Huntingdon"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges that the defendants violated his rights with respect to Department of Corrections Policy Statement DC-ADM 006 relating to accommodations for inmates with disabilities. (Doc. No. 1). The filing fee having been paid, the complaint will now be given preliminary consideration.

Named as defendants to this action are the following employees and/or officials at SCI-Huntingdon: Jeffery A. Beard, Ph.D., Secretary of the Department of Corrections; Kenneth Kyler, Superintendent; P. Yarger, Health Administrator; Roger Kimber, M.D., Medical Director; P. Everhart, Nurse Supervisor; and Scott Walters, Unit Manager. In addition, the plaintiff has named the Pennsylvania Department of Corrections as a defendant to this action.

In sum, the plaintiff alleges in his complaint that on August 16, 1999, Policy Statement DC-ADM 006 was made effective, which establishes the policies and procedures to be used by prison

1

officials in providing reasonable accommodations for disabled inmates who qualify under the Americans with Disabilities Act, ("ADA"). The plaintiff alleges that he qualifies for special accommodations under the ADA in that he suffers from chronic degenerating bone disease, diabetes, a cyst condition and respiratory conditions, including shortness of breath and emphysema. The plaintiff alleges that, despite the provisions of DC-ADM 006, the named defendants failed to provide him with reasonable accommodations for eating and showering. As a result of the defendants' failure to provide him with reasonable accommodations, the plaintiff alleges that he did not receive any meals from October 5, 2000, through November 8, 2000, and was not able to shower from February 27, 2001, through April 4, 2001[1]. The plaintiff is seeking compensatory and punitive damages. (Doc. Nos. 1 & 2).

The Prison Litigation Reform Act of 1995, ("Act"), requires that prisoners must exhaust applicable administrative remedies prior to bringing an action in federal court. 42 U.S.C. § 1997(e)(a). Although the plaintiff is seeking only monetary relief in this case, he must still exhaust his administrative remedies, as the Act makes no distinction between claims for damages, injunctive

---

[1]Although the plaintiff alleges that he did not receive any meals for approximately one (1) month in late 2000, there is no indication from his complaint that he is currently being deprived of meals. Moreover, the plaintiff is apparently in good enough health to have prepared the instant complaint which is in excess of twenty (20) pages, along with a memorandum of law and supporting exhibits. Thus, there is no indication that the plaintiff is under any imminent danger or threat of harm which would require immediate consideration of the claims set forth in his complaint.

relief, or both.  <u>See</u> <u>Booth v. Churner</u>, ___ U.S. ___, 121 S.Ct.
1819 (2001)(Prison Litigation Reform Act (PLRA) requires
administrative exhaustion even where grievance process does not
permit award of money damages and prisoner seeks only monetary
damages, as long as grievance tribunal has authority to take some
responsive action); <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000)(§
1997e(a) requires an inmate to exhaust administrative remedies
prior to bringing a <u>Bivens</u> action regardless of the relief
requested).  In that connection, DC-ADM 804 was amended on May 1,
1998, to permit inmates to grieve issues that involve the seeking
of compensatory damages.  <u>See</u> <u>Booth</u>, <u>supra.</u>; <u>Nyhuis</u>, <u>supra.</u>

     With respect to the instant action, DC-ADM 006 sets forth the
administrative remedies which must be exhausted by an inmate
claiming that he has not been given adequate accommodations
pursuant to that Policy Statement.  DC-ADM 006(VI)(A)(4) provides:

> 4.  Request for Accommodation
>
>> a.  An inmate who has a disability
>> that he or she believes is not being
>> reasonably accommodated by the
>> Department shall submit a written
>> request for accommodation on **Form
>> DC-135A, "Inmate's Request to Staff
>> Member"** to the Facility ADA
>> Coordinator or designee.
>>
>> b.  The **DC-135A** must include the
>> inmate's specific disability(s) and
>> the specific accommodation or
>> service the inmate seeks.
>>
>> c.  The facility ADA Coordinator or
>> designee shall evaluate the request,
>> assess the claim for medical
>> validity, evaluate the inmate's
>> needs (if any), and recommend
>> accommodations that may be
>> necessary.
>>
>> d.  The Facility ADA Coordinator

