In The United States District Court
Middle District of Pennsylvania

Richard Wojteyak,
                    Plaintiff

Vs.

Penna. Dept. of Corrections,
                    Defendants, et al.

Civil Action

No: 1: CV 01-1163

FILED

AUG 02 2001

PER _____
HARRISBURG, PA.   DEPUTY C

## Notice of Appeal

I, Richard Wojteyak, hereby appeal the order entered on July 25, 2001 (a copy of order is attached hereto) to the United States Court of Appeals for the Third Circuit.
dismissing Civil Action 1: CV01-1163

Dated: 7-31-01

Respectfully Submitted,

s/ Richard Wojteyak

Richard Wojteyak AF5977
1100 Pike St.
Huntingdon, Pa. 16654-1112
c/c

For The Court:

Your appellant, in his American With Disabilities Act of 1990 - Rehabilitation Act of 1973 claim before this Honorable Court erroneously cited Title I of the ADA in his §1983 complaint. However, appellant properly cited Title II of the ADA in his §1983 Complaint.

With Title II of the ADA, appellant CAN assert his claims against "Commonwealth defendants" -- See ADA, Title II, II-1.2000; ADA Title II, II-1.0000; Regulatory reference: 28 CFR 35.102, 35.104. Also, Section 504 of the Rehabilitation Act is applicable only Federally employed personnel, if appellant has erroneously cited section 504, this court can disregard.

Appellant has properly cited ADA Title II, II-1.0000, & 1.2000, which applies to all "activities", "services", provided or operated by State and local governments -- i.e. "Public Entity".

The District court committed error in dismissing appellants complaint and Motion to appoint Legal Counsel.

1. District court did NOT give appellant an opportunity to correct error(s) in complaint BEFORE dismissing Neitzke V. Williams, 109 Sct 1827 (1981); Slanger V. Getzin, 148 FRD 691, 698 (D.Neb. 1993); McGuckin V. Smith, 974 F2d 1050-55 (9Cir. 1992); Platsky V. Cir. A, 953 F2d 28 (2Cir. 1991).

2. The "Commonwealth defendants" are NoT immune from suit - civil actions -- appellant is suing the "Commonwealth defendants" BOTH in their - individual AND OFFICIAL capacities - Mondell V. N.Y. City Dept. of Social Service, 98 Sct 2018 (1978); Schmitz V. Monroe County, 954 F2d 1540, 1543 (11 Cir. 1992); Fay V. South Colonie Cet Schl Dist, 802 F2d 21, 27 (2 Cir. 1986); individual and official capacities - Hafer V. Melo, 112 Sct 358, 364-365 (1991); Scheuer V. Rhodes, 94 Sct 1683 (1974); Farid V. Smith, 850 F2d 917, 921 (2Cir. 1988).

3. A careful and through reading of appellant's § 1983 complaint and Memorandum of Law filed with the District Court clearly shows that <u>ALL</u> the defendants are <u>NOT</u> immune from suits and money damages – Harlow V Fitzgerald, 102 Sct 2727 (1982); Anderson V. Creighton, 107 Sct 3034 (1987); Davis V. Scherer, 104 Sct 3012 (1984) – Howard V. Adkison, 887 F2d 134, 140 (8 Cir. 1989)

4. With an ADA claim, appellant does Not have to "exhaust administrative remedies" – appellant does "state a cause of action - claim" and is properly before the court his § 1983 civil action – Penna. Dept. of Cor. V. Yesky, 118 Sct 1952 (1995) appellant does NOT have to "exhaust administrative remedies" – Finley V. Giacobbe, 827 F. Supp 215 (S.D.N.Y 1993); Felder V. Casey, 108 Sct 2302 (1988); Brown V. U.S, 742 F2d 1498 (D.C. Cir. 1984) cert den 105 Sct 2153 (1985); Nolan V. Wheatley, 835 F. Supp. 476 (N.D. Ill. 1993); Smith V. Barton, 914 F2d 1330, 1338 (9 Cir. 1990) cert den, 11 Fg 1385 (1991); 28 CFR 35.170-178.

5. Appellant has "stated a cause of action - claim" ALL the defendants persist in their discrimination against the appellant because of his disabilities – dispite the resultant pain and suffering and risk of personal-permanent injury to appellant – this states a 'cause of action - claim' – White V. Napolion, 897 F2d 103, 110 (3 Cir 1990); Durmer V. O'Carroll, 991 F2d 64 (3 Cir 1993); Romer V. Plantier, 182 F3d 192 (3 Cir 1999); Harlow V. Fitzgerald, supra.; Anderson V. Creighton supra.; Estelle V. Gamble, 429 US 97 (1976); Green V. Johnson, 977 F2d 1385, 1391 (10 Cir 1992); Hicks V. Frey, 992 F2d 1450, 1456-57 (6 Cir. 1993).

