_DC._

_' to 4_

### OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

| | FOR THE THIRD CIRCUIT | |
|---|---|---|
| **Marcia M. Waldron** | 21400 United States Courthouse | **Telephone** |
| **Clerk** | 601 Market Street | **267-299-4916** |
| | Philadelphia PA 19106-1790 | |

**www.ca3.uscourts.gov**

April 3, 2003

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket No. 01-3092**
**Wojtczak  vs. PA Dept Corrections**
**D. C. CIV. No. 01-cv-01163**  _J. Rcombo_

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

(X) We return herewith the certified record, and first
     and second supplemental records in the case(s).

( ) We release herewith the certified list in lieu of the record.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By:  Anthony Infante / CRG
     Anthony Infante
     Case Manager

_Ebony Fiddler_
_267-299-4917_
_4/8/03_

_ack'n'd_
Enclosure _4-9-03_
_BTS_

cc:
        Mr. Richard Wojtczak

**UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

NO: 01-3092

---

RICHARD WOJTCZAK,
Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JEFFREY A. BEARD; KENNETH KYLER;
PATRICIA YARGER; ROGER KIMBER, M.D.;
PATTY EVERHART, R.N.; SCOTT WALTERS

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 01-cv-1163)
District Judge: Honorable Sylvia H. Rambo

---

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2003

Before: NYGAARD, GREENBERG AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed: March 12, 2003)

---

OPINION

---

PER CURIAM

On June 26, 2001, Richard Wojtczak, incarcerated at the Pennsylvania State

Correctional Institution, Huntingdon (SCI-Huntingdon), filed a complaint in the United

States District Court for the Middle District of Pennsylvania.  In his complaint, Wojtczak

alleges that employees of the Pennsylvania Department of Corrections and SCI-

Huntingdon violated his rights under 42 U.S.C. § 1983, the Americans with Disabilities

Act (ADA), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq.

Wojtczak seeks both monetary damages and injunctive relief.

According to his complaint, Wojtczak suffers from chronic degenerating bone

disease, diabetes, a cyst condition and respiratory conditions, including shortness of

breath and emphysema.  Wojtczak alleges that the defendants violated his Eighth

Amendment rights, the ADA and the Rehabilitation Act when they failed to provide him

with reasonable accommodations for eating and showering, and that, as a result, he did

not receive meals from October 5 to November 8, 2000, and was unable to shower from

February 27 to April 4, 2001.

On July 26, 2001, the District Court sua sponte dismissed Wojtczak's complaint.

As to Wojtczak's § 1983 claim, the District Court concluded that Wojtczak failed to

exhaust his administrative remedies as required by the Prison Litigation Reform Act of

1996 (PLRA), 42 U.S.C. § 1997e(a).  Regarding Wojtczak's ADA claim, the District

Court concluded that the defendants were entitled to sovereign immunity pursuant to

Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001).  The District

Court did not address Wojtczak's Rehabilitation Act claim.  This timely appeal followed.

For the reasons that follow, we will vacate and remand the July 26, 2001 order of the

2

District Court.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). Here, Wojtczak has made no allegation that he has exhausted his administrative remedies; in fact, he states that exhaustion in this case is unnecessary. The Supreme Court, however, has recently made clear that § 1997e(a)'s exhaustion requirement applies to all actions brought with respect to prison conditions, whether under § 1983 or "any other Federal law." Porter v. Nussle, 534 U.S. 516, 532 (2002) (concluding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

Nonetheless, in Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), we held that "failure to exhaust is an affirmative defense to be pleaded by the defendant." We recently made clear that "[u]nder 1997e(c) failure to exhaust is not a permissible basis for sua sponte dismissal." Mitchell v. Horn, 2003 WL 187576, at * 4 (January 29, 2003). Here, as in Mitchell, the defendants "were not served and therefore have not pled failure to exhaust or any other defense." Id. As such, even though Wojtczak concedes in his complaint that he did not utilize the prison's internal grievance process prior to filing his lawsuit, the District Court acted "premature[ly]" when it dismissed Wojtczak's § 1983

3

claim without prejudice for failure to exhaust.  Id.

In his complaint, Wojtczak also asserted claims under the ADA, and sought both compensatory and injunctive relief for the alleged ADA violations.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Title II "unmistakably includes State prisons and prisoners within its coverage."  Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 209 (1998).

Here, the District Court dismissed Wojtczak's ADA claim pursuant to Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001), in which the Supreme Court held that Congress did not validly abrogate the states' sovereign immunity by enacting Title I of the ADA.[1]  See also Lavia v. Dep't of Corrections, 224 F.3d 190, 206 (3d Cir. 2000) (holding same).  In Garrett, however, the Supreme Court specifically did not address whether Congress abrogated Eleventh Amendment immunity in the context of a claim brought under Title II of the ADA.  See Garrett, 531 U.S. at 960 n. 1 (noting a split among the circuits on the issue, but declining to address the issue); see also Chisolm v. McManimon, 275 F.3d 315, 322 n. 7 (3d Cir. 2001).  Therefore, Garrett does not bar Wojtczak's claim for monetary damages pursuant to Title II of the ADA.  In addition, we recently held that claims under the ADA for prospective injunctive relief against state

---

[1] Title I applies to employment discrimination.  See 42 U.S.C. § 12112(a).

4

officials are not barred by the doctrine of sovereign immunity.  <u>See</u> <u>Koslow v.</u>

<u>Pennsylvania</u>, 302 F.3d 161, 179 (3d Cir. 2002).  Accordingly, while we do not imply that

the type of injunctive relief sought by Wojtczak is attainable or warranted, we conclude

that the District Court erred in dismissing Wojtczak's ADA claim pursuant to <u>Garrett</u>.

Finally, in his complaint, Wojtczak asserted a Rehabilitation Act claim.  In its July

26, 2001 order, the District Court failed to consider this claim.  Accordingly, we will

remand Wojtczak's Rehabilitation Act to the District Court for its consideration in the

first instance.

Based on the foregoing, we will vacate the District Court's July 26, 2001 order and

remand this matter for further proceedings.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 01-3092

RICHARD WOJTCZAK,
Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JEFFREY A. BEARD; KENNETH KYLER;
PATRICIA YARGER; ROGER KIMBER, M.D.;
PATTY EVERHART, R.N.; SCOTT WALTERS

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 01-cv-1163)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2003

Before: NYGAARD, GREENBERG AND COWEN, CIRCUIT JUDGES

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court

for the Middle District of Pennsylvania. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the order of the District Court

entered July 26, 2001 be and the same is hereby vacated and the matter remanded for

further proceedings.

All of the above in accordance with the Opinion of the Court.


ATTEST:

*Marcia M. Waldron*

Clerk

DATED: 12 March 2003


**Certified as a true copy and issued in lieu
of a formal mandate on April 3, 2003**

**Teste:** *Marcia M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit.**