**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD WOJTCZAK,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:01-1163** |
| | : | **(RAMBO, D.J.)** |
| **v.** | : | **(MANNION, M.J.)** |
| | | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS, <u>et</u> <u>al.</u>,** | | |
| | : | |
| **Defendants** | | |
| | : | |

## O R D E R

Plaintiff, formerly an inmate at the State Correctional Institution, Huntingdon, ("SCI-Huntingdon"), Pennsylvania[1], filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges that the defendants violated his rights with respect to Department of Corrections Policy Statement DC-ADM 006 relating to accommodations for inmates with disabilities. (Doc. No. 1).

On July 9, 2001, the undersigned issued a report in which it was recommended that the action be dismissed for failure to exhaust administrative remedies. (Doc. No. 8). Following objections filed by the plaintiff, on July 25, 2001, the District Court issued an order adopting the report to the extent that the complaint was deemed to be filed pursuant to 42 U.S.C. § 1983 for failure to exhaust administrative remedies; dismissing the complaint to the extent that it was brought pursuant to the Americans with Disabilities Act, ("ADA"), 42

---

[1]By letter dated June 12, 2002, the plaintiff notified the court that he had been transferred to SCI-Laurel Highlands, 5706 Glades Pike, P.O. Box 631, Somerset, PA 15501-0631. (Doc. No. 20).

U.S.C. § 12101, for failure to state a cause of action against the Commonwealth defendants; and directing the clerk to close the file. (Doc. No. 11).

On August 2, 2001, the plaintiff appealed the decision to the United States Court of Appeals for the Third Circuit. (Doc. No. 12). On March 12, 2003, the Third Circuit vacated the District Court's order and remanded the action for further proceedings. (Doc. No. 23). In doing so, the Third Circuit noted that, subsequent to the District Court's decision, it had held that "failure to exhaust is an affirmative defense to be pleaded by the defendant." Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Given this, even though the plaintiff had conceded that he did not utilize the prison's internal grievance process prior to filing his lawsuit, the Third Circuit found that the District Court acted "premature[ly]" when it dismissed the plaintiff's § 1983 claim because the defendants had not yet been served and therefore had not pled failure to exhaust or any other defense.

With respect to the plaintiff's ADA claims, the Third Circuit indicated that the plaintiff asserted claims under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Citing to Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 209 (1998), the Third Circuit stated that

Title II "unmistakably includes State prisons and prisoners within its coverage" and reliance on <u>Board of Trustees v. the Univ. of Alabama v. Garrett</u>, 531 U.S. 356 (2001), misplaced, as that decision related to Title I of the ADA and specifically did not address whether congress abrogated Eleventh Amendment immunity in the context of a claim brought under Title II of the ADA. Furthermore, the Third Circuit stated that it also held, subsequent to the District Court's decision, that claims under the ADA for prospective injunctive relief against state officials were not barred by the doctrine of sovereign immunity. <u>See</u> <u>Koslow v. Pennsylvania</u>, 302 F.3d 161, 179 (3d Cir. 2002).   Although the Third Circuit did not imply that the type of injunctive relief sought by the plaintiff was attainable or warranted, it concluded that it was error to dismiss the plaintiff's ADA claims pursuant to <u>Garrett</u>.

Finally, the Third Circuit remanded for consideration of the plaintiff's Rehabilitation Act claim.

The District Court has remanded the instant action to the undersigned for further proceedings.  (Doc. No. 22).

Accordingly, **IT IS ORDERED THAT**:

1.    Process shall issue; and,

2.    The clerk shall serve Doc. Nos. 1, 2, 8, 11, and 23.


                              s/ Malachy E. Mannion
                              MALACHY E. MANNION
                              United States Magistrate Judge


Dated:    November 13, 2003

O:\shared\Orders\01-1163.wpd