**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD WOJTCZAK,** | : | **CIVIL ACTION NO. 1:01-1163** |
| **Plaintiff** | : | |
| | : | **(RAMBO, D.J.)** |
| v. | : | **(MANNION, M.J.)** |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

# O R D E R

Currently before the court is a motion to amend filed by the plaintiff in the above-captioned action. (Doc. No. 26).

By way of background, plaintiff, formerly an inmate at the State Correctional Institution, Huntingdon, ("SCI-Huntingdon"), Pennsylvania[1], filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges that the defendants violated his rights with respect to Department of Corrections Policy Statement DC-ADM 006 relating to accommodations for inmates with disabilities. (Doc. No. 1).

On July 9, 2001, the undersigned issued a report in which it was recommended that the action be dismissed for failure to exhaust administrative

---

[1] By letter dated June 12, 2002, the plaintiff notified the court that he had been transferred to SCI-Laurel Highlands, 5706 Glades Pike, P.O. Box 631, Somerset, PA 15501-0631. (Doc. No. 20).

remedies. (Doc. No. 8). Following objections filed by the plaintiff, on July 25, 2001, the District Court issued an order adopting the report to the extent that the complaint was deemed to be filed pursuant to 42 U.S.C. § 1983 for failure to exhaust administrative remedies; dismissing the complaint to the extent that it was brought pursuant to the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, for failure to state a cause of action against the Commonwealth defendants; and directing the clerk to close the file. (Doc. No. 11).

On August 2, 2001, the plaintiff appealed the decision to the United States Court of Appeals for the Third Circuit. (Doc. No. 12). On March 12, 2003, the Third Circuit vacated the District Court's order and remanded the action for further proceedings. (Doc. No. 23). In doing so, the Third Circuit noted that, subsequent to the District Court's decision, it had held that "failure to exhaust is an affirmative defense to be pleaded by the defendant." Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Given this, even though the plaintiff had conceded that he did not utilize the prison's internal grievance process prior to filing his lawsuit, the Third Circuit found that the District Court acted "premature[ly]" when it dismissed the plaintiff's § 1983 claim because the defendants had not yet been served and therefore had not pled failure to exhaust or any other defense.

With respect to the plaintiff's ADA claims, the Third Circuit indicated that the plaintiff asserted claims under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Citing to <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206, 209 (1998), the Third Circuit stated that Title II ". . . includes State prisons and prisoners within its coverage".  Furthermore, the Third Circuit stated that it also held, subsequent to the District Court's decision, that claims under the ADA for prospective injunctive relief against state officials were not barred by the doctrine of sovereign immunity.  <u>See</u> <u>Koslow v. Pennsylvania</u>, 302 F.3d 161, 179 (3d Cir. 2002).   Although the Third Circuit did not imply that the type of injunctive relief sought by the plaintiff was attainable or warranted, it concluded that it was error to dismiss the plaintiff's ADA claims pursuant to <u>Garrett</u>.

Finally, the Third Circuit remanded for consideration of the plaintiff's Rehabilitation Act claim.

The District Court remanded the instant action to the undersigned for further proceedings.  (Doc. No. 22).   Accordingly, the undersigned issued an order directing that process issue.  (Doc. No. 25).

Since the that, the plaintiff has filed the instant motion to amend and the defendants have yet to file an answer, therefore, the plaintiff will be permitted to amend his complaint, in accordance with the following guidelines:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The plaintiff shall have thirty (30) days from the date of this order to file an amended complaint;

2. The plaintiff's amended complaint shall be complete in and of itself;

3. In accordance with Fed.R.Civ.P. 8(a), the plaintiff's amended complaint shall set forth a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim for relief; and a demand for judgment;

4. In accordance with Fed.R.Civ.P. 8(e), each averment of the plaintiff's amended complaint shall be short, concise and direct;

5. In accordance with Fed.R.Civ.P. 10(b), the plaintiff's amended complaint shall be divided into separate numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances;

6. The plaintiff's amended complaint shall include any and all defendants whom the plaintiff wishes to name in this action; and

7. Should the plaintiff fail to file his amended complaint within the required time period, it will be presumed that the plaintiff wishes to discontinue this action and an appropriate recommendation will then be made to the District Court.

**s/ Malachy E. Mannion**

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:** January 9, 2004

O:\shared\ORDERS\01-1163.3.wpd