IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WOJTCZAK,** | : | |
| Plaintiff, | : | No. 1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA, DEP'T** | : | (Magistrate Judge Mannion) |
| **OF CORRECTIONS, et al.** | : | |
| Defendants, | : | (Electronically Filed) |
| | : | |

**COMMONWEALTH DEFENDANTS' STATEMENT OF
MATERIAL AND UNDISPUTED FACTS**

1. This is a civil action for damages and equitable relief, brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, Titles I & II the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1211-12117, 12131-12134 (ADA), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (Rehabilitation Act). (Am. Compl. at pp. 4, 22-23.)

2. *Pro se* plaintiff, Richard Wojtczak, is an inmate incarcerated at the

State Correctional Institution at Laurel Highlands, Pennsylvania.[1]  (Am. Compl. at p. 10.)

    3.    The Commonwealth defendants are the Pennsylvania Department of Corrections (DOC); the Secretary of the DOC Jeffrey Beard; the Superintendent at the State Correctional Institution at Huntingdon (SCI-Huntingdon) Kenneth Kyler; the former Health Administrator at SCI-Huntingdon Patricia Yarger; the Nurse Supervisor at SCI-Huntingdon Patty Everhart; and the Unit Manager at SCI-Huntingdon Scott Walters.  (Am. Compl. at pp. 8-10.)

    4.    Dr. Roger Kimber is also a defendant, but he is not an employee of Pennsylvania.  (Am. Compl. at p. 9.)

    5.    Wojtczak filed a complaint on June 26, 2001, alleging that he qualified for special accommodations under the ADA and Rehabilitation Act. Wojtczak claims to be disabled due to a chronic bone disease, diabetes, and cyst and respiratory conditions.  (Am. Compl. at pp. 10-11.)

    6.    Wojtczak asserts that the Commonwealth defendants refused to accommodate his disabilities with respect to meals and showering.  (Am. Compl. at pp. 11-17.)

---

[1] At the time of the filing of the complaint, Wojtczak was incarcerated at SCI-Huntingdon.  As the docket now reflects, Wojtczak is presently incarcerated at SCI-Laurel Highlands.

7.    Wojtczak claims that as a result of the Commonwealth defendants' failure to provide accommodations to him, he did not receive any meals from October 5, 2000, through November 8, 2000, and did not shower from February 27, 2001, to April 4, 2001.  (Am. Compl. at pp. 12-13, 16.)

**DOC Policy 006: Reasonable Accommodations for Inmates with Disabilities**

8.    The DOC has established a policy and procedures regarding reasonable accommodations for disabled inmates who qualify for accommodations under the ADA.  A copy of this Policy has been attached as Exhibit I.[2]  A copy of this policy is also attached to the Amended Complaint as Exhibit 67.

9.    An inmate who has a disability that he or she believes is not being reasonably accommodated by the DOC must submit a written request for accommodation to the Facility ADA Coordinator or designee.  (See Ex. I at p. 5.)

10.   The written request must include the inmate's specific disability(s) and the specific accommodation or service the inmate seeks.  (See id.)

11.   The Facility ADA Coordinator or designee will evaluate the request, assess the claim for medical validity, evaluate the inmate's needs (if any), and recommend accommodations that may be necessary.  (See id.)

---

[2] All exhibits referenced herein have been electronically attached to the Commonwealth Defendants' Statement of Material and Undisputed Facts.

12.     The Facility ADA Coordinator will submit the recommendations to the Facility Manager and the Regional Deputy Secretary for final determination. The safety and security of the inmate and the security of the facility will always be the overriding concern.  (See id.)

13.     The Facility Manager will notify the inmate in writing of the final determination within 20 working days of the inmate making the initial request. (See id. at p. 6.)

14.     An inmate who has a disability that he or she believes is not being reasonably accommodated by the Department may submit a grievance under Department policy DC-ADM 804, "Consolidated Inmate Grievance Review System".  (See id.)

15.     Such grievance must state the inmate's specific disability or disabilities and the specific accommodation or service the inmate seeks.  (See id.)

**DOC Policy 804: Inmate Grievance System**

16.     During the time period relevant to this action, specifically, October 5, 2000, through November 8, 2000, and February 27, 2001, through April 4, 2001, the DOC had a policy providing procedures for an inmate to use to resolve problems arising during the course of confinement.  (Ex. A, Kyler Decl. at ¶¶ 3-4, 10-11; Ex. B, DC-ADM 804 (1994); Ex. C, DC-ADM 804 (2001).)

