IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK, | : | |
| Plaintiff, | : | No. 1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| PENNSYLVANIA, DEP'T | : | (Magistrate Judge Mannion) |
| OF CORRECTIONS, et al. | : | |
| Defendants, | : | (Electronically Filed) |
| | : | |

## BRIEF IN SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## STATEMENT OF THE CASE

This is a civil action for damages and equitable relief, brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, Titles I & II the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1211-12117, 12131-12134 (ADA), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (Rehabilitation Act).  *Pro se* plaintiff, Richard Wojtczak, is an inmate incarcerated at the State Correctional Institution at Laurel Highlands, Pennsylvania.  The Commonwealth

defendants are the Pennsylvania Department of Corrections (DOC); the Secretary of the DOC Jeffrey Beard; the Superintendent at the State Correctional Institution at Huntingdon (SCI-Huntingdon) Kenneth Kyler; former Health Administrator at SCI-Huntingdon Patricia Yarger; Nurse Supervisor at SCI-Huntingdon Patty Everhart; and the Unit Manager at SCI-Huntingdon Scott Walters. Dr. Roger Kimber is also a defendant, but is not an employee of Pennsylvania.

## A. Facts

Wojtczak claims to be disabled due to a chronic bone disease, diabetes, and cyst and respiratory conditions. (S.M.F.[1] at ¶ 5.) Wojtczak asserts that the Commonwealth defendants refused to accommodate these disabilities with respect to meals and showers. (S.M.F. at ¶ 6.) Wojtczak alleges that he did not receive any meals at SCI-Huntingdon from October 5, 2000, through November 8, 2000, and did not shower from February 27, 2001, through April 4, 2001. (S.M.F. at ¶ 7.)

Pennsylvania's DOC has a policy regarding reasonable accommodations for disabled inmates who qualify for accommodations under the ADA. (S.M.F. at ¶ 8.) An inmate who has a disability that he or she believes is not being reasonably accommodated by the DOC may submit a grievance under DOC policy DC-ADM

---

[1] "S.M.F." refers to Commonwealth Defendants' Statement of Material and Undisputed Facts, which has been filed simultaneously with this brief.

804, the Consolidated Inmate Grievance Review System.  (S.M.F. at ¶ 14.)  The DC-ADM 804 establishes a formal grievance procedure that an inmate should use to resolve a problem arising during the course of confinement: the inmate (1) files a grievance for initial review; (2) files an intermediate appeal to the facility manager from the initial review; and (3) files an appeal to final review.  (S.M.F. at ¶¶ 16-18, 22-24.)  Wojtczak did not exhaust the above-described procedure with regard to the claims raised in his amended complaint.  (S.M.F. at ¶ 27.)

**B.  Procedural History**

Wojtczak filed a complaint on June 26, 2001, alleging that he qualified for special accommodations under the ADA and Rehabilitation Act; however, the Commonwealth defendants refused to accommodate his disabilities.  On July 25, 2001, this Court dismissed Wojtczak's complaint sua sponte, in part because Wojtczak had alleged in his complaint that he had not exhausted the available grievance procedure.  On appeal, the United States Court of Appeals for the Third Circuit vacated the District Court's July 25, 2001 order and remanded the matter for further proceedings.

On January 21, 2004, Wojtczak filed an amended complaint, to which he attached eighty exhibits.  In the amended complaint, Wojtczak raises claims identical to those set forth in his original complaint; however, he now alleges that

3

he has completed the grievance process with respect to his claims. (Am. Compl. at p. 4.) The Commonwealth defendants have filed a motion for summary judgment. This is the Commonwealth defendants brief in support of their motion.

## QUESTION PRESENTED

**Whether judgment should be entered in favor of the Commonwealth defendants because Wojtczak did not exhaust the available administrative grievance process before filing suit?**

## ARGUMENT

A defending party may move for summary judgment in the party's favor at any time. Fed.R.Civ.P. 56(b). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). An issue is genuine if the evidence before the court is such that a reasonable jury could return a verdict in favor of the non-moving party. <u>Hankins v. Temple University</u>, 829 F.2d 437, 440 (3d Cir. 1987). Once the moving party has demonstrated that there is no genuine issue of material fact, the nonmoving party must go beyond the allegations in his or her pleading, and "set forth specific facts showing that there is

a genuine issue for trial." Celotex Corp, 477 U.S. at 324; Smith v. CGU, 179 F.Supp.2d 425, 428 (M.D. Pa. 2001); Fed.R.Civ.P. 56(e).

**Judgment should be entered in favor of the Commonwealth defendants because Wojtczak did not exhaust the available administrative grievance process before filing suit.**

Wojtczak did not exhaust the administrative remedies available to him with respect to his claims before filing this lawsuit. Therefore, the Commonwealth defendants are entitled to judgment in their favor pursuant to the Prison Litigation Reform Act of 1996 (PLRA), Pub.L. No. 104-134, 110 Stat. 1321-71 (1996).[2]

The PLRA requires an inmate to exhaust available administrative remedies prior to filing suit:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); see Nyhuis v. Reno, 204 F.3d 65, 75 (3d Cir. 2000) (holding the "bright-line rule is that inmate-plaintiffs must exhaust all available administrative remedies."); see also Concepcion v. Morton, 306 F.3d 1347, 1352 (3d Cir. 2002) (holding exhaustion is "mandatory.") It "is beyond the power of

---

[2] It is the Commonwealth defendants' burden to demonstrate Wojtczak's failure to exhaust administrative remedies. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73, (quoting Beeson v. Fishkill Correctional Facility, 28 F.Supp.2d 884, 894-95 (S.D.N.Y. 1998)).

