IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WOJTCZAK,** | : | |
| Plaintiff, | : | No. 1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA, DEP'T** | : | (Magistrate Judge Mannion) |
| **OF CORRECTIONS, et al.** | : | |
| Defendants, | : | (Electronically Filed) |
| | : | |

**REPLY BRIEF IN SUPPORT OF THE COMMONWEALTH
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF THE CASE**

This is a civil action for damages and equitable relief, brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, Titles I & II the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1211-12117, 12131-12134, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).  *Pro se* plaintiff, Richard Wojtczak, is an inmate incarcerated at the State Correctional Institution at Laurel Highlands, Pennsylvania.  The Commonwealth defendants are several prison

officials at the State Correctional Institution at Huntingdon (SCI-Huntingdon). Dr. Roger Kimber is also a defendant, but is not an employee of Pennsylvania.

**A. Facts**

The facts and procedural history have been set forth fully in the Commonwealth defendants' initial brief in support of their motion for summary judgment and, in the interest of brevity, will not be repeated here. Wojtczak has filed a brief opposing the Commonwealth defendants' motion for summary judgment. This is the Commonwealth defendants' reply brief in support of their motion.

## QUESTION PRESENTED

**Whether judgment should be entered in favor of the Commonwealth defendants because Wojtczak does not dispute that he failed to exhaust the available administrative grievance process before filing suit?**

## ARGUMENT

Wojtczak does not dispute that he failed to exhaust the administrative grievance procedure available to him with respect to his claims before filing this lawsuit. Therefore, the Commonwealth defendants are entitled to judgment in their favor pursuant to the Prison Litigation Reform Act of 1996 (PLRA), Pub.L. No. 104-134, 110 Stat. 1321-71 (1996).

Wojtczak concedes that the PLRA mandates that he exhaust administrative remedies before filing his lawsuit. Wojtczak claims that he "verbally aggrieved all issues – claims to all defendants." (Pl.'s brief at p. 2.) Importantly, Wojtczak does not dispute that he failed to pursue the claims he raises in his amended complaint in the three-step grievance process available to him through the Pennsylvania Department of Corrections (DOC).[1]

Generally, courts have required strict compliance with grievance procedures available to inmates. See Booth v. Churner, 532 U.S 731, 741 (2001) (holding exhaustion of administrative grievance procedures required regardless of the relief available through such procedures); Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002) (holding inmate must exhaust grievance procedure described in Handbook despite the fact that the procedure had not been formally adopted by the Department of Corrections); Ahmed v. Sromovski, 103 F.Supp.2d 838, 845 (E.D.

---

[1] The DOC provides the following formal grievance system for an inmate to use to resolve a problem arising during the course of confinement: the inmate (1) files a written grievance for initial review; (2) files a written intermediate appeal to the facility manager from the initial review; and (3) files a written appeal to final review. (Commonwealth Defendants' Statement of Material Facts [hereafter S.M.F.] at ¶¶ 16-18, 22-24.) In addition, the DOC's policy regarding accommodation of inmate disabilities, specifically states that an inmate who has a disability that he or she believes is not being reasonably accommodated by the DOC should submit a grievance under DC-ADM 804, the Consolidated Inmate Grievance Review System. (S.M.F. at ¶ 14.)

Pa. 2000) (stating "[in general, courts have required strict compliance with formal grievance procedures.")  "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial."  Nysuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000); see also Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (concluding that inmate did not substantially comply with the grievance process when he filed a second-step appeal five months late); Thomas v. Zinkel, 155 F.Supp.2d 408, 413 (E.D. Pa. 2001) (holding inmate, who raised all claims in some form through the three-step grievance process, had substantially complied with the process available).

In Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit held that an inmate-plaintiff had substantially complied with the exhaustion requirement, despite the fact that the inmate (Camp) had not completed the three-step grievance process.  Camp had filed a lawsuit alleging that correctional officers assaulted him with a stun gun.  Camp asserted that he had attempted to file a grievance, which was not processed because he was on grievance restriction, and that officers told him that none of his grievances would get to the Grievance Coordinator because the grievances were about the officers' co-workers.  Id. at 280.  After Camp was transferred to another institution, he submitted a grievance to the Office of Professional Responsibility.  Id.  The

Department investigated Camp's allegations thoroughly and a determination was made that his allegations of excessive force lacked merit. Id. The corrections officers' moved to dismiss Camp's complaint because he had failed to comply with the three-step grievance procedure set forth in DC-ADM 804.[2] Id. The United States Court of Appeals for the Third Circuit determined that Camp had exhausted such remedies as had been "available" to him. Id. at 281. The Court noted that Camp had been in a "Catch-22 situation" while at his first institution and that Camp's allegations were fully examined on the merits and disposed of by the ultimate administrative authority. Consequently, the Court held that the plaintiff had complied with the PLRA's exhaustion requirement. Id.

