In the United States District Court

For the Middle District of Pennsylvania

| | |
|---|---|
| Richard Wojtczak,<br>Plaintiff<br><br>Vs.<br><br>Penna. Dept. of Corrections<br>and<br>Jeffery A. Beard, ph.D.,<br>Kenneth Kyler,<br>P. Yarger,<br>R. Kimber, M.D.,<br>P. Everhart,<br>S. Walters,<br>Et. Al<br>Defendants | Civil Action<br><br>No: 1:CV01-1163<br><br>ADA-RA<br><br>FILED<br>SCRANTON<br>FEB 13 2004<br>PER _____<br>DEPUTY CLERK |

## Plaintiff's Answer

to Defendants Summary Judgement - Motion

to Dismiss

Filed: 2-9-04

Respectfully

S/ Richard Wojtczak

RicHArd WoJTczAk AF597m

5706 Glades Pike P.O.Box 631

Somerset, Pa, 15501-0636

Your plaintiff, Richard Wojtczak, respectfully submits to This Honorable Court, this Answer, to Defendants' Motion For Summary Judgment - Motion to Dismiss in Civil Action 1:01-cv 1163.

Most Respectfully, your plaintiff 'HAS' EXHAUSTED ADMINISTRATIVe Remedies AS To All issues - claims Before this Court in this Action.

Please read plaintiff's 'Amended Civil Action Complaint' with citations of law, and 80 Exhibits attached, filed 1-17-04 with this Court,

A careful examination of the 80 Exhibits clearly show your plaintiff -- has NOTiFied All of the defendants by LeTTeR, ReQuesT SLip, NoTes, and VeRBALLy AGGRieved ALL issues-claims To ALL DeFeNDANTS, To THe HigheST Levels of The PeNNA, DepT. of CoRRecTions --- EveN NoTiFied BoTH GoveRNORs of PeNNA (see 80 Exhibits) --

Even people outside the 'prisons' - 'Pa. Dept. of Correction, inmates, Contacted,

all the defendants concerning the issues - claims contained in their Complaints —

ALL the defendants were MORE than informed - NOTIFIED, All received More than ADEQUATE NOTICE, ALL were aware of plaintiffs Complaints - issues - claims — Camp V. Brennan, 219 F 3d 279 (3d. 2000) at 281 [2], Wyatt V. Leonard, 193 F 3d 876 (6 Cir. 1999); Windell V. Cofer, 163 F 3d 887, 890 (5 Cir. 1998) Mitchell V. Horn, 1998 W.L. 695058 #2 (E.D. Pa. Apr. 29, 1982) Underwood V. Wilson, 151 F 3d 292, 296 (5th Cir. 1998).

The exhaustion requirement is NOT jurisdictional, therefore This Honorable Court does have the discretion to hear plaintiff's Complaints.

Plaintiff's 'efforts' in contacting ALL the defendants (and more) — see Exhibits 1 to 80 attached to Complaint with Court 1-17-04 — IS SUFFICIENT TO SATISFY ANY AND ALL EXHAUSTION REQUIREMENTS — see Wyatt V. Leonard, Supra. at 879 [3] —

Miller V. Stanmore, 636 F 2d 986, 991 m.8 (5 Cir. 1981) Ramirez V. Reno, No. 97-7314 (3 Cir. 1997) Malone V. Godinez, 1997 U.S. District Lexis 6201, 1997 w.l. 222,945 (N.D. Ill. 1997).

Plaintiff, continually and repeatedly IGNORED by ALL DEFENDANTS — plaintiff's 'medical needs-special needs' were NOT provided adequate medical care. All defendants have unconstitutionally failed to exercise professional judgement, defendants have clearly shown "deliberate indifference" to plaintiffs' medical needs-special needs, tantamount to and with intent to punish plaintiff --See-- Cameron V. Tomes, 783 F.Supp. 1511 (D.Mass. 1992)

These defendants are ALL LIABLE because they ALL KNEW, ALL were AWARE of facts from which can be drawn that substantial risk of serious harm exists to inmate, ALL DEFENDANTS KNEW complaints of plaintiff (see Exhibits 1 to 80 attached to complaint.) ALL DEFENDANTS IGNORED and disregarded plaintiff, ALL DEFENDANTS LIABLE — Schmidt V. ODell, 64 F.Supp.2d 1014 (D.Kan. 1999).

A Genuine issue of facts exists in this case (more than one) -- whether defendants failed to make reasonable accommodations for disabled plaintiff by failing to Transfer plaintiff to a facility which can provide for his Medical Needs + Special Needs - Custody status classification - See -- Wojteryuk V. Pa. Dept. of Corrections, C.A.# 01-CV-2096 (M.D.Penna.).

These genuine issues of fact are to be
determined by a jury - - - this precludes a
Summary Judgement Motion To Dismiss in favor of
these Defendants under the Americans with
Disability Act - Rehabilitation Act.

Your defendants Not only failed to
accommodate for plaintiff's disabilities - - - they
also Failed in providing for your plaintiff what
they were providing for other inmates (discrimination).
Obtaining a shower, obtain Meals,
To move about the institution - To obtain
suitable recreation and exercise - - - -
Are Basic Needs, Part of the Minimal
Civilized measure of life's Necessities
which the Defendants are OBLiGATED to
provide - - - Schmidt v. Odell, Supra.

The defendants' deliberate indifference to
plaintiff's Medical - Special Needs - Disabilities, denied
plaintiff the minimal civilized measure's of life's
necessities, ignored the concepts of dignity, civilized standards
of humanity & decency - - Hudson V. McMillian, 112 s ct 995
(1992)

Even with ALL the Notice to the defendants
- See Exhibits 1 to 80 in Complaint - - the defendants
FAiled to cure serious problems visited upon

your plaintiff by the defendants, this establishes the LIABILITY of ALL defendants. A History of abuse is established by the defendants, and subordinates behaviors, AND FAILURE to correct establishes LIABILITY — Greason V. Kemp, 891 F2d 829 (11 Cir. 1990) Fundiller V. City of Cooper City, 777 F2d 1436, 1443 (11 Cir. 1985). Defendants are LIABLE — Beckford V. Irwin, 49 F Supp 2d 170 (W.D.N.Y. 1999).

Defendants have No immunity under American With Disabilities Act — Blatchford V. Native Village of Noatak, 111 S ct 2578 (1991).

In this instant case, contested factual issues have been established which are to be decided by a Jury. Defendants Summary Judgement — Motion to Dismiss must therefore be DENIED.

Respectfully,

s/ Richard Wojtczak

Richard Wojtczak AF5977
5706 Glades Pike P.O.Box 631
Somerset, Pa. 15501 - 0636
c/c

FiLeD: 2-9-04

# Certificate of Service

I, Richard Wojtczak, hereby certify that I have mailed a true and correct copy of this 'Answer' To:

Clerk of Courts
U.S. District Court
Middle District of Penna.
235 N. Washington Ave.
P.O. Box 1148
Scranton, Pa. 18501
Original plus 2 copies

Ms. Amanda Smith, Esq.
Deputy Attorney General
of Pennsylvania
15th floor, Strawberry Square
Harrisburg, Pa. 17120
1 Copy

On this 9th day of Feb, 2004.

Respectfully,

s/ Richard Wojtczak

Richard Wojtczak AF5977
5706 Glades Pike P.O. Box 631
Somerset, Pa. 15501-0636
c/c

Clerk of Courts
U.S. District Court
Middle District of Penna.
235 N. Washington Ave,
P.O. Box 1148
Scranton, Pa. 18501