In The United States District

Court For The Middle District of Pennsylvania

Richard Wojtczak
            plaintiff

Vs.

Penna. Dept. of Corrections,
    et al
            Defendants

No: 1:01-CV-1163
       ADA-RA

FILED
SCRANTON

FEB 27 2004

PER _____
        DEPUTY CLERK

Plaintiff's Response

to Defendant's Brief In Support of a Motion
For Summary Judgement - Motion to
Dismiss (Part 2)

Filed: 2-24-04

Respectfully,

= /s/ Richard Wojtczak

Richard Wojtczak AF5977
5706 Glades Pike
P.O. Box 631
Somerset, Penna. 15501-0636
        c/c

(1)

Your plaintiff, Richard Kotyak, respectfully submits to This Honorable Court, his Response to Defendant's Brief In Support of a Motion for Summary Judgement - Motion to Dismiss in this Civil Action 1:01-CV-1163 (part 2).

The defendant's filed their FIRST Motion for Summary Judgement on Jan. 26, 2004 (that was part) — — — — your plaintiff filed an Answer to Defendant's Summary Judgement (part 1) on Feb. 8, 2004!

The defendant's have not raised anything new in their SECOND Motion for Summary Judgement!

Your plaintiff refers this Honorable Court to his Answer(1) that he filed with the Court on Feb. 9, 2004 — — so as not to waste the Court's valueable time in going over and over the same arguments.

For the benefit of Deputy attorney General Amanda J. Smith, Counsel for the defendants! — — — — your plaintiff, Richard Kotyak, DOES DISPUTE that he has not exhausted his administrative remedies — — See page 2 of plaintiff's Answer filed 2-9-04.

②

See also plaintiff's 80 exhibits attached to the Amended Complaint filed 1-17-04.

Plaintiff HAS EXHAUSTED HIS ADMINISTRATIVE remedies as to ALL ISSUES-CLAIMS before this Court in this Action.

Lastly,_ _ _ _ Ms. Smith (DAG) does place one "new" issue in her most recent Motion For Summary Judgement (part 2 - page 5) filed with this Court _ on 2-17-04.

Quote _ _ _ "Wofinyk does not offer any reason, such as grievance restriction or threats, as to why the three step grievance procedure was unavailable to him _ _ _" Unquote.

I, your plaintiff, will make my answer as CLEAR and, as BRIEF as possible _ _ _

_ _ ANSWER:

When your plaintiff filed this Civil Action _ _ on 6-11-2001 All that he was aware of, that different Sections of the American Disabilities Act _ _ i e _ _ section 35.170 _ _ _ that he DID NOT have to EXHAUST GRIEVANCES PROCEDURES of the PUBLIC ENTITY (the Pa. Doc is a public entity). That he could file his lawsuit directly in Federal Court _ _ which he did _ _ See _ _ _ Exhibits 1 to 5 attached.

③

Subsequently, your plaintiff found out about the _ _ _ Prison Litigation Reform Act of 1996 (PLRA), Pub. L. NO. 104-134, 110 Stat. 1321-71 (1996).

This Act requires NoW that plaintiff Exhaust Administrative Remedies PRIOR to filing a lawsuit in Federal Court (under the ADA-RA). However plaintiff discovered the Time for filing an "Inmate Grievance, 3-step Grievance Procedure" within the Pa. D.O.C. had expired -ran out - would be denied as untimely.

The Law states that the Exhibits 1 to 80 plaintiff filed with his Amended Complaint in this Court ON 1-17-04 _ _ _ SUFFICIENTLY EXHAUSTED ADMINISTRATIVE Remedies to satisfy the above PLRA _ _ See plaintiff's Answer to Defendants' Summary Judgement = Motion to Dismiss filed with this Court on 2-9-04.

To save the Court's time, plaintiff will not Re-WRITE those arguments and citations of Law.

Therefore, the defendants' Motion for

④

Summary Judgement Must be Denied.

