IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK, | : | |
| Plaintiff, | : | No. 1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| PENNSYLVANIA, DEP'T | : | (Magistrate Judge Mannion) |
| OF CORRECTIONS, et al. | : | |
| Defendants, | : | (Electronically Filed) |
| | : | |

**COMMONWEALTH DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION TO STRIKE PLAINTIFF'S SURREPLY BRIEF, OR,
IN THE ALTERNATIVE, FOR LEAVE TO RESPOND TO THIS BRIEF**

**STATEMENT OF THE CASE**

This is a civil action for damages and equitable relief, brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, Titles I & II the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1211-12117, 12131-12134, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). *Pro se* plaintiff, Richard Wojtczak, is an inmate incarcerated at the State Correctional Institution at Laurel

Highlands, Pennsylvania. The Commonwealth defendants are several prison officials at the State Correctional Institution at Huntingdon. Dr. Roger Kimber is also a defendant, but is not an employee of Pennsylvania.

Wojtczak filed a complaint alleging that he qualified for special accommodations under the ADA and Rehabilitation Act; however, the Commonwealth defendants refused to accommodate his disabilities. On July 25, 2001, this Court dismissed Wojtczak's complaint sua sponte, in part because Wojtczak had alleged in his complaint that he had not exhausted the available grievance procedure. On appeal, the United States Court of Appeals for the Third Circuit vacated the District Court's July 25, 2001 order and remanded the matter for further proceedings.

On January 21, 2004, Wojtczak filed an amended complaint, to which he attached eighty exhibits. In the amended complaint, Wojtczak raises claims identical to those set forth in his original complaint; however, he now alleges that he has completed the grievance process with respect to his claims.

On January 26, 2004, the Commonwealth Defendants moved for summary judgment in their favor and filed a statement of material and undisputed facts, exhibits, and a brief in support of their motion. Wojtczak has filed a brief opposing Commonwealth defendants' motion for summary judgment on February

13, 2004. The Commonwealth defendants' filed a reply brief in support of their motion. On February 26, 2003, the Commonwealth defendants received a surreply brief from Wojtczak entitled "Plaintiff's Response to Defendant's Brief in Support of A Motion For Summary Judgement [sic] – Motion to Dismiss (Part 2)".

The Commonwealth defendants have moved to strike Wojtczak's surreply brief, or, in the alternative, for leave to file a response to the surreply brief. This is the Commonwealth defendants' brief in support of their motion.

## QUESTION PRESENTED

**Whether the Court should strike Wojtczak's surreply brief, or, in the alternative, grant Commonwealth defendants leave to respond to this brief?**

## ARGUMENT

Without obtaining leave of Court, Wojtczak filed an additional brief opposing the Commonwealth defendants' motion for summary judgment. Commonwealth defendants respectfully request that the Court strike Wojtczak's brief, or, in the alternative, permit Commonwealth defendants to file a brief responding to new matter raised in this additional brief.

Pursuant to Middle District Local Rules 7.5 through 7.7, a moving party must file a brief in support of its motion; a party opposing a motion must file a responsive brief; and the moving party may filed a reply brief to respond to matters

raised by the opposing party. "No further briefs may be filed without leave of court." L.R. 7.7.

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While motions to strike are generally viewed with disfavor, they can serve a useful purpose by saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case. United States v. Marisol, Inc., 725 F.Supp. 833, 836 (M.D. Pa. 1989).

In the present case, Commonwealth defendants' moved for summary judgment and filed a brief in support. Wojtczak filed a responsive brief in which he opposed Commonwealth defendants' motion. Commonwealth defendants filed a reply brief. Without leave of Court, Wojtczak filed a surreply brief opposing Commonwealth defendants' motion for summary judgment. Wojtczak's surreply brief raises a new argument not set forth in his earlier brief and includes five new exhibits. Wojtczak had ample opportunity to respond to Commonwealth defendants' motion for summary judgment when he filed his opposing brief on February 13, 2004. Because local rule prohibits additional briefing by Wojtczak

and he failed to seek permission to file an additional brief, the Court should strike his surreply brief.

Should the Court allow Wojtczak to file this additional brief, the Commonwealth defendants should be afforded a chance to respond and present its position with respect to the new matter presented therein and the new exhibits. Granting Commonwealth defendants' permission to file a further brief will not unduly delay disposition of this matter, as Commonwealth defendants will respond only to the new argument raised by Wojtczak and no additional briefing will be required of the parties. Therefore, if the Court does not strike Wojtczak's surreply brief, the Court should grant Commonwealth defendants leave to file a brief responding to the new matter raised in the surreply brief.

## **CONCLUSION**

For the foregoing reasons, the Court should strike "Plaintiff's Response to Defendant's Brief in Support of a Motion for Summary Judgement [sic]– Motion to Dismiss (Part 2)." In the alternative, Commonwealth defendants should be permitted to file a response to the new matter raised in this additional brief.

                    **Respectfully submitted,**

                    **GERALD J. PAPPERT**
                    **Attorney General**

**By:   s/ Amanda L. Smith**
        **AMANDA L. SMITH**
        **Deputy Attorney General**
        **Attorney I.D. 86316**

**Office of Attorney General**
**15th Fl., Strawberry Square**      **SUSAN J. FORNEY**
**Litigation Section**                **Chief Deputy Attorney General**
**Harrisburg, PA  17120**         **Chief, Litigation Section**
**(717) 787-1194 (direct)**
**(717) 772-4526 (fax)**
**asmith@attorneygeneral.gov**

**Date:  March 2, 2004**

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WOJTCZAK,** | : | |
| Plaintiff, | : | No. 1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA, DEP'T** | : | (Magistrate Judge Mannion) |
| **OF CORRECTIONS, et al.** | : | |
| Defendants, | : | (Electronically Filed) |
| | : | |

## CERTIFICATE OF SERVICE

I, Amanda L. Smith, hereby certify that on this date I caused to be served a copy of the foregoing, COMMONWEALTH DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S SURREPLY BRIEF, OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND TO THIS BRIEF, by placing it in the United States Mail, postage prepaid, first class, in Harrisburg, PA, addressed to each of the following:

**Richard Wojtczak, AF-5977**
**SCI-Laurel Highlands**
**5706 Glades Pike**
**P.O. Box 631**
**Somerset PA 15501**

                                           s/ Amanda L. Smith
                                           **AMANDA L. SMITH**
                                           **Deputy Attorney General**

**DATE: March 2, 2004**