IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WOJTCZAK, | : | |
| Plaintiff, | : | No.  1:01-CV-1163 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| PENNSYLVANIA, DEP'T | : | (Magistrate Judge Mannion) |
| OF CORRECTIONS, et al. | : | |
| Defendants, | : | (Electronically Filed) |
| | : | |

ADDITIONAL REPLY BRIEF IN SUPPORT OF COMMONWEALTH
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

STATEMENT OF THE CASE

This is a civil action for damages and equitable relief, brought pursuant to

the Civil Rights Act of 1871, 42 U.S.C. § 1983, Titles I & II the Americans with

Disabilities Act of 1990, 42 U.S.C. §§ 1211-12117, 12131-12134, and Section 504

of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).  *Pro se* plaintiff, Richard

Wojtczak, is an inmate incarcerated at the State Correctional Institution at Laurel

Highlands, Pennsylvania.  The Commonwealth defendants are several prison

officials at the State Correctional Institution at Huntingdon.  Dr. Roger Kimber is also a defendant, but is not an employee of Pennsylvania.

The facts have been set forth fully in Commonwealth defendants' initial brief in support of their motion for summary judgment and, in the interest of brevity, will not be repeated here.  After the Commonwealth defendants moved for summary judgment in their favor, Wojtczak filed a brief opposing the Commonwealth defendants' motion.  Then, Commonwealth defendants filed a reply brief in support of their motion.  Wojtczak filed a surreply brief entitled "Plaintiff's Response to Defendant's Brief in Support of A Motion For Summary Judgement [sic] – Motion to Dismiss (Part 2)".  By order dated March 2, 2004, the Court granted Commonwealth defendants leave to file an additional reply brief to respond to Wojtczak's surreply brief.  This is Commonwealth defendants' additional reply brief in support of their motion for summary judgment.

## ARGUMENT

Despite claims made in his surreply brief, it is undisputed that Wojtczak failed to exhaust the grievance procedure available to him prior to filing his complaint in this matter.  Consequently, the Prison Litigation Reform Act of 1996 (PLRA), Pub.L. No. 104-134, 110 Stat. 1321-71 (1996), which was in effect when Wojtczak filed his original complaint, mandates that this lawsuit be dismissed.

**I.    There is no dispute that Wojtczak failed to avail himself of the prison's grievance process with respect to the claims raised in the amended complaint.**

On page 3 of his surreply brief, Wojtczak claims that he "has exhausted his administrative remedies as to all issues-claims before this Court in this action." Contrary to this claim, Commonwealth defendants have presented evidence that a formal grievance procedure was available to Wojtczak through which he could raise his concerns regarding accommodations of his alleged disabilities (SMF[1] at ¶¶ 16-25); Wojtczak knew of this grievance procedure and had utilized it in the past (SMF at ¶ 26); and Wojtczak failed to use the grievance procedure to present his complaints raised in this lawsuit to prison officials.  (SMF at ¶ 27.)  Once Commonwealth defendants demonstrated that there is no genuine issue regarding the fact that Wojtczak failed to exhaust grievance procedures with regard to his claims, the burden shifted to Wojtczak to go beyond the allegations in his pleading, and "set forth specific facts showing that there is a genuine issue for trial."  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Smith v. CGU, 179 F.Supp.2d 425, 428 (M.D. Pa. 2001); Fed.R.Civ.P. 56(e).  Wojtczak has failed to present any evidence to dispute the fact that he failed to pursue the three-step grievance

---

[1] "SMF" refers to Commonwealth defendants' Statement of Material and Undisputed Facts, which they filed on January 26, 2004.

procedure.  Therefore, Commonwealth defendants are entitled to judgment in their

favor pursuant to the PLRA.

**II.     The PLRA's exhaustion requirement applied to Wojtczak's ADA and Rehabilitation Act claims at the time that he filed the original complaint.**

On pages three and four of his surreply brief, Wojtczak claims that he did

not know that he was obligated to exhaust the available three-step grievance

procedure until after he had filed his complaint and the time for filing a grievance

with prison officials had expired.  Wojtczak's lack of knowledge of the PLRA's

exhaustion requirement does not excuse his failure to comply with the law.

In 1996, Congress amended the PLRA to expand the exhaustion requirement

beyond section 1983 actions to include all federal law claims.  See Porter v.

Nussle, 534 U.S. 516, 524 (2002) (discussing the most recent version of the PLRA

and stating "unlike the previous provision, which encompassed only § 1983 suits,

exhaustion is now required for all 'action[s] . . . brought with respect to prison

conditions,' whether under § 1983 or 'any other Federal law.'"); 42 U.S.C. §

1997e(a).  As the amended statute indicates, the PLRA's exhaustion requirement

applies to suits brought by inmates pursuant to § 1983, the ADA, and the

Rehabilitation Act.  See Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) (upholding

dismissal of inmate's ADA lawsuit because the inmate failed to exhaust

administrative remedies); see e.g., Cassidy v. Indiana Department of Corrections, 199 F.3d 374 (7th Cir. 2000) (applying provision of PLRA barring claims for mental and emotional injuries without proof of physical injury to claims brought under the ADA and Rehabilitation Act).

The PLRA's mandate that Wojtczak exhaust the prison's grievance procedure before filing his ADA and Rehabilitation Act lawsuit existed for five years before Wojtczak filed his complaint.  Wojtczak's ignorance of the requirement does not excuse his noncompliance.  See Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003), cert. denied, ___ U.S. ___, 123 S.Ct. 2283 (2003) (holding "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law . . .."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (same); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), rehearing denied, 174 F.3d 710 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001) (same).  It is presumed that Wojtczak knew about the PLRA's exhaustion requirement.  His failure to comply with the law must result in judgment for the Commonwealth defendants and dismissal of the amended complaint.

## CONCLUSION

For the foregoing reasons, and those set forth in the Commonwealth

defendants' original and reply briefs, the Court should enter judgment in favor of

the Commonwealth defendants and dismiss the amended complaint with prejudice.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Acting Attorney General**


**By:    s/ Amanda L. Smith_____**
**AMANDA L. SMITH**
**Deputy Attorney General**
**Attorney I.D. 86316**


**Office of Attorney General**
**15th Fl., Strawberry Square**          **SUSAN J. FORNEY**
**Litigation Section**                 **Chief Deputy Attorney General**
**Harrisburg, PA  17120**             **Chief, Litigation Section**
**(717) 787-1194 (direct)**
**(717) 772-4526 (fax)**
**asmith@attorneygeneral.gov**


**Date:  March 9, 2004**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD WOJTCZAK,** | : | |
| **Plaintiff,** | : | **No.  1:01-CV-1163** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **PENNSYLVANIA, DEP'T** | : | **(Magistrate Judge Mannion)** |
| **OF CORRECTIONS, et al.** | : | |
| **Defendants,** | : | **(Electronically Filed)** |
| | : | |

## CERTIFICATE OF SERVICE

I, Amanda L. Smith, hereby certify that on this date I caused to

be served a copy of the foregoing, ADDITIONAL REPLY BRIEF IN

SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION FOR

SUMMARY JUDGMENT, by placing it in the United States Mail, postage

prepaid, first class, in Harrisburg, PA, addressed to each of the following:

**Richard Wojtczak, AF-5977
SCI-Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset PA 15501**

> **s/ Amanda L. Smith\_\_\_\_\_
> AMANDA L. SMITH
> Deputy Attorney General**

**DATE:  March 9, 2004**