**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHARD WOJTCZAK,** : | **CIVIL ACTION NO. 1:01-1163** |
| **Plaintiff** : | |
| | **(RAMBO, D.J.)** |
| v. : | **(MANNION, M.J.)** |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | |
| : | |
| **Defendants** | |
| : | |

# N O T I C E

**TO:**  Richard Wojtczak, Reg. No. AF5977
SCI-Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA   15501-0631

Amanda Smith, Deputy Attorney General
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA   17120

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the following:

**Report and Recommendation of Magistrate Judge Mannion dated 06/07/04.**

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule **72.3**, M.D.PA, which provides:

**72.3    R E V I E W   O F   R E P O R T S   A N D RECOMMENDATIONS   OF   MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local  Rule 72.2 shall apply.  A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              s/ Malachy E. Mannion
                                              MALACHY E. MANNION
                                              United States Magistrate Judge

Dated:   June 7, 2004

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD WOJTCZAK,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 1:01-1163** |
| v. : | **(RAMBO, D.J.)** |
| | **(MANNION, M.J.)** |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | |
| : | |
| **Defendants** | |
| : | |

**REPORT AND RECOMMENDATION**

Pending before the court is the Corrections Defendants' motion for summary judgment. (Doc. No. 31).

On June 26, 2001, the plaintiff, currently an inmate at the State Correctional Institution, Laurel Highlands, ("SCI-Laurel Highlands")[1], Pennsylvania, filed the instant action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 1211-12117, 12131-12134, and the Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). (Doc. No. 1).

By report dated July 9, 2001, the undersigned gave the plaintiff's complaint preliminary consideration and recommended that the action be

---

[1] At the time the plaintiff initiated the instant action, he was confined at SCI-Huntingdon, Pennsylvania.

1

dismissed for the plaintiff's failure to exhaust his administrative remedies. (Doc. No. 8).

By order dated July 25, 2001, the court adopted the report of the undersigned and, to the extent that the plaintiff's complaint was deemed to be filed pursuant to 42 U.S.C. § 1983, dismissed the plaintiff's complaint for failure to exhaust administrative remedies. Moreover, to the extent that the complaint was brought pursuant to Title I of the ADA, the court dismissed the complaint for failure to state a claim pursuant to Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001). (Doc. No. 11).

On appeal, the United States Court of Appeals for the Third Circuit vacated the court's July 26, 2001, order. In doing so, the Third Circuit referred to its decision in Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), issued after the court's order in the instant action, which held that "failure to exhaust is an affirmative defense to be pleaded by the defendant," and to Mitchell v. Horn, 2003 WL 187576, which found that failure to exhaust administrative remedies was not a permissible basis for sua sponte dismissal. In addition, while the Third Circuit agreed that Board of Trustees of the Univ. of Alabama v. Garrett, supra, would bar the plaintiff's claims pursuant to Title of the ADA, the court found that it would not do so with respect to monetary damages pursuant to Title II of the ADA. Furthermore, the court cited to its decision in Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2002), finding that claims under the ADA for prospective injunctive relief

2

against state officials are not barred by the doctrine of sovereign immunity. While the court did not imply that the type of injunctive relief sought by the plaintiff was either attainable or warranted, it concluded that the Court erred in dismissing the plaintiff's ADA claim. Finally, the Third Circuit noted that the Court had not considered the plaintiff's Rehabilitation Act claim. As a result, the court remanded that claim for consideration. (Doc. No. 23).

As a result of the Third Circuit's opinion, by order dated April 10, 2003, the action was remanded to the undersigned for further proceedings. (Doc. No. 22).

On November 13, 2003, the undersigned directed that process issue. (Doc. No. 25). Subsequently, the plaintiff filed a request to amend his complaint, (Doc. No. 26), which was granted by order dated January 9, 2004, (Doc. No. 29).

On January 21, 2004, the plaintiff filed his amended complaint. (Doc. No. 30).