3

will submit the recommendations to
the Facility Manager and the
Regional Deputy Secretary for final
determination. The safety and
security of the inmate and the
security of the facility will always
be the overriding concern.

e. The Facility Manager will notify
the inmate in writing of the final
determination within 20 working days
of the inmate making the initial
request.

f. An inmate who has a disability
that he or she believes is not being
reasonably accommodated by the
Department may submit a grievance
under Department policy **DC-ADM 804,
"Consolidated Inmate Grievance
Review System"**. Such grievance must
state the inmate's specific
disability or disabilities and the
specific accommodation or service
the inmate seeks. The Centralized
ADA Coordinator will conduct final
review of all ADA grievances
pursuant to **DC-ADM 804**.

(See Doc. No. 2, Attached DC-ADM 006).

There is no indication that the plaintiff has followed the

proper procedures for exhausting his administrative remedies. In

fact, the plaintiff indicates in his complaint that he did not file

a grievance with respect to the claims raised in his complaint

because he "[does] not have to exhaust administrative remedies for

Americans with Disabilities Act-Rehabilitation Act." (Doc. No. 1).

However, it is clear from the Policy Statement itself that there

are administrative remedies which must be exhausted prior to

bringing a § 1983 action in this court.

On the basis of the foregoing,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED** for

4

the plaintiff's failure to exhaust administrative remedies.


MALACHY E. MANNION
United States Magistrate Judge


Dated:     July 9. 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,                                    )        CIVIL ACTION
                         Plaintiff,                  )        No. _____
        vs.                                          )
                                                     )
PA DEPT. OF CORRECTIONS,                             )
                         Defendant, et al;           )
        and                                          )
JEFFERY A. BEARD, Ph.D., individually and in )
his official capacity as Secretary, Penna.           )
Dept. of Corrections                                 )
                         Defendant, et al;           )
        and                                          )
KENNETH KYLER, individually and in his offi- )
cial capacity as Superintendent, State Cor-          )
rectional Institution (SCIH) Huntingdon PA           )
                         Defendant, et al;           )
        and                                          )
P. YARGER, individually and in her official          )
capacity as Corrections Health  Administrator,)
State Correctional Institution, (SCIH) Hunt-         )
ingdon, Penna.                                       )
                         Defendant, et al;           )
        and                                          )
ROGER KIMBER, M.D., individually and in his )
official capacity as Medical Director, State         )
Correctional Institution (SCIH) Huntingdon PA )
                         Defendant, et al;           )
        and                                          )
P. EVERHART, individually and in her official )
capacity as Nurse Supervisor, State Correc-          )
tional Institution (SCIH)Huntingdon , PA             )
                         Defendant, et al;           )
        and                                          )
SCOTT WALTERS, individually and in his  of- )        JURY TRIAL DEMANDED
ficial capacity as Unit Manager, State Cor-          )
rectional Institution (SCIH)  Huntingdon, PA         )        Claims under;
                         Defendant, et al.           )        AMERICANS WITH DISABILITIES ACT
                                                              of 1990 & REHABILITATION ACT of
                                                              1973

## SUMMONS

        You are hereby summoned and required to serve upon Plaintiff Richard Wojtczak,
AF-5977, whose address is 1100 Pike Street, Huntingdon, PA 16654-1112, an answer to
the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.


Dated_____              _____

                                   Clerk of the Court

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AF-5977
_____

(Inmate Number)

RICHARD WOJTCZAK
_____

(Name of Plaintiff)

1100 PIKE STREET
_____

(Address of Plaintiff)

HUNTINGDON, PA 16654-1112
_____

vs.