②

6. Appellant requires the appointment of counsel.
Because of appellant's disabilities he is Not
able to move around the prison, he can Not
go up and down stairs - - - S.C.i. Huntingdon
Law Library is on the Second Floor!
There are No certified para legals trained in the law
at S.Ci Huntingdon. Plaintiff is Not trained Nor is
he knowledgeable in the Law. A 'delivery system' or
'paging system' is of no benefit, plaintiff would not
know what to ask for. Knop v. Johnson, 977 F2d at
1006-07 - - - see . Sands V. Lewis, 886 F2d/166, 1171
(9Cir 1988); Tabron V. Grace, 6 F3d 147, 156 (3Cir. 1993);
Rayes V. Johnson, 969 F2d 700, 703-04 (8Cir.) cert den. 113 Sct
658 (1992); the denial of appointment of counsel for
appellant effectively terminates his civil action, plaintiff
cannot represent himself - - ~~see~~ Flowers V. Turbine
Support, Div. 507 F2d 1242, 1244 (5Cir 1975)   this affects
the ~~~~~~~ of the case. . Cethui V. U.S., 65 Sct 631 (1945);
~~~~~~~, 974 F2d/1050, 1057-58 (9Cir. 1992).

7. ~~Appeal~~ Appeal is Not frivolous, malicious, is Not
filed for an improper purpose, is Not an abuse of the
legal system - Spencer V. Rhodes, 656 F.Supp. 458, 464
(E.D. N.C.) aff'd 826 F2d/1061 (4Cir. 1987); Ballentine V. Crawford,
563 F.Supp. 627, 629 (N.D. Ind. 1983); Appellant's complaint has
an arguable basis in law and in fact - - Netzke V. Williams,
109 Sct 1827 (1981).

The District Court states . . that the appellant has
the ability to represent himself. . page 2 of Magistrate-
Judge, Memorandum and Order dated July 9, 2001.
The District Court goes on for two (3) pages, stating
that the appellant is capable and has the ability
to represent himself in this litigation - - - - -
- - then, the District Court does a 'one-hundred

Appellant's Motion for Appointment
Legal Counsel ___ BECAUSE .. Appellant
made a 'mistake' by citing Title I of
the ADA (which does Not apply to this instant
case) __ AND BECAUSE .. appellant could Not
clearly and distinctly place his claims
before the court ___

Competent, experienced, legal counsel would Not
have made the 'mistake' of citing Title I of
the ADA .... AND WOULD place appellant's
claims clearly and distinctly to the court.

Your appellant, respectfully requests this Honorable Court to read
his Complaint; Motion for Appointment of Legal Counsel;
Memorandum of Law; Plaintiffs Objection - Dismissing
his Civil Action and Denying Appointment of Counsel  filed with
the Federal District Court, Middle District of Penna., in this Civil
Action.

Respectfully Submitted,

s/ Richard Hostyrek

Richard Hostyrek AF5977
1100 Pike St.
Huntingdon, Pa 16654-1112
Jc

④

per
7-27-01
RW

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,          :          CIVIL ACTION NO. 1:CV-01-1163

      Plaintiff          :          (Judge Rambo)

      v.          :          (Magistrate Judge Mannion)

PENNSYLVANIA DEPARTMENT          :
OF CORRECTIONS, et al.,          :
      Defendants          :

**FILED**
HARRISBURG, PA

JUL 2 5 2001

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

### O R D E R

Before the court is a July 9, 2001, report of the magistrate judge recommending that the captioned action be dismissed for Plaintiff's failure to exhaust administrative remedies. Plaintiff has filed objections to the report.

Plaintiff argues that while his civil rights action is filed under 42 U.S.C. § 1983, his action is being brought under the Americans with Disabilities Act –Rehabilitation Act ("ADA") and, therefore, he does not have to exhaust administrative remedies.

Pursuant to <u>Board of Trustees of the University of Alabama v. Garrett</u>, ____, U.S. ____, 121 S. Ct. 955 (2001), Plaintiff cannot assert an ADA claim against Commonwealth defendants. The United States Supreme Court held that the ADA does not **abrogate a states'** Eleventh Amendment immunity from suits for money damages under Title I of that act. <u>Id.</u> at 967.

Certified from the record
Date 7/25/01
Mary E. D'Andrea, Clerk

Per _____ Michael
Deputy Clerk

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) The court adopts the report and recommendation of Magistrate Judge Mannion, to the extent the complaint is deemed to be filed pursuant to 42 U.S.C. § 1983, for failure to exhaust administrative remedies.

2) To the extent the complaint is brought pursuant to the ADA, 42 U.S.C. § 12101, the complaint is dismissed for failure to state a cause of action against the Commonwealth Defendants.

3) Plaintiff's objection to the order of the magistrate judge denying his motion for appointment of counsel is deemed moot in light of the dismissal of this action.

4) Any appeal from this order will be deemed frivolous and not taken in good faith.

5) The Clerk of Court shall close the file.


SYLVIA H. RAMBO
United States District Judge

Dated: July 25, 2001.

2

# Table of Citations

Brown V. U.S, 742 F2d 1488 (DC Cir. 1984) cert den 105 Sct 2153 (1985)

Carioi V Lakeland Cent. School Dist., 592 F Supp 765 (SDNY 1984)

Felder V. Casey, 108 Sct 2302 (1988)

Finley V. Giacobbe, 827 F Supp 215 (SDNY 1993)

Nolan V. Wheatley, 835 F Supp 476 (ND ill. 1993)

Penna. Dept. of Corrections V. Yesky, 118 Sct 1952 (1995)

Smith V. Barton, 914 F2d 1330, 1338 (9 Cir. 1990) cert den 111 Sct 2825 (1991)

## Regulatory References

28 CFR 35.105

28 CFR 35.107

28 CFR 35.130

28 CFR 35.135

28 CFR 35.140

28 CFR 35.150

28 CFR 35.170

28 CFR 35.178

## Other Provisions

Americans With Disabilities Act of 1990 - Rehabilitation Act of 1973 (ADA)

ADA, Title II, II 3.4000

ADA, Title II, II 3.4100

ADA, Title II, II 4.1000

ADA, Title II, II 5.0000

ADA, Title II, II 6.3300

ADA, Title II, II 8.2000

Your plaintiff, Richard Stryjak, herein Objects to the Magistrate Judge, Report-Recommendation-Findings Dismissing the Americans With Disabilities Act of 1990 - Rehabilitation Act of 1973 (hereafter ADA) for failure to exhaust administrative remedies. (copy of same attached)

The Honorable Court has simply and plainly misread plaintiff's Complaint.

Plaintiff DOES NOT bring a claim before the Court ... that the Penna. Dept. of Corrections AND other defendants have "violated" their own "administrative guidlines/procedures/customs/policy statements" DC-ADM 006.

Your plaintiff alludes to, makes mention of DC-ADM 006 SOLELY for the assistance and convenience, reference for the Court. That the defendants cannot claim ignorance to the ADA, and that the ADA does not apply to them. Also to emphasize the fact, to the court that the defendants HAVE NOT been in compliance with the ADA from its effective date JAN. 26, 1992 to present ... 9 YEARS. ADA, Title II, II 4.1000 General, regulatory reference 28 CFR 35.140; ADA, Title II, II 5.0000 Program accessibility, reg. reference 28 CFR 35.140; ADA, Title II, II 6.3300 Types of Facilities, reg. ref. 28 CFR 35.14 ADA, Title II, II 8.2000 Self Evaluation, reg. ref. 28 CFR 35.105-35.107, 35.150 (c) and (?)