17. This policy is numbered DC-ADM 804 and provides an inmate grievance system. (Ex. A, Kyler Decl. at ¶ 3, 10; Ex. B; Ex. C.)

18. From November of 1997, through November 1, 2000, DC-ADM 804 provided that an inmate could (1) file a written grievance for initial review; (2) file an intermediate written appeal to the facility manager from the initial grievance review, and (3) file a final written appeal of the grievance to the Chief Hearing Examiner. (Ex. A, Kyler Decl. at ¶ 4; Ex. B, DC-ADM 804 (as amended November 1, 1997).)

19. The policy provided that all grievances must be filed within fifteen days after the events upon which the claims were based. (Ex. B, DC-ADM 804 at (VI)(B)(2).)

20. Beginning on November 1, 2000, and continuing through the present, all final appeals of grievances were and are handled by the Secretary's Office of Inmate Grievances and Appeals rather than the Chief Hearing Examiner. (Ex. A, Kyler Decl. at ¶ 6.)

21. All records maintained by the Chief Hearing Examiner's Office, including a computerized database entitled the "Inmate Correspondence Tracking System," were transferred to the Secretary's Office of Inmate Grievances and Appeals when that office took over final review of grievances in November of

2000.  (Ex. A, Kyler Decl. at ¶¶ 7-9.)

22. On January 1, 2001, the DOC revised the DC-ADM 804 policy. (Ex. A, Kyler Decl. at ¶ 10; Ex. C, DC-ADM 804.)

23. The general operation of the grievance system remained unchanged by the new policy. (Ex. A, Kyler Decl. at ¶ 11.)

24. Under the new policy, an inmate may file a written grievance for initial review, file a written intermediate appeal of the decision to the facility manager, and file a written final appeal with the Secretary's Office of Inmate Grievances and Appeals. (Ex. A, Kyler Decl. at ¶ 11; Ex. C, DC-ADM 804 at pp. 3-7.)

25. The new policy provides that an inmate must submit a grievance within fifteen working days, i.e. Monday through Friday and excluding state holidays, after the events in which the claims are based. (Ex. C, DC-ADM 804 at pp. 3-4.)

**Wojtczak's Grievances**

26. Between 1996 and July 30, 2003, Wojtczak exhausted five (5) grievances to final review. (Ex. A, Kyler Decl. at ¶¶ 17-18; Exs. D-H.)

27. Wojtczak did not exhaust the available grievance procedure outlined by DC-ADM 804 with regard to the claims raised in his complaint, namely denial

of meals from October 5, 2000, through November 8, 2000, and denial of showers from February 27, 2001, through April 4, 2001. (Ex. A, Kyler Dec. at ¶¶ 17-19; Exs. D-H.)

        **Respectfully submitted,**

        **GERALD J. PAPPERT**
        **Attorney General**

**By:**    **s/ Amanda L. Smith**_____
        **AMANDA L. SMITH**
        **Deputy Attorney General**
        **Attorney I.D. 86316**

**Office of Attorney General**
**15th Fl., Strawberry Square**        **SUSAN J. FORNEY**
**Litigation Section**        **Chief Deputy Attorney General**
**Harrisburg, PA 17120**        **Chief, Litigation Section**
**(717) 787-1194 (direct)**
**(717) 772-4526 (fax)**
**asmith@attorneygeneral.gov**

**Date: January 26, 2004**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK, | : | |
| Plaintiff, | : | No. 1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| PENNSYLVANIA, DEP'T | : | (Magistrate Judge Mannion) |
| OF CORRECTIONS, et al. | : | |
| Defendants, | : | (Electronically Filed) |
| | : | |

## CERTIFICATE OF SERVICE

I, Amanda L. Smith, hereby certify that on this date I caused to be served a copy of the foregoing, Commonwealth Defendants' Statement of Material and Undisputed Facts, by placing it in the United States Mail, postage prepaid, first class, in Harrisburg, PA, addressed to each of the following:

**Richard Wojtczak, AF-5977**
**SCI-Laurel Highlands**
**5706 Glades Pike**
**P.O. Box 631**
**Somerset PA 15501**

                                                 **s/ Amanda L. Smith**
                                                 **AMANDA L. SMITH**
                                                 **Deputy Attorney General**

**DATE: January 26, 2004**