In addressing the exhaustion requirement, a court's sole focus should be on whether an administrative remedy program is "available" in the prison involved. Concepcion, 306 F.3d at 1353-54.  An administrative remedy program is available if it is "capable of use; at hand." Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002).

As courts have recognized, inmates in the custody of Pennsylvania's DOC have a formal grievance process available to them, which is outlined by DOC policy DC-ADM 804.  See Booth v. Churner, 532 U.S 731, 734-35 (2001); Ahmed v. Sromovski, 103 F.Supp.2d 838, 843 (E.D. Pa. 2000).  "In general, courts have required strict compliance with formal grievance procedures." Ahmed, 103 F.Supp.2d at 845.  The DOC provides the following formal grievance system for an inmate to use to resolve a problem arising during the course of confinement: the inmate (1) files a written grievance for initial review; (2) files a written intermediate appeal to the facility manager from the initial review; and (3) files a written appeal to final review.  (S.M.F. at ¶¶ 16-18, 22-24.)  In addition, the DOC's

policy regarding accommodation of inmate disabilities, specifically states that an inmate who has a disability that he or she believes is not being reasonably accommodated by the DOC should submit a grievance under DC-ADM 804, the Consolidated Inmate Grievance Review System. (S.M.F. at ¶ 14.)

In the present case, Wojtczak failed to avail himself of the formal grievance procedure set forth in DC-ADM 804 and file grievances with respect to his claims that he was denied meals from October 5, 2000, through November 8, 2000, and showers from February 27, 2001, through April 4, 2001. In fact, Wojtczak took advantage of the above-described grievance system and exhausted five (5) grievances to final review between 1996 and July 30, 2003. (S.M.F. at ¶ 26.) Not one of these five grievances dealt with the claims raised in his amended complaint in this matter. (S.M.F. at ¶ 27.) Consequently, at the time of the alleged deprivations in this case, Wojtczak was aware that the grievance system was available for his use. Also, Wojtczak understood how to utilize the grievance system, as he had successfully exhausted grievances to final review in the past and has exhausted grievances even after he was allegedly denied meals and showers. While Wojtczak asserts that he exhausted administrative remedies before filing his suit, not one of the eighty exhibits that he presents substantiates this assertion. To the contrary, the Commonwealth defendants have presented undisputed evidence

that Wojtczak did not exhaust the available grievance procedure with regard to all the claims raised in his amended complaint, as is required by the PLRA. Therefore, judgment should be entered in favor of the Commonwealth defendants and the amended complaint, as against the Commonwealth defendants, should be dismissed with prejudice.[3]

---

[3] Pursuant to DC-ADM 804, grievances must be submitted for initial review to the grievance coordinator within fifteen (15) working days after the events upon which the claims are based. (S.M.F. at ¶¶ 19, 25.) Therefore, Wojtczak's failure to file grievances for alleged conduct on the part of the Commonwealth defendants that predates the complaint cannot be cured.

## CONCLUSION

For the foregoing reasons, the Court should enter judgment in favor of the Commonwealth defendants and dismiss the amended complaint, as against the Commonwealth defendants, with prejudice.

                                                        **Respectfully submitted,**

                                                        **GERALD J. PAPPERT**
                                                        **Attorney General**

                               **By:**    **s/ Amanda L. Smith_____**
                                                        **AMANDA L. SMITH**
                                                        **Deputy Attorney General**
                                                         **Attorney I.D. 86316**

**Office of Attorney General**
**15th Fl., Strawberry Square**                **SUSAN J. FORNEY**
**Litigation Section**                             **Chief Deputy Attorney General**
**Harrisburg, PA  17120**                   **Chief, Litigation Section**
**(717) 787-1194 (direct)**
**(717) 772-4526 (fax)**
**asmith@attorneygeneral.gov**


**Date:  January 26, 2004**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WOJTCZAK,** | : | |
| Plaintiff, | : | No. 1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA, DEP'T** | : | (Magistrate Judge Mannion) |
| **OF CORRECTIONS, et al.** | : | |
| Defendants, | : | (Electronically Filed) |
| | : | |

## CERTIFICATE OF SERVICE

I, Amanda L. Smith, hereby certify that on this date I caused to be served a copy of the foregoing, Brief in Support of Commonwealth Defendants' Motion for Summary Judgment, by placing it in the United States Mail, postage prepaid, first class, in Harrisburg, PA, addressed to each of the following:

**Richard Wojtczak, AF-5977**
**SCI-Laurel Highlands**
**5706 Glades Pike**
**P.O. Box 631**
**Somerset PA 15501**

　　　　　　　　　　　　　　　　　　　　　　**s/ Amanda L. Smith**
　　　　　　　　　　　　　　　　　　　　　　**AMANDA L. SMITH**
　　　　　　　　　　　　　　　　　　　　　　**Deputy Attorney General**

**DATE: January 26, 2004**