    Unlike the facts in Camp, the evidence in this case demonstrates that Wojtczak failed to even substantially comply with the PLRA's exhaustion requirement. First, unlike Camp, Wojtczak does not offer any reason, such as grievance restriction or threats, as to why the three-step grievance procedure was unavailable to him. Second, Camp filed a written grievance, which was ultimately investigated and to which a decision was issued, although the grievance did not follow the typical course as outlined in DC-ADM 804. Wojtczak did not file any grievances with anyone with respect to his claims that he was denied meals and

---

[2] See footnote 1 supra.

showers. (S.M.F. at ¶ 27.) While Wojtczak refers to the eighty exhibits that he attached to his amended complaint as support for the proposition that he exhausted administrative remedies, not one of these exhibits supports this claim.[3] In addition, none of the authority to which Wojtczak refers substantiates his position that he was exempt from complying with the PLRA's mandate that he complete the three-step grievance procedure available to him. See Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003) (held district court prematurely dismissed suit without giving inmate an opportunity to demonstrate that administrative remedies had been unavailable to him); Wyatt v. Leonard, 193 F.3d 876 (6th Cir. 1999) (held inmate need only make a "good faith attempt" to reach prison officials because PLRA's exhaustion requirement was not law when inmate's claim accrued); Underwood v. Wilson,

---

[3] Only seven of the eighty exhibits relate to Wojtzcak's claims that he was denied meals and showers. (See Pl.'s Exs. 17-21, 23-24.) Only one of these seven exhibits demonstrates that Wojtczak discussed the issue of showers with an official at SCI-Huntingdon. (See Pl.'s Ex. 18, Wojtczak's Inmate Request to Unit Manager Scott Walters.) In this exhibit, Wojtczak does not claim that he has been denied showers, but requests permission to shower in the infirmary. Id.

It appears that an individual outside of SCI-Huntingdon wrote letters to the Superintendent of SCI-Huntingdon and the Secretary of the DOC requesting information regarding the alleged denial of food and showers to Wojtczak. (See Pl.'s Exs. 19-20.) These letters, written by an outside individual, cannot be construed as substantial compliance by Wojtczak with the PLRA's exhaustion requirement. These letters were not an attempt on the part of Wojtczak to address his concerns with the institution through an established administrative procedure. In addition, unlike in Camp, where an investigation and disposition of the grievance occurred, no administrative investigation and disposition occurred in this matter.

151 F.3d 292 (5th Cir. 1998), cert. denied, 526 U.S. 1133 (1999) (inmate participated in three-step grievance process and could file suit when time for prison's disposition of grievance appeal had expired); Wendell v. Asher, 162 F.3d 887 (5th Cir. 1998) (dismisses inmate's suit for failing to exhaust administrative remedies before filing suit); Miller v. Stanmore, 636 F.2d 986 (5th Cir. 1981) (held that Federal Tort Claims Act requires exhaustion of administrative remedies); Malone v. Godinez, 1997 WL 222945, slip. op. 96 C 2394 (N.D. Ill. April 30, 1997) (held inmate was not required to exhaust administrative remedies because the complaint was filed before the PLRA became effective).[4]

    The Commonwealth defendants have presented undisputed evidence that Wojtczak did not exhaust the available grievance procedure with regard to all the claims raised in his amended complaint.  Therefore, judgment should be entered in favor of the Commonwealth defendants.

---

[4] Commonwealth defendants were unable to locate one opinion to which Wojtczak cites, Ramirez v. Reno, No. 97-7314 (3d Cir. 1997).

## **CONCLUSION**

For the foregoing reasons, and those set forth in the Commonwealth defendants' original brief, the Court should enter judgment in favor of the Commonwealth defendants and dismiss the amended complaint with prejudice.

                          **Respectfully submitted,**

                          **GERALD J. PAPPERT**
                          **Attorney General**

           **By:**    **s/ Amanda L. Smith_____**
                          **AMANDA L. SMITH**
                          **Deputy Attorney General**
                          **Attorney I.D. 86316**

**Office of Attorney General**
**15th Fl., Strawberry Square**            **SUSAN J. FORNEY**
**Litigation Section**                         **Chief Deputy Attorney General**
**Harrisburg, PA  17120**              **Chief, Litigation Section**
**(717) 787-1194 (direct)**
**(717) 772-4526 (fax)**
**asmith@attorneygeneral.gov**

**Date:  February 17, 2004**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WOJTCZAK,** | : | |
| **Plaintiff,** | : | No. 1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA, DEP'T** | : | (Magistrate Judge Mannion) |
| **OF CORRECTIONS, et al.** | : | |
| **Defendants,** | : | (Electronically Filed) |
| | : | |

## CERTIFICATE OF SERVICE

I, Amanda L. Smith, hereby certify that on this date I caused to be served a copy of the foregoing, Reply Brief in Support of the Commonwealth Defendants' Motion for Summary Judgment, by placing it in the United States Mail, postage prepaid, first class, in Harrisburg, PA, addressed to each of the following:

**Richard Wojtczak, AF-5977**
**SCI-Laurel Highlands**
**5706 Glades Pike**
**P.O. Box 631**
**Somerset PA 15501**

                                                     **s/ Amanda L. Smith**
                                                     **AMANDA L. SMITH**
                                                     **Deputy Attorney General**

**DATE: February 17, 2004**