Respectfully Submitted,

s/ _(signature)_

RICHARD WOJTCZAK  AF5977
5706 Glades Pike
P.O. Box 631
Somerset, Pa. 15501-0636
/c

⑤

## II-9.0000 INVESTIGATION OF COMPLAINTS AND ENFORCEMENT

*Regulatory references:* 28 CFR 35.170-35.190.

**II-9.1000 General.** Individuals wishing to file title II complaints may either file —

 1) An administrative complaint with an appropriate Federal agency, or

 2) A lawsuit in Federal district court.

If an individual files an administrative complaint, an appropriate Federal agency will investigate the allegations of discrimination. Should the agency conclude that the public entity violated title II, it will attempt to negotiate a settlement with the public entity to remedy the violations. If settlement efforts fail, the matter will be referred to the Department of Justice for a decision whether to institute litigation.

*How does title II relate to section 504?* Many public entities are subject to section 504 of the Rehabilitation Act as well as title II. Section 504 covers those public entities operating programs or activities that receive Federal financial assistance. Title II does not displace any existing section 504 jurisdiction.

The substantive standards adopted for title II are generally the same as those required under section 504 for federally assisted programs. In those situations where title II provides greater protection of the rights of individuals with disabilities, however, the funding agencies will also apply the substantive requirements established under title II in processing complaints covered by both title II and section 504.

Individuals may continue to file discrimination complaints against recipients of Federal financial assistance with the agencies that provide that assistance, and the funding agencies will continue to process those complaints under their existing procedures for enforcing section 504. The funding agencies will be enforcing *both* title II and section 504, however, for recipients that are also public entities.

**II-9.2000 Complaints.** A person or a specific class of individuals or their representative may file a complaint alleging discrimination on the basis of disability.

*What must be included in a complaint?* First, a complaint must be in writing. Second, it should contain the name and address of the individual or the representative filing the complaint. Third, the complaint should describe the public entity's alleged discriminatory action in sufficient detail to inform the Federal agency of the nature and date of the alleged violation. Fourth, the complaint must be signed by the complainant or by someone authorized to do so on his or her behalf. Finally, complaints filed on behalf of classes or third parties shall describe or identify (by name, if possible) the alleged victims of discrimination.

*Is there a time period in which a complaint must be filed?* Yes. A complaint must be filed within 180 days of the date of the alleged act(s) of discrimination, unless the time for filing is extended by

48



activities of public entities that are covered by the ADA.

Subpart G designates the Federal agencies responsible for enforcing the ADA with respect to specific components of State and local government. It does not, however, displace existing jurisdiction under section 504 of the various funding agencies. Individuals may still file discrimination complaints against recipients of Federal financial assistance with the agencies that provide that assistance, and the funding agencies will continue to process those complaints under their existing procedures for enforcing section 504. The substantive standards adopted in this part for title II of the ADA are generally the same as those required under section 504 for federally assisted programs, and public entities covered by the ADA are also covered by the requirements of section 504 to the extent that they receive Federal financial assistance. To the extent that title II provides greater protection to the rights of individuals with disabilities, however, the funding agencies will also apply the substantive requirements established under title II and this part in processing complaints covered by both this part and section 504, except that fund termination procedures may be used only for violations of section 504.

Subpart F establishes the procedures to be followed by the agencies designated in subpart G for processing complaints against State and local government entities when the designated agency does not have jurisdiction under section 504.

*Section 35.170   Complaints*

Section 35.170 provides that any individual who believes that he or she or a specific class of individuals has been subjected to discrimination on the basis of disability by a public entity may, by himself or herself or by an authorized representative, file a complaint under this part within 180 days of the date of the alleged discrimination, unless the time for filing is extended by the agency for good cause. Although § 35.107 requires public entities that employ 50 or more persons to establish grievance procedures for resolution of complaints, exhaustion of those procedures is not a prerequisite to filing a complaint under this section. If a complainant chooses to follow the public entity's grievance procedures, however, any resulting delay may be considered good cause for extending the time allowed for filing a complaint under this part.