On January 26, 2004, a motion for summary judgment was submitted on behalf of defendants Beard, Everhart, Kyler, Pennsylvania Department of Corrections, Walters and Yarger, ("Corrections Defendants"). (Doc. No. 31). In addition, the Corrections Defendants filed a statement of material facts, (Doc. No. 32), and a brief in support of their motion, (Doc. No. 33). On February 13, 2004, the plaintiff filed a brief in opposition to the Corrections Defendants' motion for summary judgment. (Doc. No. 35). A reply brief was

3

filed by the Corrections Defendants on February 17, 2004. (Doc. No. 34). Without first seeking permission from the court, on February 27, 2004, the plaintiff filed a sur-reply brief. (Doc. No. 36). Upon request, (Doc. Nos. 37 & 38), the court permitted the Corrections Defendants to file a response to the plaintiff's sur-reply, (Doc. Nos. 39 & 42).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Supreme Court has stated that:

> ". . . [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the

4

absence of a genuine issue of material fact. Id. The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Issues of fact are genuine "only if a reasonably jury, considering the evidence presented, could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988)(citations omitted). Material facts are those which will effect the outcome of the trial under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court may not weigh the evidence or make credibility determinations. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). In determining whether an issue of material fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. Id. at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. Id.

In sum, the plaintiff alleges in his amended complaint that on August 16, 1999, Policy Statement DC-ADM 006 was made effective, which establishes the policies and procedures to be used by prison officials in providing reasonable accommodations for disabled inmates who qualify under the Americans with Disabilities Act, ("ADA"). The plaintiff alleges that he qualifies for special accommodations under the ADA in that he suffers

5

from chronic degenerating bone disease, diabetes, a cyst condition and respiratory conditions, including shortness of breath and emphysema. The plaintiff alleges that, despite the provisions of DC-ADM 006, the named defendants failed to provide him with reasonable accommodations for eating and showering. As a result of the defendants' failure to provide him with reasonable accommodations, the plaintiff alleges that he did not receive any meals from October 5, 2000, through November 8, 2000, and was not able to shower from February 27, 2001, through April 4, 2001. The plaintiff is seeking compensatory and punitive damages. (Doc. No. 30).

In support of their motion for summary judgment, the Corrections Defendants have submitted a statement of material facts supported by exhibits, which establish that the Department of Corrections, ("DOC"), has a policy and procedures regarding reasonable accommodations for disabled inmates who qualify for accommodations under the ADA. (Doc. No. 32, Ex. I).

An inmate who has a disability that he believes is not being reasonably accommodated by the DOC must first submit a written request for accommodation, which must include the inmate's specific disability and the specific accommodation or service the inmate seeks, to the Facility ADA Coordinator or designee. (Id.). The Facility ADA Coordinator or designee will then evaluate the request, assess the claim for medical validity, evaluate the inmate's needs, if any, and recommend any accommodation which may

6

be necessary. (Id.). The Facility ADA Coordinator or designee will submit the recommendations to the Facility Manager and the Regional Deputy Secretary for final determination. (Id.). In all circumstances, the safety and security of the inmate and facility will be the overriding concern. (Id.). The Facility Manager will, in turn, notify the inmate in writing of the final determination within twenty working days of the inmate making the initial request. (Id.).

An inmate who has a disability that he believes is not being reasonably accommodated by the DOC may submit a grievance under Department Policy DC-ADM 804, "Consolidated Inmate Grievance Review System." (Id.). Any such grievance must state the inmate's specific disability or disabilities and the specific accommodation or service that the inmate seeks. (Id.).

During the time period relevant to the instant action, DC-ADM 804 provided that an inmate could file a written grievance for initial review, file an intermediate appeal to the Facility Manager from the initial grievance review, and file a final written appeal of the grievance to the Chief Hearing Examiner[2]. (Doc. No. 32, Exs. A & B). This policy provided that all grievances must be filed within fifteen days of the events upon which the claims were based.

---

[2]Subsequent to November 1, 2000, all final appeals of grievances are handled by the Secretary's Office of Inmate Grievances and Appeals rather than the Chief Hearing Examiner. (Doc. No. 32, Ex. A).

(Doc. No. 32, Ex. B).

On January 1, 2001, the DOC revised the DC-ADM 804 policy, but the general operation of the grievance system remained unchanged. (Doc. No. 32, Exs. A & C). Under the new policy, an inmate may file a written grievance for initial review, file a written intermediate appeal of the decision to the Facility Manager, and file a written final appeal with the Secretary's Office of Inmate Grievances and Appeals. (Id.). The new policy provides that an inmate must submit a grievance within fifteen working days of the events which give rise to the claims. (Doc. No. 32, Ex. C).

Documentation submitted by the Corrections Defendants establish that between 1996 and July 2003, the plaintiff exhausted five grievances to final review. (Doc. No. 32, Exs. A, D-H). The plaintiff did not, however, exhaust his administrative remedies with respect to the claims raised in the instant complaint, including the denial of meals from October 5, 2000, through November 8, 2000, and the denial of showers from February 27, 2001, through April 4, 2001. (Id.).