PA DEPT. OF CORRECTIONS;
JEFFERY A. BEARD, Ph.D.;
KENNETH KYLER;
PATRICIA YARGER;
ROGER KIMBER, M.D.;
PATTY EVERHART;
SCOTT WALTERS.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

_____

(Case Number)

COMPLAINT

CLAIM UNDER:

AMERICANS WITH DISABILITIES
ACT of 1990 & REHABILITATION
ACT of 1973

TO BE FILED UNDER: __X__ 42 U.S.C. § 1983 - STATE OFFICIALS

_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  Previous Lawsuits

A.  If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

Wojtczak v. Cuyler, 480 F.Supp. 1288 (E.D.Pa. 1979)(J. Becker)

Civil Action against SCI Huntingdon (M.D.Pa. 1980)

Civil Action against Montgomery County Prison PA (1980)

Civil Action against Holmesburg Prison, Phila. PA (1980)

II.  Exhaustion of Administrative Remedies

A.  Is there a grievance procedure available at your institution?
__X__ Yes  _____ No

B.  Have you filed a grievance concerning the facts relating to this complaint?
_____ Yes  __X__ No

If your answer is no, explain why not  do not have to exhaust administrative

remedies for Americans With Disabilities Act - Rehabilitation Act

C.  Is the grievance process completed?  _____ ~~Yes~~  _____ ~~No~~  N/A

III.   Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A.   Defendant — _____ See pages 5 to 7 _____ is employed

as _____ at _____

B.   Additional defendants _____ See pages 5 to 7 _____

_____

_____

_____

IV.  Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1.   _____ See pages 7 to 14 _____

_____

_____

_____

2.   _____

_____

_____

_____

3.   _____

_____

_____

_____

V.    Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1.                                          See pages 19 - 20

2.

3.

Signed this _____11_____ day of _____June_____, 20__2001__.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

____6-11-01____                     _____
(Date)                              (Signature of Plaintiff)

3

## JURISDICTION OF THE COURT

Your Plaintiff, Richard Wojtczak, is properly before this Court with a claim under the Americans Disabilities Act of 1990, Title I, II, eff. Jan. 1992 and Rehabilitation Act with a 42 U.S.C.A. § 1983 Civil Action Complaint, 42 U.S.C. § 12101 et seq., and Plaintiff does not have to exhaust administrative remedies.  See Roe v. County Com'n of Monongalia County, 926 F.Supp. 74, 76-77 (N.D.W.Va. 1996); Bledsoe v. Palm Beach Cty. Soil & Water Conserv., 133 F.3d 816, 824-825 (11th Cir. 1998); Dertz v. City of Chicago, 912 F.Supp. 319, 323-325 (N.D.Ill. 1995); Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 118 S.Ct. 1952 (1998); Nolan v. Wheatley, 835 F.Supp. 476, 482 (N.D.Ind. 1993); Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990); Harris v. Thigpen, 941 F.2d 1495, 1521-1522 (11th Cir. 1991); Bonner v. Lewis, 857 F.2d at 561-564; Finley v. Giacoffe, 827 F.Supp. 215, 219 n.3 (S.D.N.Y. 1993).  28 U.S.C. §§ 1331, 1343; Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391(b); 42 U.S.C. § 12101 et seq..

## INTRODUCTION

Your Plaintiff, Richard Wojtczak, respectfully submits to this Honorable Court that he is a qualified individual with disabilities.

- 4 -

All defendants were at all times material to this action "employees" of the Penna. Dept. of Corrections (DOC), and/or "sub-contractors" employed by the Penna. Dept. of Corrections (DOC).

All defendants did, under color of State law and in consort with each other, violate Plaintiff's rights guaranteed by the <u>8th and 14th Amendments</u> of the U.S. Constitution . . . and Plaintiff's rights as contained in the <u>Americans with disabilities Act of 1990, the Rehabilitation Act</u> . . . <u>Titles I, II; 42 U.S.C. § 12101 et seq.</u> . . . with deliberate indifference, and acted wantonly with gross disregard to the serious life threatening medical conditions of the Plaintiff as to cause unnecessary and wanton infliction of pain and suffering upon your <u>disabled Plaintiff.</u>

## PARTIES

1. Defendant <u>Penna. Dept. of Corrections</u>, official who supervised the defendants who mistreated Plaintiff, who was supposed to know what was going on and keep it from happening. P.O. Box 2520 Lisburn Rd., Camp Hill, Pa. 17001-0598.

2. Defendant <u>Jeffery A. Beard, Ph.D.</u>, Secretary Penna. Dept. of Corrections, P.O. Box 598, 2520 Lisburn Rd., Camp Hill, Pa. 17001-0598, Official who supervised other defendants who mistreated Plaintiff, who was supposed to know what was going on and keep it

- 5 -

from happening.