The defendants have discriminated against this plaintiff because of his disabilities ... this DOES VIOLATE the Federal Law (ADA) ... ADA, Title II, II 3.4000 and ADA, Title II, II 3.4100, reg. ref. 28 CFR 35.130, 35.13?

Your plaintiff, Richard Stryjak, DOES bring a claim before this court ... that the defendants have discriminated against him because of his disabilities ... AND this discrimination DOES VIOLATE the ADA, Federal Law. Your plaintiff DOES state a claim and is properly before this Honorable Court with

①

his claim __ _Penna. Dept of Corr. V. Yeskey_, 118 S ct. 1952 (1998).

A prudent reading of plaintiff's claim - civil action definately presents a claim under the _ADA_. (plaintiff's complaint attached).

The magistrate-judge has arbitrarily and erroneously turned plaintiff's complaint-claim under the _ADA_, discrimination by the defendants against plaintiff because of his disabilities, into some sort of "violation" by the defendants of their own "administrative guidlines/ procedures/customs/policy statements __ ___ __ ___ __ and dismisses plaintiff's complaint for the plaintiff's Failure to exhaust administrative Remedies".

This inconsistent, inaccurate, deviation, by the magistrate-judge, clearly ignores The United States Supreme Court's holding in (_Finley V. Giacobbe_, 827 F Supp. 215 (S.D.N.Y 1993) citing The Supreme Court in _Felder V. ____ , 108 S ct 2302 (1988) __ the notice-of-claim (exhaustion of administrative remedies) requirement is inconsistent in both the purpose and objective of federal civil rights law and that principles of federalism as well as the supremacy clause dictate that such a requirement must give way to vindication of a federal right. The court also wrote that it fully agreed with the near unanimous conclusion of the federal courts that notice-of-claim (exhaustion of administrative Remedies) provisions are inapplicable to §1983 actions brought in federal court. See also _Brown V. U.S._, 742 F 2d 1488 (8 C Cir. 19__) cert den. 105 S ct 2153 (1985).

Under "Felder" supra., it is clear that _Cardo V. Lakeland Cent. School Dist_, 592 F Supp. 765 (SDNY 1984) is a dead letter.

A careful reading of _Nolan V. Wheatley_, 835 F Supp. 476 (N.D. Ill. 1993) the "Nolan" court spoke in No uncertain, ambiguous, vag___

②

language --- that the ADA, DOES NOT require complainants to exhaust administrative remedies. --- claims under Title I of the ADA, DO NOT require exhaustion of administrative remedies. Smith V. Barton, 914 F.2d 1330, 1338 (9 Cir. 1990) cert den 111 SCt 2825 ((1991). --- see "Nolan" at 482 (6-7) and other citations.

--- the regulations specifically provide that although (federal) agencies are available to hear claims under the ADA, plaintiff's are NOT required to file with the agencies PRIOR to filing in federal court --- 28 CFR 35.170-178 (1993) --- see "Nolan" at 483 (8) and other citations.

--- the ADA requires the establishment of administrative procedures for resolution of complaints, but DOES NOT require complainants to exhaust administrative remedies. The Committee Reports make clear that Congress intended to provide a private right of action with the full panoply of remedies for individual victims of discrimination.

Because the ADA, DOES NOT require exhaustion of administrative remedies, the complainant may elect to proceed with a private suit at ~~~~~~~ Nolan V. Wheatley, supra, at 483 (8) and other citations ~~~~ ADA, Does NOT require complainants to exhaust administrative remedies PRIOR to instituting litigation. The enforcement of the ADA, is NOT LIMITED to the available administrative remedies and procedures, rather, complainants have a private right of action and may elect to proceed with a civil suit at any time --- Nolan V. Wheatley, supra. at 484-485 (10-12-13-14) and other citations.

For these citations of law, this Honorable Court must not dismiss plaintiff's claims - civil action.

Respectfully Submitted,

s/ Richard Hartzych

Richard Hartzych, AE5977

1100 Pike St.

Huntingdon, Pa. 16654-1112

(3)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD WOJTCZAK, | : CIVIL ACTION NO. 1:01-1163 |
| Plaintiff | : (RAMBO, J.) |
| v. | : (MANNION, M.J.) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : |
| | : |
| Defendants | : |
| | : |

**FILED**
**WILKES BARRE**

JUL - 9 2001

MARY E. D'ANDREA, CLERK

Per _____

**DEPUTY CLERK**

N O T I C E

TO:    Richard Wojtczak, Reg. No. AF-5977
       SCI-HUNTINGDON
       1100 Pike Street
       Huntingdon, PA     16654-1112


       NOTICE IS HEREBY GIVEN that the undersigned has entered
the following:    **Report and Recommendation of Magistrate**
                  **Judge Mannion dated 07/9/01.**


Any party may obtain a review of the magistrate judge's above
proposed determination pursuant to Rule **72.3**, M.D.PA, which
provides: **72.3 REVIEW OF REPORTS AND**
                  **RECOMMENDATIONS OF MAGISTRATE**
                  **JUDGES ADDRESSING CASE DISPOSITIVE**
                  **MOTIONS**


       Any party may object to a magistrate judge's proposed
findings, recommendations or report addressing a motion or matter
described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation
for the disposition of a prisoner case or a habeas corpus
petition within ten (10) days after being served with a copy
thereof.    Such party shall file with the clerk of court, and
serve on the magistrate judge and all parties, written objections
which shall specifically identify the portions of the proposed
findings, recommendations or report to which objection is made

and the basis for such objections.    The briefing requirements
set forth in Local  Rule 72.2 shall apply.    A judge shall made
a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part,
the findings or recommendations made by the magistrate judge.
The judge, however, need conduct a new hearing only in his or her
discretion or where required by law, and may consider the record
developed before the magistrate judge, making his or her own
determination on the basis of that record.    The judge may also
receive further evidence, recall witnesses or recommit the matter
to the magistrate judge with instructions.


MALACHY E. MANNION
United States Magistrate Judge


Dated:    July 9, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,                    : CIVIL ACTION NO. 1:01-1163

    Plaintiff                         : (RAMBO, J.)

    v.                                : (MANNION, M.J.)

PENNSYLVANIA DEPARTMENT OF           :
CORRECTIONS, et al.,
                                      :
    Defendants
                                      :

*FILED*
*WILKES BARRE*