Filing the complaint with any Federal agency will satisfy the requirement for timely filing. As explained below, a

complaint filed with an agency that has jurisdiction under section 504 will be processed under the agency's procedures for enforcing section 504.

Some commenters objected to the complexity of allowing complaints to be filed with different agencies. The multiplicity of enforcement jurisdiction is the result of following the statutorily mandated enforcement scheme. The Department has, however, attempted to simplify procedures for complainants by making the Federal agency that receives the complaint responsible for referring it to an appropriate agency.

The Department has also added a new paragraph (c) to this section providing that a complaint may be filed with any agency designated under subpart G of this part, or with any agency that provides funding to the public entity that is the subject of the complaint. Under § 35.171(a)(2), the Department of Justice will refer complaints for which it does not have jurisdiction under section 504 to an agency that does have jurisdiction under section 504, or to the agency designated under subpart G as responsible for complaints filed against the public entity that is the subject of the complaint or in the case of an employment complaint that is also subject to title I of the Act, to the Equal Employment Opportunity Commission. Complaints filed with the Department of Justice may be sent to the Coordination and Review Section, P.O. Box 66118, Civil Rights Division, U.S. Department of Justice, Washington, DC 20035–6118.

*Section 35.171   Acceptance of Complaints*

Section 35.171 establishes procedures for determining jurisdiction and responsibility for processing complaints against public entities. The final rule provides complainants an opportunity to file with the Federal funding agency of their choice. If that agency does not have jurisdiction under section 504, however, and is not the agency designated under subpart G as responsible for that public entity, the agency must refer the complaint to the Department of Justice, which will be responsible for referring it either to an agency that does have jurisdiction under section 504 or to the appropriate designated agency, or in the case of an employment complaint that is also subject to title I of the Act, to the Equal Employment Opportunity Commission.

Whenever an agency receives a complaint over which it has jurisdiction under section 504, it will process the complaint under its section 504 procedures. When the agency designated under subpart G receives a

complaint for which it does not have jurisdiction under section 504, it will treat the complaint as an ADA complaint under the procedures established in this subpart.

Section 35.171 also describes agency responsibilities for the processing of employment complaints. As described in connection with § 35.140, additional procedures regarding the coordination of employment complaints will be established in a coordination regulation issued by DOJ and EEOC. Agencies with jurisdiction under section 504 for complaints alleging employment discrimination also covered by title I will follow the procedures established by the coordination regulation for those complaints. Complaints covered by title I but not section 504 will be referred to the EEOC, and complaints covered by this part but not title I will be processed under the procedures in this part.

*Section 35.172   Resolution of Complaints*

Section 35.172 requires the designated agency to either resolve the complaint or issue to the complainant and the public entity a Letter of Findings containing findings of fact and conclusions of law and a description of a remedy for each violation found.

The Act requires the Department of Justice to establish administrative procedures for resolution of complaints, but does not require complainants to exhaust these administrative remedies. The Committee Reports make clear that Congress intended to provide a private right of action with the full panoply of remedies for individual victims of discrimination. Because the Act does not require exhaustion of administrative remedies, the complainant may elect to proceed with a private suit at any time.

*Section 35.173   Voluntary Compliance Agreements*

Section 35.173 requires the agency to attempt to resolve all complaints in which it finds noncompliance through voluntary compliance agreements enforceable by the Attorney General.

*Section 35.174   Referral*

Section 35.174 provides for referral of the matter to the Department of Justice if the agency is unable to obtain voluntary compliance.

*Section 35.175   Attorney's Fees*

Section 35.175 states that courts are authorized to award attorneys fees, including litigation expenses and costs, as provided in section 505 of the Act. Litigation expenses include items such as expert witness fees, travel expenses,



## II-9.0000 INVESTIGATION OF COMPLAINTS AND ENFORCEMENT

*Regulatory references:* 28 CFR 35.170-35.190.