The Prison Litigation Reform Act of 1996, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321-71 (1996), requires that prisoners must exhaust available administrative remedies prior to bringing an action in federal court "under section 1983 of this title, or any other Federal law. . ."  42 U.S.C. §

8

1997(e)(a)(Emphasis added)[3].   An administrative remedy program is "available" if it is "capable of use; at hand." Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002).  Courts have recognized DC-ADM 804 as a formal grievance process available to Pennsylvania DOC inmates and have required strict compliance with its provisions.  See Booth v. Churner, 532 U.S. 731, 734-35 (2001)(holding exhaustion of administrative remedies required regardless of the relief available through such procedures); Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002)(holding inmate must exhaust administrative remedies provided in Inmate Handbook despite the fact that the procedure had not been formally adopted by the DOC);  Ahmed v. Sromovski, 103 F.Supp.2d 838, 845 (E.D.Pa. 2000)(stating that courts have generally required strict compliance with formal grievance procedures).

As discussed above, the Corrections Defendants' materials establish that the plaintiff exhausted his administrative remedies pursuant to DC-ADM 804 with respect to five grievances during the relevant period of time. This clearly establishes that the plaintiff was aware of and, in fact, utilized the formal grievance procedure.  The Corrections Defendants' materials further

---

[3]The PLRA's exhaustion requirement has been held applicable to ADA and Rehabilitation Act claims.  See Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(upholding dismissal of inmate's ADA claim for failure to exhaust administrative remedies); Cassidy v. Indiana Department of Corrections, 199 F.3d 374 (7th Cir. 2000)(applying PLRA exhaustion requirement to ADA and Rehabilitation Act claims).

establish, however, that the plaintiff did not exhaust his administrative remedies with respect to the claims raised in the instant action. In his original complaint, the plaintiff indicated that he did not file a grievance with respect to the claims raised in his complaint because he "did not have to exhaust administrative remedies for Americans with Disabilities Act-Rehabilitation Act." (Doc. No. 1). In his amended complaint, the plaintiff alleged that he did, in fact, exhaust his administrative remedies with respect to the claims which he now attempts to raise. (Doc. No. 30). In his brief in opposition to the Corrections Defendants' motion for summary judgment, the plaintiff argues that he ". . . verbally aggrieved all issues–claims to all defendants . . .," and that ". . . all [defendants] were aware of [his] complaints . . ." As such, the plaintiff argues that he did, in fact, exhaust his administrative remedies. (Doc. No. 35). In his sur-reply brief, the plaintiff again changes his position stating that he was unaware that he had to exhaust his administrative remedies pursuant to the PLRA prior to initiating the instant action[4]. (Doc. No. 36). Thus, it is apparent from the Corrections Defendants' materials, as well as the plaintiff's own statements, that he did not properly exhaust his

---

[4]The court notes that the PLRA was in effect some five years before the plaintiff initiated the instant action. Moreover, as set forth in the Corrections Defendants' materials, the plaintiff's claim that he was unaware of the exhaustion requirement does not excuse his noncompliance. See Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003)(holding "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law. . .").

10

administrative remedies pursuant to DC-ADM 804 with respect to the claims raised in the instant action.

Although there is a substantial compliance exception to the administrative exhaustion requirement, See Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2002), which the plaintiff argues applies to him, there is no indication from the materials before the court that the plaintiff has substantially complied with the formal procedures set forth in DC-ADM 804 with respect to the claims raised in his amended complaint. In fact, out of the eighty exhibits submitted by the plaintiff in an attempt to establish that he exhausted his administrative remedies, only one of those exhibits indicates that he raised an issue related to the instant complaint with an official at SCI-Huntingdon. (Doc. No. 30, Ex. 18). In this exhibit, the plaintiff did not argue, however, that he was denied showers, but simply requested to be able to shower in the prison's infirmary. As such, there is no indication that the plaintiff substantially complied with requirements of DC-ADM 804.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the Corrections Defendants' motion for summary judgment, (Doc. No. 31), be **GRANTED** and the plaintiff's amended complaint,

11

**(Doc. No. 30)**, be **DISMISSED** for the plaintiff's failure to exhaust administrative remedies.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:   June 7, 2004**

O:\shared\REPORTS\01-1163.wpd