3. Defendant <u>Kenneth Kyler</u>, Superintendent of the State Correctional Institution at Huntingdon, Penna. (SCIH), 1100 Pike Street, Huntingdon, PA 16652.  Official who supervised other defendants who mistreated Plaintiff.

4. Defendant <u>P. Yargar</u>, Corrections Health Care Administrator, State Correctional Institution at Huntingdon, Penna. (SCIH), 1100 Pike Street, Huntingdon, PA 16652.  Official who approves, or denies, treatment to inmates, who also supervised other defendants that mistreated Plaintiff.

5. Defendant <u>Roger Kimber, M.D.</u>, Medical Director, State Correctional Institution at Huntingdon. Penna. (SCIH), 1100 Pike Street, Huntingdon, PA 16652.  Official who prescribes and delivers treatment to inmates who also participated with other defendants that mistreated Plaintiff.

6. Defendant <u>P. Everhart</u>, Nurse Supervisor, State Correctional Institution at Huntingdon, Penna. (SCIH), 1100 Pike Street, Huntingdon, PA. 16652.  Official who supervises treatment delivered to inmates, who also participated with other defendants that mistreated Plaintiff.

7. Defendant <u>Scott Walters</u>, Unit Manager of BA Block, State

- 8 -

Correctional Institution at Huntingdon, Penna. (SCIH). 1100 Pike
Street, Huntingdon, PA 16652.  Official who supervises and coordi-
nates treatment delivered to inmates, who also participated with
other defendants that mistreated Plaintiff.

### STATEMENT OF CLAIM

8. Plaintiff, <u>Richard Wojtczak</u>, is an incarcerated inmate at
the State Correctional Institution at Huntingdon, Penna., Penna.
Department of Corrections System. (SCIH).

9. <u>Plaintiff is a qualified individual with disabilities</u>.
Plaintiff suffers from a <u>chronic, degenerating bone disease</u> in
both knees, hips, and disc in spine.  This chronic disease is an
incurable medical condition.

10. Even with the use of a cane, it is extremely difficult
and painful for Plaintiff to walk long distances, walk for any
length of time, standing for any length of time.  It is extremely
painful for Plaintiff to walk up and down stairs.

11. Plaintiff is an <u>insulin dependant diabetic</u>, taking <u>3</u>
<u>injections</u> of insulin per day, <u>260 units per day</u>.  Plaintiff must
eat at least <u>3 meals per day</u> in order to achieve the insulin-food
balance required to keep his diabetes under control.

- 7 -

12. <u>Food</u>, eating at least <u>3 meals per day</u> along with <u>taking insulin</u> is <u>part of the treatment of diabetes</u>.

13. Plaintiff also seffers from a <u>cyst condition</u>.  Plaintiff needs to <u>shower</u> regularly as part of the treatment for this <u>cyst</u> condition.  <u>Cysts</u> occur on <u>face and scalp</u> (and other areas), that get very large, are painful, and turn to open sores with a dischage. <u>Cysts</u> cause disfigurement with scarring.

14. Plaintiff also has <u>respiratory conditions</u>, "Chronic Obstructive Pulmonary Disease" (COPD), <u>shortness of breath</u>, <u>high blood pressure</u>, and some <u>emphysema</u>.

15. All of these medical conditions of the Plaintiff are well documented in Plaintiff's medical records at SCIH.  All of the defendants are well aware of Plaintiff's disabling medical conditions.

## INSTITUTIONAL MEALS

16. In the latter part of the <u>year 2000</u>, Plaintiff's degenerating bone disease deteriorated to where he could no longer walk to and from the dining hall <u>to eat his meals</u>.

17. On or about <u>September 30, 2000</u>, Dr. Reiners approved an order for Plaintiff to <u>eat his meals in his cell</u>.  Approval was

- 8 -

only for one week, Plaintiff was told to see <u>Dr. Bardell</u>, acting medical director, to extend this approval.

18. On <u>October 2, 2000</u>, Plaintiff saw <u>Dr. Bardell</u> and he extended said order for Plaintiff <u>to be fed in his cell for 6 months</u>.