JUL - 9 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the State Correctional Institution, Huntingdon, ("SCI-Huntingdon"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges that the defendants violated his rights with respect to Department of Corrections Policy Statement DC-ADM 006 relating to accommodations for inmates with disabilities. (Doc. No. 1). The filing fee having been paid, the complaint will now be given preliminary consideration.

Named as defendants to this action are the following employees and/or officials at SCI-Huntingdon: Jeffery A. Beard, Ph.D., Secretary of the Department of Corrections; Kenneth Kyler, Superintendent; P. Yarger, Health Administrator; Roger Kimber, M.D., Medical Director; P. Everhart, Nurse Supervisor; and Scott Walters, Unit Manager. In addition, the plaintiff has named the Pennsylvania Department of Corrections as a defendant to this action.

In sum, the plaintiff alleges in his complaint that on August 16, 1999, Policy Statement DC-ADM 006 was made effective, which establishes the policies and procedures to be used by prison

1

officials in providing reasonable accommodations for disabled
inmates who qualify under the Americans with Disabilities Act,
("ADA").    The plaintiff alleges that he qualifies for special
accommodations under the ADA in that he suffers from chronic
degenerating bone disease, diabetes, a cyst condition and
respiratory conditions, including shortness of breath and
emphysema.  The plaintiff alleges that, despite the provisions of
DC-ADM 006, the named defendants failed to provide him with
reasonable accommodations for eating and showering. As a result of
the defendants' failure to provide him with reasonable
accommodations, the plaintiff alleges that he did not receive any
meals from October 5, 2000, through November 8, 2000, and was not
able to shower from February 27, 2001, through April 4, 2001[1].  The
plaintiff is seeking compensatory and punitive damages.  (Doc. Nos.
1 & 2).

     The Prison Litigation Reform Act of 1995, ("Act"), requires
that prisoners must exhaust applicable administrative remedies
prior to bringing an action in federal court.    42 U.S.C. §
1997(e)(a).  Although the plaintiff is seeking only monetary relief
in this case, he must still exhaust his administrative remedies, as
the Act makes no distinction between claims for damages, injunctive

---

[1]Although the plaintiff alleges that he did not receive any
meals for approximately one (1) month in late 2000, there is no
indication from his complaint that he is currently being deprived
of meals.  Moreover, the plaintiff is apparently in good enough
health to have prepared the instant complaint which is in excess
of twenty (20) pages, along with a memorandum of law and
supporting exhibits.  Thus, there is no indication that the
plaintiff is under any imminent danger or threat of harm which
would require immediate consideration of the claims set forth in
his complaint.

relief, or both. See Booth v. Churner, ___ U.S. ___, 121 S.Ct. 1819 (2001)(Prison Litigation Reform Act (PLRA) requires administrative exhaustion even where grievance process does not permit award of money damages and prisoner seeks only monetary damages, as long as grievance tribunal has authority to take some responsive action); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000)(§ 1997e(a) requires an inmate to exhaust administrative remedies prior to bringing a Bivens action regardless of the relief requested). In that connection, DC-ADM 804 was amended on May 1, 1998, to permit inmates to grieve issues that involve the seeking of compensatory damages. See Booth, supra.; Nyhuis, supra.

With respect to the instant action, DC-ADM 006 sets forth the administrative remedies which must be exhausted by an inmate claiming that he has not been given adequate accommodations pursuant to that Policy Statement. DC-ADM 006(VI)(A)(4) provides:

> 4. Request for Accommodation
>
> a. An inmate who has a disability that he or she believes is not being reasonably accommodated by the Department shall submit a written request for accommodation on Form DC-135A, "Inmate's Request to Staff Member" to the Facility ADA Coordinator or designee.
>
> b. The DC-135A must include the inmate's specific disability(s) and the specific accommodation or service the inmate seeks.
>
> c. The facility ADA Coordinator or designee shall evaluate the request, assess the claim for medical validity, evaluate the inmate's needs (if any), and recommend accommodations that may be necessary.
>
> d. The Facility ADA Coordinator

3

will submit the recommendations to the Facility Manager and the Regional Deputy Secretary for final determination. The safety and security of the inmate and the security of the facility will always be the overriding concern.

e. The Facility Manager will notify the inmate in writing of the final determination within 20 working days of the inmate making the initial request.

f. An inmate who has a disability that he or she believes is not being reasonably accommodated by the Department may submit a grievance under Department policy **DC-ADM 804, "Consolidated Inmate Grievance Review System"**. Such grievance must state the inmate's specific disability or disabilities and the specific accommodation or service the inmate seeks. The Centralized ADA Coordinator will conduct final review of all ADA grievances pursuant to **DC-ADM 804.**

(See Doc. No. 2, Attached DC-ADM 006).

There is no indication that the plaintiff has followed the proper procedures for exhausting his administrative remedies. In fact, the plaintiff indicates in his complaint that he did not file a grievance with respect to the claims raised in his complaint because he "[does] not have to exhaust administrative remedies for Americans with Disabilities Act-Rehabilitation Act." (Doc. No. 1). However, it is clear from the Policy Statement itself that there are administrative remedies which must be exhausted prior to bringing a § 1983 action in this court.

On the basis of the foregoing,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

the plaintiff's complaint, (Doc. No. 1), be **DISMISSED** for

4

the plaintiff's failure to exhaust administrative remedies.

_____

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:**    **July 9. 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WOJTCZAK,                        )        CIVIL ACTION
                    Plaintiff,           )        No. _____
        vs.                              )
                                         )
PA DEPT. OF CORRECTIONS,                 )
                    Defendant, et al;    )
        and                              )
JEFFERY A. BEARD, Ph.D., individually and in )
his official capacity as Secretary, Penna.  )