**II-9.1000 General.** Individuals wishing to file title II complaints may either file —

1) An administrative complaint with an appropriate Federal agency, or

2) A lawsuit in Federal district court.

If an individual files an administrative complaint, an appropriate Federal agency will investigate the allegations of discrimination. Should the agency conclude that the public entity violated title II, it will attempt to negotiate a settlement with the public entity to remedy the violations. If settlement efforts fail, the matter will be referred to the Department of Justice for a decision whether to institute litigation.

*How does title II relate to section 504?* Many public entities are subject to section 504 of the Rehabilitation Act as well as title II. Section 504 covers those public entities operating programs or activities that receive Federal financial assistance. Title II does not displace any existing section 504 jurisdiction.

The substantive standards adopted for title II are generally the same as those required under section 504 for federally assisted programs. In those situations where title II provides greater protection of the rights of individuals with disabilities, however, the funding agencies will also apply the substantive requirements established under title II in processing complaints covered by both title II and section 504.

Individuals may continue to file discrimination complaints against recipients of Federal financial assistance with the agencies that provide that assistance, and the funding agencies will continue to process those complaints under their existing procedures for enforcing section 504. The funding agencies will be enforcing *both* title II and section 504, however, for recipients that are also public entities.

**II-9.2000 Complaints.** A person or a specific class of individuals or their representative may file a complaint alleging discrimination on the basis of disability.

*What must be included in a complaint?* First, a complaint must be in writing. Second, it should contain the name and address of the individual or the representative filing the complaint. Third, the complaint should describe the public entity's alleged discriminatory action in sufficient detail to inform the Federal agency of the nature and date of the alleged violation. Fourth, the complaint must be signed by the complainant or by someone authorized to do so on his or her behalf. Finally, complaints filed on behalf of classes or third parties shall describe or identify (by name, if possible) the alleged victims of discrimination.

*Is there a time period in which a complaint must be filed?* Yes. A complaint must be filed within 180 days of the date of the alleged act(s) of discrimination, unless the time for filing is extended by




Charges of employment discrimination on the basis of disability may be filed at any U.S. Equal Employment Opportunity Commission field office. Field offices are located in 50 cities throughout the U.S. and are listed in most telephone directories under "U.S. Government." For the appropriate EEOC field office in your geographic area, contact:

(800) 669-4000 (voice)
(800) 669-6820 (TTY)

www.eeoc.gov

Publication and information on EEOC-enforced laws may be obtained by calling:

(800) 669-3362 (voice)
(800) 800-3302 (TTY)

For information on how to accommodate a specific individual with a disability, contact the Job Accommodation Network at:

(800) 526-7234 (voice/TTY)

http://janweb.icdi.wvu.edu/english

## ADA Title II: State and Local Government Activities

Title II covers all activities of State and local governments regardless of the government entity's size or receipt of Federal funding. Title II requires that State and local governments give people with disabilities an equal opportunity to benefit from all of their programs, services, and activities (e.g. public education, employment, transportation, recreation, health care, social services, courts, voting, and town meetings).

2

State and local governments are required to follow specific architectural standards in the new construction and alteration of their buildings. They also must relocate programs or otherwise provide access in inaccessible older buildings, and communicate effectively with people who have hearing, vision, or speech disabilities. Public entities are not required to take actions that would result in undue financial and administrative burdens. They are required to make reasonable modifications to policies, practices, and procedures where necessary to avoid discrimination, unless they can demonstrate that doing so would fundamentally alter the nature of the service, program, or activity being provided.