19. On <u>October 5, 2000</u>, Plaintiff was told by Sargt. Heckman that "feed in cell order" had been cut/terminated. Plaintiff then spoke with Defendant Scott Walters, Unit Manager of Plaintiff's cell block, and he (Walters) told Plaintiff that he (Walters) had taken care of "feed in" order . . . "the order has come down, everything is taken care of." However, Plaintiff still had not been fed!

20. On <u>October 6, 2000</u>, Defendant R. Kimber, M.D. (the new Medical Director at SCIH) told Plaintiff that he (Kimber) was instructed by the Deputy Superintendent to tell Plaintiff: (a) that he (Plaintiff) would not be fed in his cell [because this was an "inconvenience for the guards"] and; (b) that he (Plaintiff) would have to walk to the dining hall like everyone else! Plaintiff then asked Defendant Kimber the name of the Superintendent of which there was no response!

21. On or about <u>October 5, 2000</u> to <u>**November 8, 2000**</u>, Plaintiff received <u>no</u> meals from SCIH: (a) because of Defendants

- 9 -

Walters' and Kimber's deliberate, willful and wanton refusal to have meals delivered to Plaintiff's cell, and; (b) because of Plaintiff's inability to walk to the dining hall due to his chronic degenerating bone disease in both knees, hips and disc in spine.

22. On or about <u>October 5, 2000</u> to <u>November 8, 2000</u>, Plaintiff advised Defendants Kimber, Walters and Everhart, on numerous occasions, that he (plaintiff) was not being fed by the institution. The Defendants' answers ranged from no response at all to "I will let you know", "we are having meetings on that", "I wll get back to you", "I'll find out", "I'm waiting to hear from medical", "I'm waiting to hear from the unit manager", "we are having meetings to see what is available for you."

23. <u>Richard Wojtczak</u>, your Plaintiff, is a qualified indivi-dual with diabetes . . . insulin dependant diabetic, degenerating bone disease in both knees, hips, disc in spine, respiratory condition - COPD - shortness of breath - high blood pressure, and some emphysema.  The deliberate indifference and wanton disregard for Plaintiff's disabilities exhibited by the defendants inflicted pain and suffering on Plaintiff, placed Plaintiff in a life threatening condition.  Plaintiff experienced headaches, dizziness, blurry vision, nausia, stomach pain, overall body pain, light headiness, faintness, pain from the large cysts, and disfigurement of face scalp by scarring from these cysts.

## PERSONAL HYGIENE - SHOWERS

24. The Defendants' wanton, capricious, reckless disregard for Plaintiff's disabilities and basic human needs continues.

25. Your Plaintiff, Richard Wojtczak, also suffers disabling respiratory conditions . . . COPD, shortness of breath, high blood pressure, some emphysema.  These conditions are also well documented in Plaintiff's medical file at SCI Huntingdon, Pa.. All of the defendants are well aware of these disabling conditions of the Plaintiff.

26. Because of the aforementioned respiratory conditions, for the last several years the Plaintiff was approved to <u>shower</u> in the infirmary-medical dept..  Due to the heat and steam in the general population cell block showers, the Plaintiff cannot <u>shower</u> there because he gets dizzy, lightheaded, faint, and on the verge of passing out.

27. The latest approval for these <u>shower</u> arrangements in the infirmary was granted by <u>Defendant Dr. R. Kimber</u> for one year, until December 2001.  In addition to Plaintiff, there were several other inmates <u>showering</u> in the infirmary-medical dept. for various reasons.

28. On <u>February 27, 2001</u>, Plaintiff was told by medical

staff that he could no longer <u>shower</u> in the infirmary, these "<u>showers</u> were being closed down." Plaintiff was told to contact <u>Defendant Scott Walters</u> as to where Plaintiff was to <u>shower</u>.

29. On <u>February 27, 2001</u>, your Plaintiff wrote a request slip to <u>Defendant Scott Walters</u>, unit manager, as to where he should <u>shower</u>. <u>Defendant Scott Walters</u>' response was "I have asked medical to re-evaluate your ability to shower with the general population. When they respond to me <u>I will let you know</u>.