Dept. of Corrections                     )
                    Defendant, et al;    )
        and                              )
KENNETH KYLER, individually and in his offi – )
cial capacity as Superintendent, State Cor- )
rectional Institution (SCIH) Huntingdon  PA  )
                    Defendant, et al;    )
        and                              )
P. YARGER, individually and in her official )
capacity as Corrections Health  Administrator,)
State Correctional Institution, (SCIH) Hunt- )
ingdon, Penna.                           )
                    Defendant, et al;    )
        and                              )
ROGER KIMBER, M.D., individually  and in his )
official capacity as Medical Director, State )
Correctional Institution (SCIH) Huntingdon PA )
                    Defendant, et al;    )
        and                              )
P. EVERHART, individually and in her official )
capacity as Nurse Supervisor, State Correc- )
tional Institution (SCIH)Huntingdon , PA  )
                    Defendant, et al;    )
        and                              )
SCOTT WALTERS, individually and in his  of- )        JURY TRIAL DEMANDED
ficial capacity as Unit Manager, State Cor- )
rectional Institution (SCIH)  Huntingdon, PA )        Claims under;
                    Defendant, et al.    )        AMERICANS WITH DISABILITIES ACT
                                                  of 1990 & REHABILITATION ACT of
                                                  1973

## SUMMONS

        You are hereby summoned and required to serve upon Plaintiff Richard Wojtczak,
AF-5977, whose address is 1100 Pike Street, Huntingdon, PA 16654-1112, an answer to
the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.


Dated_____

_____
                                        Clerk of the Court

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AF-5977
_____

(Inmate Number)

RICHARD WOJTCZAK
_____

(Name of Plaintiff)

1100 PIKE STREET
_____

(Address of Plaintiff)

HUNTINGDON, PA 16654-1112
_____

vs.

PA DEPT. OF CORRECTIONS;
JEFFERY A. BEARD, Ph.D.;
KENNETH KYLER;
PATRICIA YARGER;
ROGER KIMBER, M.D.;
PATTY EVERHART;
SCOTT WALTERS.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

(Case Number)

COMPLAINT

CLAIM UNDER:

AMERICANS WITH DISABILITIES
ACT of 1990 & REHABILITATION
ACT of 1973

TO BE FILED UNDER: **X** 42 U.S.C. § 1983 - STATE OFFICIALS

_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.    Previous Lawsuits

    A.    If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

        Wojtczak v. Cuyler, 480 F.Supp. 1288 (E.D.Pa. 1979)(J. Becker)

        Civil Action against SCI Huntingdon (M.D.Pa. 1980)

        Civil Action against Montgomery County Prison PA (1980)

        Civil Action against Holmesburg Prison, Phila. PA (1980)

II.    Exhaustion of Administrative Remedies

    A.    Is there a grievance procedure available at your institution?
        **X** Yes _____No

    B.    Have you filed a grievance concerning the facts relating to this complaint?
        _____Yes **X** No

        If your answer is no, explain why not  do not have to exhaust administrative

    remedies for Americans With Disabilities Act - Rehabilitation Act

    C.    Is the grievance process completed?    _____ _____ N/A

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A.   Defendant — _____ See pages 5 to 7 _____ is employed

as _____ at _____

B.   Additional defendants _____ See pages 5 to 7 _____

_____

_____

_____

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1.   _____ See pages 7 to 14 _____

_____

_____

_____

2.   _____

_____

_____

_____

3.   _____

_____

_____

_____

Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.                           See pages 19 - 20

2.

3.

Signed this _____11_____ day of _____June_____, 2001.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_____6-11-01_____
(Date)

_____
(Signature of Plaintiff)

JURISDICTION OF THE COURT

Your Plaintiff, Richard Wojtczak, is properly before this Court with a claim under the Americans Disabilities Act of 1990, Title I, II, eff. Jan. 1992 and Rehabilitation Act with a 42 U.S.C.A. § 1983 Civil Action Complaint, 42 U.S.C. § 12101 et seq., and Plaintiff does not have to exhaust administrative remedies. See Roe v. County Com'n of Monongalia County, 926 F.Supp. 74, 76-77 (N.D.W.Va. 1996); Bledsoe v. Palm Beach Cty. Soil & Water Conserv., 133 F.3d 816, 824-825 (11th Cir. 1998); Dertz v. City of Chicago, 912 F.Supp. 319, 323-325 (N.D.Ill. 1995); Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 118 S.Ct. 1952 (1998); Nolan v. Wheatley, 835 F.Supp. 476, 482 (N.D.Ind. 1993); Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990); Harris v. Thigpen, 941 F.2d 1495, 1521-1522 (11th Cir. 1991); Bonner v. Lewis, 857 F.2d at 561-564; Finley v. Giacoffe, 827 F.Supp. 215, 219 n.3 (S.D.N.Y. 1993). 28 U.S.C. §§ 1331, 1343; Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391(b); 42 U.S.C. § 12101 et seq..

INTRODUCTION

Your Plaintiff, Richard Wojtczak, respectfully submits to this Honorable Court that he is a qualified individual with disabilities.

- 4 -

All defendants were at all times material to this action "employees" of the Penna. Dept. of Corrections (DOC), and/or "sub-contractors" employed by the Penna. Dept. of Corrections (DOC).

All defendants did, under color of State law and in consort with each other, violate Plaintiff's rights guaranteed by the <u>8th and 14th Amendments</u> of the U.S. Constitution . . . and Plaintiff's rights as contained in the <u>Americans with disabilities Act of 1990, the Rehabilitation Act</u> . . . <u>Titles I, II; 42 U.S.C. § 12101 et seq.</u> . . . with deliberate indifference, and acted wantonly with gross disregard to the serious life threatening medical conditions of the Plaintiff as to cause unnecessary and wanton infliction of pain and suffering upon your <u>disabled Plaintiff</u>.

## PARTIES

1. Defendant <u>Penna. Dept. of Corrections</u>, official who supervised the defendants who mistreated Plaintiff, who was supposed to know what was going on and keep it from happening. P.O. Box ~~sub~~ 2520 Lisburn Rd., Camp Hill, Pa. 17001-0598.

2. Defendant <u>Jeffery A. Beard, Ph.D.</u>, Secretary Penna. Dept. of Corrections, P.O. Box 598, 2520 Lisburn Rd., Camp Hill, Pa. 17001-0598, Official who supervised other defendants who mistreated Plaintiff, who was supposed to know what was going on and keep it

- 5 -

from happening.

⸗

3. Defendant <u>Kenneth Kyler</u>, Superintendent of the State
Correctional Institution at Huntingdon, Penna. (SCIH), 1100 Pike
Street, Huntingdon, PA 16652.  Official who supervised other
defendants who mistreated Plaintiff.

4. Defendant <u>P. Yargar</u>, Corrections Health Care Administrator,