Complaints of title II violations may be filed with the Department of Justice within 180 days of the date of discrimination. In certain situations, cases may be referred to a mediation program sponsored by the Department. The Department may bring a lawsuit where it has investigated a matter and has been unable to resolve violations. For more information, contact:

Disability Rights Section
Civil Rights Division
U.S. Department of Justice
P.O. Box 66738
Washington, D.C. 20035-6738

www.usdoj.gov/crt/ada/adahom1.htm

(800) 514-0301 (voice)
(800) 514-0383 (TTY)

Title II may also be enforced through private lawsuits in Federal court. It is not necessary to file a complaint with the Department of Justice (DOJ) or any other Federal agency, or to receive a "right-to-sue" letter, before going to court.

3

Ex 4

The *Crawford* decision concluded that disabled inmates have a right not to be treated worse than non-disabled inmates.

Judge Posner rejected the argument that, in passing the ADA and Rehab Act, Congress had exceeded its authority under the 14th amendment. First, he stated that the acts were designed to enforce the provisions of the equal protection clause to prevent discrimination by governmental agencies. Second, under *Seminole Tribe of Florida v. Florida*, the states are not insulated by the Eleventh Amendment from suits in federal courts to enforce federal statutes enacted under the Fourteenth Amendment.

## Ninth Circuit

*Armstrong v. Wilson*, 1997 U.S. App. LEXIS 22622 (9th Cir. Aug. 27, 1997)

**The state filed a cert petition on 10/17/97.** Prisoner-appellees' counsel is Don Specter, Prison Law Office; DOJ is an intervener on the immunity issue.

The Ninth Circuit affirmed the district court's application of the Rehab Act and the ADA to inmates and parolees in the state correctional system based on the plain meaning of the statutes.[7] The Court relied on its earlier decisions in *Bonner v. Lewis*, 857 F.2d 559 (9th Cir. 1988), and *Duffy v. Riveland*, 98 F.3d 447 (9th Cir. 1996), and found that "program or activity" as defined in the Rehab Act includes state prisons as part of "all of the operations of ... a department, agency ... or other instrumentality of a State or of a local government." (citing 29 USC Sec. 794(a)). Similarly, the Court found that state prisons are "public entities" as defined in the ADA to mean, "any State or local government [and] any department, agency, special purpose district."(citing 42 USC §12131(1)).

The *Armstrong* court further found that prison programs fall within the definition of "program or activity," and in light of the explicit statutory purpose to prevent the exclusion of disabled individuals from programs or services, the Ninth Circuit rejected the state's argument that prisoners do not "benefit" from prison programs or activities because they are compulsory.

The Ninth Circuit ruled that the legislative history of the statutes did not reflect congressional intent to exclude state prisoners, and that when it passed the ADA, congress was aware of case law (including *Bonner v. Lewis*) that applied the Rehab Act to state prisoners, but failed to exempt them.

The Court acknowledged "recognized federalism concerns," yet squarely rejected the Fourth Circuit's application of the "clear statement rule" in *Torcasio v. Murray*. In its analysis of *Torcasio*, the Ninth Circuit distinguished the ADA and Rehab Act from the Age Discrimination in Employment

---

[7]    Facts: The *Armstrong* parties had stipulated to a multitude of facts, including the lack of emergency evacuation plans for disabled inmates, limited vocational programs, and improper classification for work and educational purposes that denied disabled inmates sentence reduction credits. The lower court entered a remedial order requiring DOC to placed disabled plaintiffs in specially-designated facilities. The content of that order was not challenged by the State.

Certificate of Service

I, Richard Wojtczak, hereby certify that I have mailed a true and correct copy of this "Response" TO :

Clerk of Courts
U.S. District Court
Middle District of Penna.
235 N. Washington Ave.
P.O. Box 1148
Scranton, Pa. 18501
Original plus 2 copies

MS. Amanda Smith, esq.
Deputy Attorney General
of Pennsylvania
15th Floor Strawberry Square
Harrisburg, Pa. 17120
1 copy

On this 24th day of Feb 2004.

Respectfully,

s/ Richard Wojtczak

RICHARD WOJTCZAK AF5977
5706 Glades Pike
P.O. Box 631
Somerset, Pa. 15501 - 0636
c/c