30. On <u>March 1, 2001</u>, Plaintiff spoke with <u>Defendant Dr. R. Kimber</u>, as to where he was to <u>shower</u>. Plaintiff and <u>Defendant Kimber</u> discussed again Plaintiff's respiratory conditions and his inability to <u>shower</u> in general population cell block <u>showers</u>. <u>Defendant Kimber</u> told Plaintiff that <u>he would let him know where he could shower</u>.

31. On <u>March 14, 2001</u>, Plaintiff spoke with <u>Defendant Patty Everhart</u>, Nurse Supervisor, about where he was to <u>shower</u>. Plaintiff again discussed his respiratory conditions and general population cell block showers. <u>Defendant Everhart</u> informed Plaintiff that she was <u>waiting to hear</u> from <u>Defendant Scott Walters</u> as to what was available for the Plaintiff.

32. On <u>March 14, 2001</u>, Plaintiff asked <u>Defendant Everhart</u> why he could <u>not shower</u> in the ATA room shower. <u>Defendant Everhart</u>

- 12 -

told Plaintiff "that the deputy superintendent said the ATA room shower is off-limits, absolutely NO one is to shower in the ATA room shower. Plaintiff then asked <u>Everhart</u> which "deputy superintendent" told her that? However, there was no response! Plaintiff then explained to <u>Everhart</u> that there were already three inmates showering in the ATA room shower and, still, there was no response from <u>Everhart</u>!

33. The <u>three inmates showering</u> in the <u>ATA room shower</u> . . . <u>one</u> of these inmates has <u>respiratory conditions</u> . . . <u>one</u> of these inmates has leg and back conditions . . . <u>third</u> inmate's medical problems are unknown to Plaintiff.

34. At least two of the inmates showering in the ATA room shower have almost identical medical conditions as Plaintiff, however, Plaintiff still was not permitted to shower in the ATA room shower.

35. From <u>February 27, 2001 to April 4, 2001</u>, the defendants denied Plaintiff to <u>shower</u>. The defendants were well aware of this situation.

36. Plaintiff suffers from a painful and serious <u>cyst condition</u>. This medical condition is well documented in Plaintiff's medical file at SCI Huntingdon, Penna.. The defendants are well aware of this medical condition.

- 13 -

37. When Plaintiff does not <u>shower</u> regularly he breaks out in these <u>cysts</u>. These <u>showers</u> are part of the treatment for these <u>cysts</u>. These <u>cysts</u> occur on face and scalp (and other areas), they get very large, are painfull, and they turn into open sores with discharge. These <u>cysts</u> cause disfigurement with scarring.

38. By not being permitted to <u>shower</u> for <u>over one month</u>, Plaintiff did break out with these <u>cysts</u> on face, neck and chest.

## <u>CAUSE OF ACTION</u>

This <u>Cause of Action</u> is to be incorporated against <u>each and all defendants</u> herein as though fully set forth <u>to each and all defendants</u>. The allegations in paragraphs 1 to 38 herein are also incorporated by reference herein as though fully set forth.

<u>Your Plaintiff, Richard Wojtczak, is a qualified individual with disabilities as previously discussed herein</u>. All of the defendants, in their entirety, in this cause of action, has shown deliberate indifference and wanton disregard for the health, safety, and life of this Plaintiff, by intentionally refusing to provide to your disabled Plaintiff, the most basic human needs of minimal civilized measures of life's necessities. This offends the evolving standards of decency and being repugnant to the conscience of mankind . . . did with full knowledge, <u>discriminate against Plaintiff because of his disabilities</u>, did violate Plain-

tiff's rights under the <u>8th</u> and <u>14th</u> Amendments of the U.S. Constitution — and did violate Plaintiff's rights as contained in the <u>Americans With Disabilities Act of 1990 - Rehabilitation Act of 1973</u>.

Each defendant, at all times, did have full knowledge of Plaintiff's disabilities <u>and</u> did have full knowledge of the Penna. Dept. of Corrections policies - directives - customs.

The Penna. Dept. of Corrections issued a policy statement on <u>June 28, 1999, effective August 16, 1999</u> . . . "Reasonable Accommodations for inmates with Disabilities", <u>DC-ADM 006</u>. This policy explains the <u>Americans With Disabilities Act of 1990</u>.