State Correctional Institution at Huntingdon, Penna. (SCIH), 1100
Pike Street, Huntingdon, PA 16652.  Official who approves, or
denies, treatment to inmates, who also supervised other defendants
that mistreated Plaintiff.

5. Defendant <u>Roger Kimber, M.D.</u>, Medical Director, State
Correctional Institution at Huntingdon, Penna. (SCIH), 1100 Pike
Street, Huntingdon, PA 16652.  Official who prescribes and delivers
treatment to inmates who also participated with other defendants
that mistreated Plaintiff.

6. Defendant <u>P. Everhart</u>, Nurse Supervisor, State Correctional
Institution at Huntingdon, Penna. (SCIH), 1100 Pike Street,
Huntingdon, PA. 16652.  Official who supervises treatment delivered
to inmates, who also participated with other defendants that
mistreated Plaintiff.

7. Defendant <u>Scott Walters</u>, Unit Manager of BA Block, State

Correctional Institution at Huntingdon, Penna. (SCIH), 1100 Pike
Street, Huntingdon, PA 16652.  Official who supervises and coordi-
nates treatment delivered to inmates, who also participated with
other defendants that mistreated Plaintiff.

## STATEMENT OF CLAIM

8. Plaintiff, <u>Richard Wojtczak</u>, is an incarcerated inmate at
the State Correctional Institution at Huntingdon, Penna., Penna.
Department of Corrections System. (SCIH).

9. <u>Plaintiff is a qualified individual with disabilities.</u>
Plaintiff suffers from a <u>chronic, degenerating bone disease</u> in
both knees, hips, and disc in spine.  This chronic disease is an
incurable medical condition.

10. Even with the use of a cane, it is extremely difficult
and painful for Plaintiff to walk long distances, walk for any
length of time, standing for any length of time.  It is extremely
painful for Plaintiff to walk up and down stairs.

11. Plaintiff is an <u>insulin dependant diabetic</u>, taking <u>3</u>
<u>injections</u> of insulin per day, <u>260 units per day</u>.  Plaintiff must
eat at least <u>3 meals per day</u> in order to achieve the insulin-food
balance required to keep his diabetes under control.

12. Food, eating at least 3 meals per day along with taking insulin is part of the treatment of diabetes.

13. Plaintiff also seffers from a cyst condition. Plaintiff needs to shower regularly as part of the treatment for this cyst condition. Cysts occur on face and scalp (and other areas), that get very large, are painful, and turn to open sores with a dischage. Cysts cause disfigurement with scarring.

14. Plaintiff also has respiratory conditions. "Chronic Obstructive Pulmonary Disease" (COPD), shortness of breath. high blood pressure, and some emphysema.

15. All of these medical conditions of the Plaintiff are well documented in Plaintiff's medical records at SCIH. All of the defendants are well aware of Plaintiff's disabling medical conditions.

## INSTITUTIONAL MEALS

16. In the latter part of the year 2000, Plaintiff's degener- ating bone disease deteriorated to where he could no longer walk to and from the dining hall to eat his meals.

17. On or about September 30, 2000, Dr. Reiners approved an order for Plaintiff to eat his meals in his cell. Approval was

only for one week, Plaintiff was told to see Dr. Bardell, acting
medical director, to extend this approval.

18. On October 2, 2000, Plaintiff saw Dr. Bardell and he
extended said order for Plaintiff to be fed in his cell for 6
months.

19. On October 5, 2000, Plaintiff was told by Sargt. Heckman
that "feed in cell order" had been cut/terminated.  Plaintiff
then spoke with Defendant Scott Walters, Unit Manager of Plaintiff's
cell block, and he (Walters) told Plaintiff that he (Walters) had
taken care of "feed in" order . . . "the order has come down,
everything is taken care of."  However, Plaintiff still had not
been fed!

20. On October 6, 2000, Defendant R. Kimber, M.D. (the new
Medical Director at SCIH) told Plaintiff that he (Kimber) was
instructed by the Deputy Superintendent to tell Plaintiff: (a)
that he (Plaintiff) would not be fed in his cell [because this
was an "inconvenience for the guards"] and; (b) that he (Plaintiff)
would have to walk to the dining hall like everyone else!  Plain-
tiff then asked Defendant Kimber the name of the Superintendent
of which there was no response!

21. On or about October 5, 2000 to November 8, 2000, Plain-
tiff received no meals from SCIH: (a) because of Defendants

- 9 -

Walters' and Kimber's deliberate, willful and wanton refusal to
have meals delivered to Plaintiff's cell, and; (b) because of
Plaintiff's inability to walk to the dining hall due to his
chronic degenerating bone disease in both knees, hips and disc in
spine.

22. On or about <u>October 5, 2000</u> to <u>November 8, 2000</u>, Plaintiff
advised Defendants Kimber, Walters and Everhart, on numerous
occasions, that he (plaintiff) was not being fed by the institution.
The Defendants' answers ranged from no response at all to "I will
let you know", "we are having meetings on that", "I will get back
to you", "I'll find out", "I'm waiting to hear from medical", t
"I'm waiting to hear from the unit manager", "we are having
meetings to see what is available for you."

23. <u>Richard Wojtczak</u>, your Plaintiff, is a qualified indivi-
dual with diabetes . . . insulin dependant diabetic, degenerating
bone disease in both knees, hips, disc in spine, respiratory
condition - COPD - shortness of breath - high blood pressure, and
some emphysema.  The deliberate indifference and wanton disregard
for Plaintiff's disabilities exhibited by the defendants inflicted
pain and suffering on Plaintiff, placed Plaintiff in a life
threatening condition.  Plaintiff experienced headaches, dizziness,
blurry vision, nausia, stomach pain, overall body pain, light
headiness, faintness, pain from the large cysts, and disfigurement
of face scalp by scarring from these cysts.

## PERSONAL HYGIENE - SHOWERS

24. The Defendants' wanton, capricious, reckless disregard for Plaintiff's disabilities and basic human needs continues.

25. Your Plaintiff, Richard Wojtczak, also suffers disabling respiratory conditions . . . COPD, shortness of breath, high blood pressure, some emphysema.  These conditions are also well documented in Plaintiff's medical file at SCI Huntingdon, Pa.. All of the defendants are well aware of these disabling conditions of the Plaintiff.

26. Because of the aforementioned respiratory conditions, for the last several years the Plaintiff was approved to <u>shower</u> in the infirmary-medical dept..  Due to the heat and steam in the general population cell block showers, the Plaintiff cannot <u>shower</u> there because he gets dizzy, lightheaded, faint, and on the verge of passing out.