With their usual arrogance, these defendants in their entirety, completely ignored their own policies, specifically <u>DC-ADM 006</u> . . . <u>did not feed</u> Plaintiff for one month . . . <u>did not allow</u> Plaintiff to <u>shower</u> for one month . . . and <u>did not</u> make "Reasonable Accommodations" for this disabled Plaintiff. These "accommodations" would <u>Not</u> have created an expense or hardship for the defendants. Plaintiff could have been <u>fed</u> in his cell. (Other inmates on the same cell block as Plaintiff were <u>fed</u> in their cells). Plaintiff could have <u>showered</u> in the ATA room <u>shower</u>. (Other inmates were already <u>showering</u> in the ATA room <u>shower</u>).

Defendants failed to remedy violations against this disabled Plaintiff with deliberate indifference, and with malicious, wanton state of mind. The defendants, with deliberate indifference, and malicious, wanton state of mind to Plaintiff's disabilities . . . diabetes, degenerating bone disease, respiratory ailments,

- 15 -

cyst condition . . . did injure and cause Plaintiff unnecessary
pain and suffering.

Penna. Dept. of Corrections, Defendant, et al is a government
entity, which is responsible for the health and safety of the
inmates incarcerated in the State Correctional Institutions in
Penna.. Penna. Dept. of Corrections issues policies - directives
to each state correctional institution in Penna., for the mainte-
nance and overall operations of said institutions. Defendant
Jeffery A. Beard, Ph. D., the Secretary, Penna. Dept. of Correc-
tions, is a decisionmaker and has the authority to establish
"entity" policy, and the authority to enforce the policy statement-
directives issued by the Penna. Dept. of Corrections. This
establishes the Penna. Dept. of Corrections liability.

Jeffery A. Beard, Ph.D., Defendant, et al, Secretary, Penna.
Dept. of Corrections, is a decisionmaker and has the authority to
establish "entity" policy and the authority to enforce "entity
policy" and the authority to be certain policy is complied with,
specifically DC-ADM 006. Under his supervision any action, in
the instant case non-action to enforce compliance with DC-ADM 006
reflects the official government entity policy. In this instant
case Defendant Beard failed to enforce compliance with policy DC-
ADM 006, at SCI Huntingdon, Penna..

Kenneth K. Kyler, Defendant, et al, Superintendent, State

- 16 -

Correctional Institution at Huntingdon, Penna..  Defendant Kyler
has the supervisory authority to enforce compliance with DC-ADM
006, at SCI Huntingdon, Penna..  In this instant case, Defendant
Kyler failed to enforce compliance with DC-ADM 006 at SCI Hunting-
don, Penna..

P. Yarger, Defendant, et al, Corrections Health Care Adminis-
trator, State Correctional Institution at Huntingdon, Penna..
Approval Orders by doctors for inmates are recorded by Defendant
P. Yarger.  Defendant P. Yarger has the supervisory authority to
enforce compliance with DC-ADM 006 at SCI Huntingdon, Penna..  In
this instant case, Defendant P. Yarger failed to enforce compliance
with DC-ADM 006 at SCI Huntingdon, PEnna..

Roger Kimber, M.D., Defendant, et al, Medical Director,
State Correctional Institution at Huntingdon, Penna..  Defendant
Kimber knows of policy DC-ADM 006 because it addresses medical
issues.  If Defendant Kimber does not have the authority to
enforce compliance with policy DC-ADM 006, Defendant Kimber,
himself did not comply with policy DC-ADM.

P. Everhart, Defendant, et al, Nurse Supervisor, State
Correctional Institution at Huntingdon, Penna..  Defendant Everhart
knows of policy DC-ADM 006 because it addresses medical issues.
If Defendant Everhart does not have the authority to enforce
compliance with policy DC-ADM 006, Defendant Everhart, herself,

failed to comply with policy <u>DC-ADM 006</u>.