27. The latest approval for these <u>shower</u> arrangements in the infirmary was granted by <u>Defendant Dr. R. Kimber</u> for one year, until December 2001.  In addition to Plaintiff, there were several other inmates <u>showering</u> in the infirmary-medical dept. for various reasons.

28. On <u>February 27, 2001</u>, Plaintiff was told by medical

staff that he could no longer <u>shower</u> in the infirmary, these
"<u>showers</u> were being closed down." Plaintiff was told to contact
<u>Defendant Scott Walters</u> as to where Plaintiff was to <u>shower</u>.

29. On <u>February 27, 2001</u>, your Plaintiff wrote a request
slip to <u>Defendant Scott Walters</u>, unit manager, as to where he
should <u>shower</u>. <u>Defendant Scott Walters</u>' response was "I have
asked medical to re-evaluate your ability to shower with the
general population. When they respond to me <u>I will let you know</u>.

30. On <u>March 1, 2001</u>, Plaintiff spoke with <u>Defendant Dr. R.</u>
<u>Kimber</u>, as to where he was to <u>shower</u>. Plaintiff and <u>Defendant</u>
<u>Kimber</u> discussed again Plaintiff's respiratory conditions and his
inability to <u>shower</u> in general population cell block <u>showers</u>.
<u>Defendant Kimber</u> told Plaintiff that <u>he would let him know where</u>
<u>he could shower</u>.

31. On <u>March 14, 2001</u>, Plaintiff spoke with <u>Defendant Patty</u>
<u>Everhart</u>, Nurse Supervisor, about where he was to <u>shower</u>. Plain-
tiff again discussed his respiratory conditions and general
population cell block showers. <u>Defendant Everhart</u> informed
Plaintiff that she was <u>waiting to hear</u> from <u>Defendant Scott</u>
<u>Walters</u> as to what was available for the Plaintiff.

32. On <u>March 14, 2001</u>, Plaintiff asked <u>Defendant Everhart</u>
why he could <u>not shower</u> in the ATA room shower. <u>Defendant Everhart</u>

told Plaintiff "that the deputy superintendent said the ATA room shower is off-limits, absolutely NO one is to shower in the ATA room shower. Plaintiff then asked <u>Everhart</u> which "deputy superin- tendent" told her that? However, there was no response! Plaintiff then explained to <u>Everhart</u> that there were already three inmates showering in the ATA room shower and, still, there was no response from <u>Everhart</u>!

33. The <u>three inmates showering</u> in the <u>ATA room shower</u> . . . <u>one</u> of these inmates has <u>respiratory conditions</u> . . . <u>one</u> of these inmates has leg and back conditions . . . <u>third</u> inmate's medical problems are unknown to Plaintiff.

34. At least two of the inmates showering in the ATA room shower have almost identical medical conditions as Plaintiff, however, Plaintiff still was not permitted to shower in the ATA room shower.

35. From <u>February 27, 2001 to April 4, 2001</u>, the defendants denied Plaintiff to <u>shower</u>. The defendants were well aware of this situation.

36. Plaintiff suffers from a painful and serious <u>cyst condi- tion</u>. This medical condition is well documented in Plaintiff's medical file at SCI Huntingdon, Penna.. The defendants are well aware of this medical condition.

37. When Plaintiff does not <u>shower</u> regularly he breaks out
in these <u>cysts</u>.  These <u>showers</u> are part of the treatment for
these <u>cysts</u>.  These <u>cysts</u> occur on face and scalp (and other
areas), they get very large, are painfull, and they turn into
open sores with discharge.  These <u>cysts</u> cause disfigurement with
scarring.

38. By not being permitted to <u>shower</u> for <u>over one month</u>,
Plaintiff did break out with these <u>cysts</u> on face, neck and chest.

## CAUSE OF ACTION

This <u>Cause of Action</u> is to be incorporated against <u>each and
all defendants</u> herein as though fully set forth <u>to each and all
defendants</u>.  The allegations in paragraphs 1 to 38 herein are
also incorporated by reference herein as though fully set forth.

<u>Your Plaintiff, Richard Wojtczak, is a qualified individual
with disabilities as previously discussed herein</u>.  All of the
defendants, in their entirety, in this cause of action, has shown
deliberate indifference and wanton disregard for the health,
safety, and life of this Plaintiff, by intentionally refusing to
provide to your disabled Plaintiff, the most basic human needs of
minimal civilized measures of life's necessities.  This offends
the evolving standards of decency and being repugnant to the
conscience of mankind . . . did with full knowledge, <u>discriminate
against Plaintiff because of his disabilities</u>, did violate Plain-

- 14 -

tiff's rights under the 8th and 14th Amendments of the U.S.
Constitution. and did violate Plaintiff's rights as contained in
the Americans With Disabilities Act of 1990 - Rehabilitation Act
of 1973.

Each defendant, at all times, did have full knowledge of
Plaintiff's disabilities and did have full knowledge of the
Penna. Dept. of Corrections policies - directives - customs.

The Penna. Dept. of Corrections issued a policy statement on
June 28, 1999, effective August 16, 1999 . . . "Reasonable Accom-
modations for inmates with Disabilities", DC-ADM 006. This
policy explains the Americans With Disabilities Act of 1990.

With their usual arrogance, these defendants in their entirety,
completely ignored their own policies, specifically DC-ADM 006 .
. . did not feed Plaintiff for one month . . . did not allow
Plaintiff to shower for one month . . . and did not make "Reason-
able Accommodations" for this disabled Plaintiff.  These "accommo-
dations" would Not have created an expense or hardship for the
defendants.  Plaintiff could have been fed in his cell.  (Other
inmates on the same cell block as Plaintiff were fed in their
cells).  Plaintiff could have showered in the ATA room shower.
(Other inmates were already showering in the ATA room shower).

Defendants failed to remedy violations against this disabled
Plaintiff with deliberate indifference, and with malicious,
wanton state of mind.  The defendants, with deliberate indifference,
and malicious, wanton state of mind to Plaintiff's disabilities .
. . diabetes, degenerating bone disease, respiratory ailments,

- 15 -

cyst condition . . . did injure and cause Plaintiff unnecessary pain and suffering.

   Penna. Dept. of Corrections, Defendant, et al is a government entity, which is responsible for the health and safety of the inmates incarcerated in the State Correctional Institutions in Penna.. Penna. Dept. of Corrections issues policies - directives to each state correctional institution in Penna., for the maintenance and overall operations of said institutions. Defendant Jeffery A. Beard, Ph. D., the Secretary, Penna. Dept. of Corrections, is a decisionmaker and has the authority to establish "entity" policy, and the authority to enforce the policy statement-directives issued by the Penna. Dept. of Corrections. This establishes the Penna. Dept. of Corrections liability.