Scott Walters, Defendant, et al, Unit Manager, State Correc-
tional Institution at Huntingdon, Penna.. <u>Defendant Walters</u> had
full knowledge of Plaintiff's disabilities, and was involved in
Plaintiff "being fed", and "showers" for the Plaintiff. <u>Defendant</u>
<u>Walters</u> failed to act despite his knowledge of a substantial risk
of serious harm to Plaintiff. <u>Defendant Walters</u> knows of policy
<u>DC-ADM 006</u> by way of his supervisory position as Unit Manager.
If Defendant Walters does not have the authority to enforce
compliance with <u>DC-ADM 006</u>, Defendant Walters, himself, failed to
comply with <u>DC-ADM 006</u>.

### DEFENDANTS

<u>Penna. Dept. of Corrections</u>; <u>Jeffery A. Beard, Ph.D.</u>; <u>Kenneth</u>
<u>Kyler</u> all have the necessary authority to enforce compliance with
<u>policy DC-ADM 006</u> . . . and were grossly negligent in the manage-
ment of subordinates, allowing the discrimination against the
Plaintiff because of his disabilities. They failed to act despite
their Knowledge of substantial risk of serious harm, pain and
suffering of disabled inmates - Plaintiff. This failure to act
caused Plaintiff unnecessary pain, suffering and injury.

<u>Kenneth Kyler</u>; <u>P. Yarger</u>; <u>Roger Kimber, M.D.</u>; <u>P. Everhart</u>;
<u>Scott Walters</u> <u>all</u> have the necessary authority to comply with

- 18 -

policy <u>DC-ADM 006</u>.  They were grossly negligent in management,
failing to terminate the <u>discrimination</u> against this Plaintiff
because of his disabilities.  They failed to act despite their
knowledge of substantial risk of serious harm, pain and suffering
to the disabled Plaintiff.  This failure to act caused Plaintiff
unnecessary pain, suffering and injury.

<u>All of the defendants</u> acted with a sufficiently culpable
state of mind.  A state of mind of deliberate indifference shown
by actions characterized by wantoness, a wanton infliction of
pain upon this Plaintiff, causing injury.  The defendants' acts
were a serious deprivation of basic human needs, of the minimal
civilized measure of life's necessities which a civilized society
can not tolerate, NO, must not tolerate.

### <u>RELIEF</u>

Your Plaintiff, Richard Wojtczak, brings this action against
the defendants in <u>BOTH</u> their individual <u>AND</u> official capacities.

Wherefore, Plaintiff respectfully prays that this Honorable
Court enter judgment granting Plaintiff:

1. <u>Punitive Damages</u> in the amount of $1,500,000.00 to Plain-
tiff from all defendants and each of them;

- 19 -

2. <u>Compensatory Damages</u> in the amount of $1,000,000.00 to Plaintiff from all defendants and each of them;

3. <u>Future Damages</u> in the amount of $500,000.00 to Plaintiff from all defendants and each of them for injuries, medical conditions not yet apparent at $50,000.00 a year for ten years;

4. Trial by Jury on all issues triable by jury;

5. The costs and disbursement of this action, including reasonable attorney fees and costs;

6. All federal monies being given to the PA Dept. of Corrections be terminated until such time as the PA Dept. of Corrections fully complies with the Americans with Disabilities Act of 1990, Rehabilitation Act of 1973;

7. Such other and further relief as the Court deems necessary, appropriate and equitable.

Respectfully submitted,

Richard Wojtczak, *pro se*
AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112

# Certificate of Service

I, Richard Wojtczak, hereby certify that I have mailed a true and correct copy of this __ Plaintiff's Objections to Magistrate - Judge, Report - Recommendations - Findings Dismissing Plaintiff's Civil Action __ TO:

| Clerk of Courts | Magistrate - Judge |
| U.S. District Court | Malachy E. Mannion |
| Middle District of Penna. | U.S. District Court |
| 228 Walnut St. | Middle District of Penna. |
| P.O. Box 983 | 235 N. Washington Ave. |
| Harrisburg, Pa. 17108 | P.O. Box 1148 |
| 4 copies | Scranton, Pa. 18501 |
| | 1 copy |

On this 17th day of July 2001.

Respectfully submitted,

s/ Richard Wojtczak
Richard Wojtczak AF5977
1100 Pike St.
Huntingdon, Pa. 16654-1112