   Jeffery A. Beard, Ph.D., Defendant, et al, Secretary, Penna. Dept. of Corrections, is a decisionmaker and has the authority to establish "entity" policy and the authority to enforce "entity policy" and the authority to be certain policy is complied with, specifically DC-ADM 006. Under his supervision any action, in the instant case non-action to enforce compliance with DC-ADM 006 reflects the official government entity policy. In this instant case Defendant Beard failed to enforce compliance with policy DC-ADM 006, at SCI Huntingdon, Penna..

   Kenneth K. Kyler, Defendant, et al, Superintendent, State

- 16 -

Correctional Institution at Huntingdon, Penna.. Defendant Kyler has the supervisory authority to enforce compliance with DC-ADM 006, at SCI Huntingdon, Penna.. In this instant case, Defendant Kyler failed to enforce compliance with DC-ADM 006 at SCI Huntingdon, Penna..

P. Yarger, Defendant, et al, Corrections Health Care Administrator, State Correctional Institution at Huntingdon, Penna.. Approval Orders by doctors for inmates are recorded by Defendant P. Yarger. Defendant P. Yarger has the supervisory authority to enforce compliance with DC-ADM 006 at SCI Huntingdon, Penna.. In this instant case, Defendant P. Yarger failed to enforce compliance with DC-ADM 006 at SCI Huntingdon, PEnna..

Roger Kimber, M.D., Defendant, et al, Medical Director, State Correctional Institution at Huntingdon, Penna.. Defendant Kimber knows of policy DC-ADM 006 because it addresses medical issues. If Defendant Kimber does not have the authority to enforce compliance with policy DC-ADM 006, Defendant Kimber, himself did not comply with policy DC-ADM.

P. Everhart, Defendant, et al, Nurse Supervisor, State Correctional Institution at Huntingdon, Penna.. Defendant Everhart knows of policy DC-ADM 006 because it addresses medical issues. If Defendant Everhart does not have the authority to enforce compliance with policy DC-ADM 006, Defendant Everhart, herself,

- 17 -

failed to comply with policy DC-ADM 006.

Scott Walters, Defendant, et al, Unit Manager, State Correc-
tional Institution at Huntingdon, Penna.. Defendant Walters had
full knowledge of Plaintiff's disabilities, and was involved in
Plaintiff "being fed", and "showers" for the Plaintiff. Defendant
Walters failed to act despite his knowledge of a substantial risk
of serious harm to Plaintiff. Defendant Walters knows of policy
DC-ADM 006 by way of his supervisory position as Unit Manager.
If Defendant Walters does not have the authority to enforce
compliance with DC-ADM 006, Defendant Walters, himself, failed to
comply with DC-ADM 006.

**DEFENDANTS**

Penna. Dept. of Corrections: Jeffery A. Beard, Ph.D.: Kenneth
Kyler all have the necessary authority to enforce compliance with
policy DC-ADM 006 . . . and were grossly negligent in the manage-
ment of subordinates, allowing the discrimination against the
Plaintiff because of his disabilities. They failed to act despite
their Knowledge of substantial risk of serious harm, pain and
suffering of disabled inmates - Plaintiff. This failure to act
caused Plaintiff unnecessary pain, suffering and injury.

Kenneth Kyler; P. Yarger; Roger Kimber, M.D.; P. Everhart;
Scott Walters all have the necessary authority to comply with

- 18 -

policy DC-ADM 006. They were grossly negligent in management,
failing to terminate the <u>discrimination</u> against this Plaintiff
because of his disabilities. They failed to act despite their
knowledge of substantial risk of serious harm, pain and suffering
to the disabled Plaintiff. This failure to act caused Plaintiff
unnecessary pain, suffering and injury.

<u>All of the defendants</u> acted with a sufficiently culpable
state of mind. A state of mind of deliberate indifference shown
by actions characterized by wantoness, a wanton infliction of
pain upon this Plaintiff, causing injury. The defendants' acts
were a serious deprivation of basic human needs, of the minimal
civilized measure of life's necessities which a civilized society
can not tolerate, NO, must not tolerate.

## <u>RELIEF</u>

Your Plaintiff, Richard Wojtczak, brings this action against
the defendants in <u>BOTH</u> their individual <u>AND</u> official capacities.

Wherefore, Plaintiff respectfully prays that this Honorable
Court enter judgment granting Plaintiff:

1. <u>Punitive Damages</u> in the amount of $1,500,000.00 to Plain-
tiff from all defendants and each of them;

2. Compensatory Damages in the amount of $1,000,000.00 to Plaintiff from all defendants and each of them;

3. Future Damages in the amount of $500,000.00 to Plaintiff from all defendants and each of them for injuries, medical conditions not yet apparent at $50,000.00 a year for ten years;

4. Trial by Jury on all issues triable by jury;

5. The costs and disbursement of this action, including reasonable attorney fees and costs;

6. All federal monies being given to the PA Dept. of Corrections be terminated until such time as the PA Dept. of Corrections fully complies with the Americans with Disabilities Act of 1990, Rehabilitation Act of 1973;

7. Such other and further relief as the Court deems necessary, appropriate and equitable.

Respectfully submitted,

Richard Wojtczak, *pro se*
AF-5977
1100 Pike Street
Huntingdon, PA 16654-1112

## Certificate of Service

I, Richard Stojtcyak, hereby certify that I have mailed a true and correct copy of this ___ Plaintiff's Objections to Magistrate Judge, Report-Recommendations-Findings Dismissing Plaintiff's Civil Action ___ TO:

Clerk of Courts
U.S. District Court
Middle District of Penna.
228 Walnut St.
P.O. Box 983
Harrisburg, Pa. 17108
4 copies

Magistrate-Judge
Malachy E. Mannion
U.S. District Court
Middle District of Penna.
235 N. Washington Ave.
P.O. Box 1148
Scranton, Pa. 18501
1 copy

On this 17th day of July 2001

Respectfully submitted,

s/ Richard Stojtcyak
Richard Stojtcyak AF5977
1100 Pike St
Huntingdon, Pa. 16654-1112

<u>Certificate of Service</u>

I, Richard Wojtyak, hereby certify that I have mailed a
true and correct copy of this <u>Notice of Appeal - Brief
in Support of Appeal</u> to :

<u>Clerk of Courts</u>                        <u>Clerk of Court</u>
<u>U.S. District Court</u>                   <u>U.S. Court of Appeals</u>
<u>Middle District of Penna.</u>           <u>For the Third Circuit</u>
<u>228 Walnut St.</u>                        <u>U.S. Courthouse</u>
<u>P.O. Box 983</u>                           <u>601 Market St.</u>
<u>Harrisburg, Pa. 17108</u>              <u>Phila. Pa. 19106</u>
   3 copies                                      3 copies

On this 31st day of July 2001

Respectfully Submitted,

s/ Richard Wojtyak
Richard Wojtyak AF5977
1100 Pike St.
Huntingdon, Pa. 16654-1112
c/c